# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## No: CV 07-04825 WHA

---

Betta Products, Inc. and Dana McCurnin, Trustee of the Betta Products Litigation Trust,

Plaintiffs-Appellees,

v.

Distribution Systems and Services, Inc.

Defendant-Appellant.

---

## APPELLANT'S BRIEF

---

Richard W. Abbey, Esq. SBN 53039
Mitchell B. Greenberg, Esq. SBN 114878
Rachel K. Nunes, Esq. SBN 172525
Abbey, Weitzenberg, Warren & Emery
100 Stony Point Road
Suite 200
Post Office Box 1566
Santa Rosa, CA 94502-1566
Telephone: (707) 542-5050

James Anton Beitz, MN ATTY. ID No. 6233
Hagerty Johnson & Beitz P.A.
701 Fourth Avenue, South, Suite 700
Minneapolis, Minnesota 55415
Telephone: (612) 349-9000
*Pro Hac Vice*

Attorneys for Defendant, Appellant

## CORPORATE DISCLOSURE STATEMENT

Distribution Systems and Services, Inc. is a privately held Minnesota corporation, whose present name is Distribution Alternatives, Inc. It does business as "DSS." It does not have any parent corporation which owns ten per cent or more of its stock.

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ………………………………….. i

TABLE OF AUTHORITIES ………………………………………………….. iii

JURISDICTIONAL STATEMENT ……………………………………………. 1

STATEMENT OF ISSUES ……………………………………………………. 1

STANDARD OF REVIEW ……………………………………………………. 1

STATEMENT OF THE CASE…………………………………………………. 2

STATEMENT OF FACTS ……………………………………………………. 3

SUMMARY OF THE ARGUMENT …………………………………………. 6

ARGUMENT ………………………………………………………………….. 6

CONCLUSION ...........................................................................................11

## TABLE OF AUTHORITIES

**Federal Statutes**

9 U.S.C. § 13 .................................................................................................................... 7

28 U.S.C. § 158(a) ........................................................................................................... 1

Fed. R. Civ. P. 21 ............................................................................. 1, 2, 4, 6, 7, 8, 9, 10, 11

Fed. R. Civ. P. 42(b) ........................................................................................................ 8

Fed. R. Civ. P. 54 ............................................................................................ 2, 5, 6, 7, 8, 9, 10

Fed. R. Civ. P. 54(b) ........................................................................................................ 5

Fed. R. Civ. P. 7054 ......................................................................................................... 5

Fed. R. Bankr. P. 7021 ................................................................................................... 4, 7

Fed. R. Bankr. P. 8031 ..................................................................................................... 1

**Federal Cases**

Acevedo-Garcia v. Monroig
    351 F.3d 547, 558-60 (1st Cir. 2003) ........................................................................ 8

Beaupied v. Chang
    163 F.3d 1138, 1140 (9th Cir. 1998) ........................................................................ 1

Chrysler Credit Corp. v. Country Chrysler, Inc.
928 F.2d 1509, 1518-20 (10th Cir. 1991) ...................................................................... 9

DirecTV, Inc. v. Leto
    467 F.3d 842, 845-46 (3d Cir. 2006) ...................................................................... 10

Disparte v. Corp. Exec. Bd.
    223 F.R.D. 7, 12 (D.D.C. 2004) ............................................................................. 9

E.S. v. Ind. School Dist., No. 196
    135 F.3d 566, 568 (8th Cir. 1998) ............................................................................ 9

Gaffney v. Riverboat Servs. Of Indiana
    451 F.3d 424, 440-44 (7th Cir. 2006) ...................................................................... 9

In Re Baldwin
    245 B.R. 131, 134 (Cal. 2000) ................................................................................. 1

In Re Bammer
    131 F.3d 788, 792 (9th Cir. 1997) ............................................................................ 1

In Re Paris Air Crash of March 3, 1974
    69 F.R.D. 310, 318 (C.D. Cal. 1974) ...................................................................... 9

In re Pickus
    26 B.R. 171, 173 (Dist. Ct. Conn. 1982) ................................................................. 1

In Re Willis
    243 B.R. 58, 62 (Cal. 1999) ..................................................................................... 1

Spencer, White & Prentis, Inc. v. Pfizer, Inc.
    498 F.2d 358, 361 (2d Cir. 1974) ............................................................................ 8

Sidag, Aktiengesellscfhaft v. Smoked Foods Prods. Co.
    813 F.2d 81, 84 (5th Cir. 1987) ............................................................................ 8, 9

U.S. v. Smithkline Beecham
    149 F.3d 227, 231 (3d Cir. 1998) ............................................................................ 8

**Other Authorities**

7 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane
Federal Practice And Procedure § 1689 (2001) ................................................................ 7, 8

4 Moore's Federal Practice
§ 21.06 (3d ed. 2007) ........................................................................................................ 7, 10

## JURISDICTIONAL STATEMENT

This Court has jurisdiction of this matter under 28 U.S.C. §158(a).

## STATEMENT OF ISSUES

1. Whether the bankruptcy court's order severing the arbitration case under Rule 21 created a discrete, separate case, which produced a separate, final judgment?

2. Whether the bankruptcy court erred, as a matter of law, in denying DSS' motion to dismiss solely on the court's conclusion that the judgment in the arbitration case was not final?

## STANDARD OF REVIEW

Reviewing courts review bankruptcy court findings of fact for "clear error," *see* FED. R. BANKR. P. 8013, and conclusions of law and mixed questions of law and fact *de novo,* See *In Re Bammer* 131 F.3d 788, 792 (9th Cir. 1997); *see also Beaupied v. Chang*, 163 F.3d 1138, 1140 (9th Cir. 1998) (reviewing the bankruptcy court's findings of fact for clear error and its conclusions of law and mixed questions of law and fact *de novo); In Re Baldwin, 245 B.R. 131, 134 (Cal. 2000)*(holding that appeal from bankruptcy court to BAP on issue of law regarding availability of collateral estoppel was reviewed de novo); *In Re Willis 243 B.R. 58, 62 (Cal. 1999)*(BAP review of motion for summary judgment granted by bankruptcy court was de novo); *In re Pickus*, 26 B.R. 171, 173 (Dist. Ct. Conn.

1

1982) (holding that district court must independently determine the accuracy of the ultimate legal conclusions adopted by the bankruptcy judge).

The bankruptcy court's critical decision here that its judgment in the earlier case was not final is a clear question of law; this court should review that decision *de novo*.

## STATEMENT OF THE CASE

In 2005, Betta Products, Inc. ("Betta") commenced an adversary proceeding in bankruptcy court against DSS for breach of the 1996 Warehousing Agreement between them. Its complaint alleged that DSS had failed to return inventory and had overcharged for its services. Betta and the Betta Products, Inc. Litigation Trustee ("Trustee") subsequently commenced an arbitration proceeding against DSS on those claims. The arbitration case is referred to herein as "Betta I."

In the middle of the Betta I arbitration, Betta and the Trustee moved the bankruptcy court to amend the complaint to add various tort claims and tried to stay or terminate the arbitration. The bankruptcy court granted the motion to amend, severed the two cases under Rule 21 so "the actions will proceed separately," and instructed the parties and the arbitrators that the Betta I arbitration should proceed as the arbitrators determined.

The arbitration ended with an award in favor of DSS. The bankruptcy court confirmed the award and entered judgment. Betta and the

2

Trustee appealed from that judgment. However, they also pursued their severed tort claims ("Betta II").

DSS moved to dismiss Betta II on several grounds, including issue preclusion. The bankruptcy court expressly found that the issues in Betta I and Betta II were identical, the claims in Betta I were actually decided and the parties in Betta I and Betta II were the same, and therefore, that issue preclusion would have barred the Betta II claims, but for the fact that the Betta I judgment was not a "final judgment." The Court further concluded that the only reason that the judgment was not final was because the Court had not issued a Rule 54 certification saying it was final. That conclusion was wrong as a matter of law. When it severed Betta I from this case, the court created two discrete, independent actions, which then proceeded as separate suits for purposes of finality and appealability. The judgment on the severed Betta I claims was final, and therefore issue preclusion was established to bar the Betta II tort claims; consequently, DSS' motion to dismiss should have been granted.

## STATEMENT OF FACTS

On April 14, 2005, Betta sued DSS for breach of the Warehouse Agreement between them. It alleged that DSS breached the Agreement by refusing to turn over inventory, by overcharging for certain services; and by failing to safeguard and account for the inventory. Appendix ("App.") Exh. H, p. 1. Under the

3

Warehouse Agreement, those claims, on demand of either party, had to be arbitrated. Id. at p. 2. DSS moved the Court to compel arbitration. The Court granted DSS' motion and ordered Betta to arbitrate the claims. Betta and the Trustee then commenced arbitration in Minnesota in accordance with the Warehouse Agreement. *Id.*

On October 13, 2006, Betta and the Trustee moved the Court to amend the Complaint to add certain tort claims. *Id.; see also* App. Exh. B. The Court granted their motion to amend the Complaint, but specifically stated that the two cases were to be "severed...pursuant to Fed. R. Civ. P. 21, as incorporated into bankruptcy cases by Fed. R. Bankr. P. 7021, and the actions will proceed separately." App. Exh. A, p. 2.

The arbitration was conducted as scheduled, the Panel received the evidence, and, based on that evidence, the Panel denied on the merits each of Betta's and the Trustee's claims that DSS had breached the Warehouse Agreement in any way. App. H, p. 2.

DSS moved to confirm, and Betta and the Trustee moved to vacate the award. App. Exh. C, p. 2. The bankruptcy court confirmed the award, App. Exh. E, p. 1-2, and entered judgment in Betta I on March 1, 2007, App. Exh. D, p. 1-2. Betta and the Trustee appealed that judgment, App. Exh. F. That appeal of Betta I is pending in this court, but has recently been stayed by the District Court. *See*

4

*Betta, et al v. Distribution Systems, et al*, Case No. CV 07-02661 VRW (N.D. Cal.).

DSS then moved to dismiss Betta II, on, among other grounds, its contention that Betta I resolved the same issues as those raised in Betta II and, therefore, the doctrine of issue preclusion barred the Betta II claims. App. Exh. G. The bankruptcy court denied DSS' motion on the sole ground that, although the issues in Betta I and Betta II were identical and, therefore, issue preclusion should bar the Betta II claims, the court had not made a Rule 54 certification that the Betta I judgment was a "final judgment." The court, after setting forth the elements necessary to establish issue preclusion, stated specifically

> In this case, all of the elements for issue preclusion are present except that the award of the arbitration panel was not final. While the court did enter a judgment on the award on March 1, 2007, it did not direct that it was a final judgment or make the express determinations necessary for it be final. Pursuant to FRCP 54(b), made applicable to this adversary proceeding by FRBP 7054, that judgment is not final. The motion to dismiss on grounds of issue preclusion therefore cannot be granted.

App. Exh. H, p. 3.

5

## SUMMARY OF THE ARGUMENT

When the bankruptcy court severed Betta I from Betta II, it created two discrete, independent actions. Those two actions proceeded as separate suits for purposes of finality and appealability. Entry of judgment on the severed Betta I claim was final. When the court found that "all of the elements for issue preclusion are present except that the award of the arbitration panel was not final" because the court did not make a Rule 54 certification, it made a fundamental error of law. Its severance of the two cases made a Rule 54 certification redundant and unnecessary. Satisfaction of all the elements of the doctrine of issue preclusion had been established to bar the Betta II claims; consequently, DSS' motion to dismiss should have been granted.

## ARGUMENT

The bankruptcy court's conclusion that the judgment it entered was not final relied exclusively on the failure of bankruptcy court's order for judgment to contain "an express determination that there is no just reason for delay and. . .an express direction for entry of judgment," and on its holding that FED. R. CIV. P. 54 requires such language to make the judgment final. As a matter of law, Rule 54 has no application to that judgment or to this case.

The bankruptcy court severed Betta I in October, 2006, in accordance with Rule 21 so that it could proceed separately from the Betta II. The October

6

severance order, reflected a complete understanding of the effect of such a severance:

> [t]he claims added in the Amended Complaint are severed from the contract claims pursuant to Fed. R. Civ. P. 21, as incorporated into bankruptcy cases by Fed. R. Bankr. R. 7021, and *the actions will proceed separately.* (emphasis added.)

App. Exh. A, p. 2.

That statement correctly reflects the legal effect of the severance—cases severed under Rule 21 proceed separately. See FED. R. CIV. P. 21 (stating that "[a]ny claim against a party may be severed and proceeded with separately.") Because once severed, the two cases proceeded separately, any judgment entered in Betta I became final. It did not require Rule 54 certification, as the bankruptcy court appeared to understand when, following its Rule 21 severance of the two cases, it ordered judgment to be entered and then entered judgment in Betta I in conformity with 9 U.S.C. §13. *See* order for judgment, App. Exh. E, p. 2, and judgment, App. Exh. D. p. 2; *see also, e.g.,* 7 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE §1689 (2001) (stating that once a case has been severed under Rule 21 "it proceeds as a discrete unit with its own final judgment. . . ") (citations omitted); *see also* 4 Moore's FEDERAL PRACTICE §21.06 (3d Ed. 2007). Moore explains why, under these

circumstances, Rule 54 certification was not necessary to make the judgment final:

> Severance under Rule 21 results in separate actions. A single claim that is severed from a multiclaim action 'may be. . .proceeded with separately. In other words, the severed claim proceeds as a discrete, independent suit. It and the original case result in their own separate final judgments. . . While judgment on a severed claim is final for purposes of appeal, judgment on a claim tried separately [under Rule 42(b)] is not an appealable final judgment, unless certified under Rule 54.

*Id.*

Moore and Wright both point out that this interpretation of Rule 21 is followed in the cases in virtually all the circuits and that there does not appear to be any opposition to it in any of the other circuits. *See id.*; *see also* 7 Wright at §1689.

The order for judgment in Betta I did not require a Rule 54 certification in order to make the judgment flowing from it final. *See Acevedo-Garcia v. Monroig*, 351 F.3d 547, 558-60 (1st Cir. 2003) (holding that statement that each judgment in four severed cases was to be final was severance under Rule 21); *Spencer, White, & Prentis, Inc. v. Pfizer, Inc.*, 498 F.2d 358, 361 (2d Cir. 1974) (holding that severance under Rule 21 creates separate case and judgment, from which appeal may be taken even while remaining claims are pending); *U.S. v. Smithkline Beecham*, 149 F.3d 227, 231 (3d Cir. 1998) (holding that claims severed under Rule 21 proceed as discrete suits and result in separate final judgments); *Sidag*

*Aktiengesellschaft v. Smoked Foods Prods. Co.*, 813 F.2d 81, 84 (5th Cir. 1987) (holding that severed claim under Rule 21 becomes an entirely separate suit, so that final adjudication of it is appealable, notwithstanding unresolved claims in original action from which the severance was granted and no Rule 54 certification was issued); *Gaffney v. Riverboat Servs. of Indiana*, 451 F.3d 424, 440-44 (7th Cir. 2006) (holding that judgments on claims severed under Rule 21 are final); *E.S. v. Ind. School Dist., No. 196*, 135 F.3d 566, 568 (8th Cir. 1998) (holding that severed claim proceeds as discrete separate action in which judgment is final regardless of pendency of remaining action); *In Re: Paris Air Crash of March 3, 1974*, 69 F.R.D. 310, 318 (C.D. Cal. 1974) (stating with approval that "the courts have said [Rule 21] produces an appealable final judgment); *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1518-20, (10th Cir. 1991) (stating that if district court had severed the two parts of the case under Rule 21 it would have resulted in two separate judgments); and *Disparte v. Corp. Exec. Bd.*, 223 F.R.D. 7, 12 (D.D.C. 2004) (concluding that once a claim is severed under Rule 21, it proceeds as a discrete unit with its own final judgment).

The bankruptcy court issued its Memorandum Decision in Betta II denying DSS' motion to dismiss, <u>after</u> it had severed the two cases pursuant to Rule 21, so they could proceed separately, <u>after</u> the court entered an order for judgment and a judgment in Betta I, <u>after</u> Betta and the Trustee perfected an appeal of that

9

judgment, and <u>after</u> both they and DSS completed briefing of that appeal. Regardless of what the lower court later stated in Betta II, once severed, the two cases proceeded separately and judgment in Betta I became final. It did not require Rule 54 certification as the court in Betta II erroneously concluded. This Court should not defer to it. *See e.g., DirecTV, Inc., v. Leto*, 467 F.3d 842, 845-46 (3d Cir. 2006). The Third Circuit in *DirecTV* faced almost identical circumstances as this Court faces here. The District Court had severed the cases and ordered them to proceed separately, but later interpreted its own order as one dropping and dismissing a claim instead of severing it. The Court of Appeals acknowledged that appellate courts normally give deference to lower courts' interpretations of their own orders, but where the plain language of the order said the present case "shall proceed as a separate action," the order was a severance and not a drop and dismissal. The instant case is even more compelling for such treatment. Here the bankruptcy court not only ordered the cases to proceed separately but it specifically invoked Rule 21 in severing the cases so they could proceed separately. The judgment in Betta I was final, *see, e.g.,* FED. R. CIV. P. 21; 4 Moore's FEDERAL PRACTICE §21.06; 7 Wright, FEDERAL PRACTICE AND PROCEDURE §1689, and, therefore, judgment should be entered in Betta II dismissing the claims against DSS in the grounds that the issues raised by those claims are barred by the judgment in Betta I.

CONCLUSION

The March 1, 2007 judgment was undeniably entered in a case severed under Rule 21. That judgment was final. Since the finality of that judgment was the only impediment to granting DSS' motion to dismiss on grounds of issue preclusion, the bankruptcy court's order should be reversed and the Betta II claims dismissed.

Dated: October 29, 2007.                Respectfully submitted,


                                        /s/ Mitchell B. Greenberg
                                        HAGERTY JOHNSON & BEITZ P.A.
                                        James Anton Beitz, Minn. Atty. Id. No. 6233
                                        701 Fourth Avenue, South, Suite 700
                                        Minneapolis, Minnesota 55415
                                        Telephone: (612) 349-9000
                                        *(Appearing Pro Hac Vice)*

                                        ABBEY, WEITZENBERG, WARREN & EMERY
                                        Richard W. Abbey, Esq., State Bar 53039
                                        Mitchell B. Greenberg, Esq., State Bar 114878
                                        Rachel Nunes, Esq., State Bar 172525
                                        100 Stony Point Road, Suite 200
                                        Santa Rosa, CA 95402-1566
                                        Telephone: 707-542-5050
                                        Facsimile: 707-542-2589
                                        Attorneys for Defendant—Appellant

# PROOF OF SERVICE
## [Code Civ. Proc. § 1013(a)]

   I am employed in the County of Sonoma, California. I am over the age of eighteen (18) years and not a party to the within cause; my business address is 100 Stony Point Road, Suite 200, Santa Rosa, California 95401. On the date set out below, I served the attached:

## APPELLANT'S BRIEF

on the interested parties in said cause, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Daren R. Brinkman. Esq.<br>Laura J. Portillo, Esq.<br>Brinkman Portillo, PC<br>4333 Park Terrace Drive, Suite 205<br>Westlake Village, CA 91361<br>Telephone: (818) 597-2992<br>Facsimile: (818) 597-2998<br>daren@brinkmanlaw.com | Counsel for Plaintiff<br>Betta Products, Inc. |

 XX  (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Santa Rosa, California, following ordinary business practices. I am readily familiar with the practice of Abbey, Weitzenberg, Warren & Emery for the processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited with the United States Postal Service the same day as it is placed for processing.

 \_\_\_\_  (BY OVERNIGHT MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for overnight mail, for collection and mailing at Santa Rosa, California, following ordinary business practices. I am readily familiar with the practice of Abbey, Weitzenberg, Warren & Emery for the processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited with the overnight mail provider the same day as it is placed for processing.

 \_\_\_\_  (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the addressee(s) noted above.

 \_\_\_\_  (BY FACSIMILE) I caused said document to be transmitted by facsimile machine to the number indicated after the address(es) noted above.

 \_\_\_\_  (BY ELECTRONIC TRANSMISSION) I caused said document to be transmitted electronically to the email addresses indicated after the address(es) noted above.

     I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on October 29, 2007, in Santa Rosa, California.

                                                  */s/ Barbara S. Himbert*
                                                  Barbara S. Himbert