1   RICHARD W. ABBEY, Esq., State Bar 53039
    MITCHELL B. GREENBERG, Esq., State Bar 114878
2   RACHEL NUNES, Esq., State Bar 172525
    ABBEY, WEITZENBERG, WARREN & EMERY
3   100 Stony Point Road, Suite 200
    Post Office Box 1566
4   Santa Rosa, CA  95402-1566
    Telephone:  707-542-5050
5   Facsimile:  707-542-2589

6   JAMES ANTON BEITZ, MN ATTY. ID No. 6233
    HAGERTY, JOHNSON, ALBRIGHTSON & BEITZ, P.A.
7   701 Fourth Avenue, South, Suite 901
    Minneapolis, Minnesota  55415
8   Telephone:  (612) 349-9000
    *(Appearing Pro Hac Vice)*

9

10  Attorneys for Defendant/Appellant
    DISTRIBUTION ALTERNATIVES, INC. dba DSS

11

12              IN THE UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14

15

16  BETTA PRODUCTS, INC.,                Case No.:  C 07-04825 WHA

17                      Plaintiff,       **JOINT BRIEFING SCHEDULE
                                         POSITIONS**
18  v.

19  DISTRIBUTIONS SYSTEMS AND
    SERVICES,
20
                        Defendant.
21

22

23          In accordance with this Court's November 16, 2007 Order Re Briefing Schedule,

24  Plaintiffs/Appellees Betta Products, Inc. ("Betta") and Dana McCurnin, Trustee for the Betta

25  Products Litigation Trust ("Trust") (collectively "Betta Parties"), and Defendant/Appellant

26  Distribution Systems and Services ("DSS"), hereby present the Court with their respective

    positions concerning the briefing schedule for the appeal and cross-appeal in the above-captioned

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

1  action.  This joint statement is provided to the Court following the parties' meet and confer on the

2  briefing schedule issues as required by the Court's November 16, 2007 Order.

3  A.    DEFENDANT/APPELLANT DISTRIBUTION SYSTEMS AND SERVICES'
       POSITION

4

5     1. Briefing Schedule

6

7     This Court may recall that it entered an order on October 15, 2007 granting Defendant

   DSS' motion for leave to appeal and setting briefing schedule.  That order required Defendant's

8  opening brief to be filed October 29, 2007, Plaintiff Betta's opposition brief to be filed November

9  19, 2007, and Defendant DSS' reply brief to be filed November 29, 2007.  That schedule did not

10  take into account any cross-appeal filed by Plaintiff Betta.

11     Plaintiffs, the Betta Parties, had filed their cross-appeal in this matter in the Bankruptcy

12  Court on September 24, 2007, without filing a motion for leave to file its cross-appeal, despite the

13  fact that its cross-appeal was from an interlocutory order (Order denying DSS' Motion to

14  Dismiss).  The District Court then issued a Notice of Briefing on November 7, 2007 with a whole

15  different briefing schedule, requiring Appellant's brief to be filed on December 7, 2007,

16  Appellees' brief to be filed twenty (20) days thereafter, Appellants' reply brief to be filed ten (10)

17  days thereafter, and Appellees' reply brief in response to Appellants' opposition brief related to

18  the issues in any cross-appeal to be filed ten (10) days thereafter.  Thus, there are currently two

19  briefing schedules in effect at this time.  They address both the appeal and the cross-appeal,

20  which both challenge the same order, that is, the Bankruptcy Court's Order Denying DSS'

21  Motion to Dismiss.

22     Defendant/Appellant DSS filed its opening brief in accordance with this Court's October

23  15, 2007 Order on October 29, 2007.  In an effort to take into account this October 29, 2007

24  filing, and the Court's subsequent November 7, 2007 brief scheduling, and in an effort to

25  complete briefing as far in advance of the trial date set in the Bankruptcy Court for January 29,

26  2008, Defendant/Appellant DSS proposes the following briefing schedule:

   Defendant/Appellant DSS' opening brief – October 29, 2007 (already filed);

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

1    Plaintiffs/Appellees the Betta Parties' opposition brief and opening brief on Cross-Appeal

2    – November 27, 2007 (consistent with Bankruptcy Procedure Rule 8009(a)(2));

3    Defendant/Appellant DSS' brief in reply to opposition and in opposition to Cross-Appeal

4    – December 7, 2007 (consistent with Bankruptcy Procedure Rule 8009(a)(3);

5    Plaintiffs/Appellees the Betta Parties' reply to opposition to Cross-Appeal brief –

6    December 17, 2007 (consistent with Bankruptcy Procedure Rule 8009(a)(3).

7    2.  Betta Parties' Mootness Issue

8    As set forth below, Betta Parties refer this Court to an Order entered by the Bankruptcy

9    Court on November 5, 2007 which purports to amend its October 20, 2006 Order severing the

10    Betta Parties' arbitration claims from their remaining claims under FRCP 21.  The Betta Parties

11    indicate that they intend to file a motion for relief from this Court's Order Granting Defendant's

12    Motion for Leave to Appeal, under FRCP 60, and contend that any further briefing on the appeal

13    issues would constitute a waste of the Court's and parties' time and resources.  Said motion, even

14    if it is filed, should not impact the briefing schedule for this interlocutory appeal.  Trial is set for

15    January 29, and the parties will be spending time and money preparing for trial.  DSS respectfully

16    requests as early a determination as possible of the issues raised by the parties' interlocutory

17    appeals to avoid unnecessary time and expense in trial preparation.

18    Moreover, DSS will establish, if this issue is raised by the Betta Parties in the referenced

19    motion for relief and/or in the appeal briefs, that the Bankruptcy Court's November 5 Order was

20    wholly in excess of its jurisdiction because it lost jurisdiction of these issues following the Betta

21    Parties' own appeal of the judgment entered by the Bankruptcy Court on the claims severed by

22    that same Court under FRCP 21 (See *Betta Prod., Inc. v. Distrib. Sys. And Serv., Inc.* No. 07-

23    02661 VRW (N.D. Cal.) [Order staying, but not dismissing, the Betta Parties' appeal of the FRCP

24    21 severed Bankruptcy Court judgment]; See also *Davis v. United States* 667 F.2d 822, 824 (9th

25    Cir. 1982) and *G & M, Inc. v. Newbern* 488 F.2d 742, 746 (9th Cir. 1973)[filing notice of appeal

26    deprives trial court of jurisdiction].  There are multiple other reasons why the Bankruptcy Court's

November 5 Order will not affect this appeal, which issues will be fully briefed in the appeal

1   briefs to be filed by the parties.  The Betta Parties' issue of mootness should be briefed and

2   addressed in the context of the appeal briefs, not as a side issue before the briefing.

3   B.      PLAINTIFF/APPELLLEE BETTA PRODUCTS, INC.'S POSITION

4           1. Briefing Schedule

5           The Betta Parties were not required to file a separate motion for leave to appeal because

6   Betta's cross-appeal was an appeal of Bankruptcy Court's findings regarding the elements of

7   issue preclusion from the same Order Denying DSS' Motion to Dismiss as is the subject of DSS's

8   appeal.  The schedule set forth in the Court's November 7, 2007 Notice of Briefing, which

9   contemplates both DSS's appeal and Betta's cross-appeal is reasonable and the Betta Parties'

10  counsel has already prepared its work/vacation schedule around it.  The briefing schedule set

11  forth therein is as follows:

- Defendant/Appellant DSS' opening brief and any supplements thereto – December 7, 2007;

- Plaintiffs/Appellees the Betta Parties' opposition brief and opening brief on Cross-Appeal – December 27, 2007;

- Defendant/Appellant DSS' brief in reply to opposition and in opposition to Cross-Appeal – January 6, 2007;

- Plaintiffs/Appellees the Betta Parties' reply to opposition to Cross-Appeal brief – January 16, 2007.

        2. This Appeal is Now Moot and Should be Disposed of in the Interests of Judicial Economy

        On November 5, 2007 the Bankruptcy Court amended its order dated October 20, 2006 ("2006 Order") to reflect the Bankruptcy Court's intention to sever the claims in the amended complaint from the arbitrable claims pursuant to Fed.R.Civ.P. 42 and to create separate trials for the claims and a non-final judgment on the arbitrable claims.  A requisite element of the doctrine of issue preclusion is that the prior judgment must be a final judgment.  DSS's argument on appeal is a procedural argument based solely on the reference in the 2006 Order to Fed.R.Civ.P.

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

21.  In light of the fact that on November 5, 2007, the Bankruptcy Court entered an order which replaces the reference in the 2006 Order from a severance under Fed.R.Civ.P. 21 to Fed.R.Civ.P. 42, the judgment from which DSS argues of issue preclusion is not a final judgment and can no longer support this appeal.  The Betta Parties dispute DSS's contention that the Bankruptcy Court has lost jurisdiction to amend the 2006 Order and, in any event, point out that pursuant to the Amended Order "… to the extent the court no longer has jurisdiction to correct its mistake due to the pending interlocutory appeal, this order shall be deemed an indication that it would amend its order if the matter is remanded See *Crateo, Inc. v. Intermark, Inc.*, 561 F.2d 862, 869 (9th Cir. 1976)."  Therefore, DSS's appeal is moot and a waste of the Court's and the parties' time and resources.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

1    The Betta Parties filed an opposition to DSS's motion for leave to appeal with the

2   Bankruptcy Court on September 24, 2007 in which the Betta Parties argued that an appeal was

3   improper because the Bankruptcy Court did not intend a severance under Federal Rule of Civil

4   Procedure ("Fed.R.Civ.P.") 21, but intended separate trials under Fed.R.Civ.P. 42.  However, for

5   some reason, the Opposition was not transmitted to the District Court promptly and the Court did

6   not have the benefit of the Betta Parties' arguments when deciding DSS' motion for leave to

7   appeal.  To the extent that the District Court's Order Granting Defendant's Motion for Leave to

8   Appeal is based on the reference to Fed.R.Civ.P. 21, there is no longer substantial grounds for a

9   difference of opinion regarding the Bankruptcy Court's ruling.  As a result, Betta intends to file a

10  motion for relief ("Motion for Relief") from the District Court's Order Granting Defendant's

11  Motion for Leave to Appeal pursuant to Rule 60(b) and/or any other applicable rule. The Betta

12  Parties intend to file their motion no later than Wednesday November 28, 2007.

13

14  Dated:  November 20, 2007.          ABBEY, WEITZENBERG, WARREN & EMERY

15                                      By:    /s/ *Mitchell B. Greenberg*

16                                             Mitchell B. Greenberg,
                                               Attorneys for Defendant/Appellant
17                                             Distribution Systems and Services, DSS

18  Dated:  November 20, 2007.          BRINKMAN PORTILLO, PC

19
20                                      By:    /s/ *Laura J. Portillo*
                                               Laura J. Portillo,
21                                             Attorneys for Plaintiff/Appellee
                                               Betta Products, Inc.

22

23

24

25

26

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589