Daren R. Brinkman (CA Bar No. 158698)
(email daren@brinkmanlaw.com)
Laura J. Portillo (CA Bar No. 186813)
(email laura@brinkmanlaw.com)
BRINKMAN PORTILLO, PC
4333 Park Terrace Drive, Suite 205
Westlake Village, CA 91361
Telephone: (818) 597-2992
Facsimile: (818) 597-2998

Special Counsel to Betta Products, Inc.
And Special Counsel to Dana McCurnin,
the Trustee of the Betta Products
Litigation Trust

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTA PRODUCTS, INC., and DANA MCCURNIN, trustee of the Betta Products Litigation Trust, <br><br> Plaintiffs, Appellees and Cross-Appellants, <br><br> v. <br><br> DISTRIBUTION SYSTEMS AND SERVICES, INC., aka DSS, <br><br> Defendant, Appellant and Cross-Appellee. | Appellate Case No. CV 07- 04825 WHA <br><br> Bankrtupcy Case No.: 03-10925 <br> Adversary Case No.:  05-1046 <br><br> **MOTION FOR: 1) RELIEF FROM ORDER GRANTING LEAVE TO APPEAL; AND 2) DISMISSING THE APPEAL AND CROSS-APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |

**TO THE HONORABLE WILLIAM ALSUP, UNITED STATES DISTRICT COURT JUDGE, AND TO DEFENDANT DSS AND ITS COUNSEL OF RECORD:**

Appellees and cross-appellants Betta Products, Inc. ("Betta") and Dana McCurnin, trustee of the Betta Products Litigation Trust ("Trust") (collectively the "Betta Parties"), by and through the undersigned counsel, hereby file this motion for: 1) relief from Order Granting Leave to Appeal; and 2) dismissal of the appeal and cross-appeal ("Motion ).

Through this Motion, the Betta Parties respectfully request that the Court enter an order 1) granting the Betta Parties relief from the Court's Order Granting Defendant's Motion for Leave to Appeal and Setting date October 15, 2007 and; 2) dismissing the appeal of Distribution Systems and Services, Inc. ("DSS"). In addition, if the Court dismisses DSS's appeal, the Betta Parties request that Court also dismiss the Betta Parties' cross-appeal. The grounds for the requested relief are as follows:

1. The Bankruptcy Court's 2007 Order clearly indicates that the reference in the 2006 Order to Fed.R.Civ.P. 21 was the result of an error.

2. But for the error, DSS could not establish the elements required for an appeal of an interlocutory order.

3. DSS's appeal is moot since the Bankruptcy Court has corrected the mistake in the 2006 Order.

4. The Bankruptcy Court had jurisdiction to correct the 2006 Order on November 5, 2007 before the appeal was docketed in this Court on November 7, 2007.

This Motion is made pursuant to Federal Rule of Civil Procedure 60(b) and Federal Rule of Bankruptcy Procedure 8011 and is based on this Motion, the Memorandum of Points and Authorities attached hereto, the Declaration of Kevin Ronk in support of this Motion and the exhibits attached thereto, the papers and pleadings on file on appeal and in the underlying adversary proceeding and any oral testimony the court may allow.

DATED: November 28, 2007                    BRINKMAN PORTILLO, PC


                                            By: _____/s/ *Laura J. Portillo*_____
                                                Laura J. Portillo
                                                Special counsel for Betta Products Inc. and Dana
                                                McCurnin, Trustee of Betta Products Litigation Trust

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

On November 5, 2007, the Bankruptcy Court amended its order dated October 20, 2006 ("2006 Order"). The amended order (the "2007 Order") clearly and unequivocally states that the 2006 Order contained an error in that the reference to Fed.R.Civ.P. 21 should have been to Fed.R.Civ.P. 42. Accordingly, the 2007 Order amends the 2006 Order to change the reference to Fed.R.Civ.P. 42. Because the Appellant's Motion for Leave to Appeal and its entire case on appeal is based solely on the reference to Fed.R.Civ.P. 21, the Betta Parties respectfully request an order relieving them from the Order Granting DSS' Motion for Leave to Appeal ("Order Granting Leave to Appeal") pursuant to Fed.R.Civ.P. 60(b) and dismissing DSS's appeal. If, and only if, the Court finds it appropriate to dismiss DSS's appeal, then the Betta Parties also request that the Court dismiss the Betta Parties' cross-appeal. This Motion for Relief is based on the following grounds:

1. The 2007 Order clearly indicates that the reference in the 2006 Order to Fed.R.Civ.P. 21 was the result of an error.

2. But for the error, DSS could not establish the elements required for an appeal of an interlocutory order.

3. DSS's appeal is moot since the Bankruptcy Court has corrected the mistake in the 2006 Order.

4. The Bankruptcy Court had jurisdiction to correct the 2006 Order on November 5, 2007 before the appeal was docketed in this Court on November 7, 2007

## II. RELEVENT FACTS

On our about October 9, 2006, the Betta Parties filed a motion to amend their complaint ("Motion to Amend") to assert tort and breach of bailment claims against DSS. At the hearing on the Motion to Amend, the Bankruptcy Court granted the Betta Parties requested relief. Declaration

of Kevin Ronk ("Ronk Decl."), Exhibit A at p.18, ln.17-22. At no time during the hearing did the Bankruptcy Court indicate that it was severing the claims pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P." or "Rule") 21. Ronk Decl., Exhibit "A". The Bankruptcy Court requested that counsel for Betta prepare the appropriate from of order. Ronk Decl., Exhibit "A", p.19, ln.6-8. The Betta Parties' counsel had no previous experience with a severance and had no idea there were two separate rules regarding severance. Counsel did some research and came across a rule that addressed the issue of severance, Fed.R.Civ.P. 21. Naturally, counsel referenced Fed.R.Civ.P.21 in the draft order. On October 20, 2006, the Bankruptcy Court entered the order granting the Betta Parties' Motion to Amend (hereafter "2006 Order"). Ronk Decl., Exhibit "B".

On or about June 28, 2007, DSS moved to dismiss the claims in the Betta' Parties amended complaint based, in relevant part, on the theory that the doctrine of issue preclusion precluded the Betta Parties from litigating issues that were already decided in the arbitration. The Bankruptcy Court issued a memorandum and order denying DSS's motion to dismiss and the counter motions filed by the Betta Parties ("Order Denying DSS's Motion to Dismiss"). The Bankruptcy Court denied DSS's motion, in pertinent part, based on Bankruptcy Court's interpretation that its earlier judgment confirming the arbitration award ("Judgment") was not a final judgment. Ronk Decl., Exhibit "C", pg.3, ln.12-16.

On or about September 14, 2007, DSS filed a notice of appeal ("Notice of Appeal") and motion for leave to appeal ("Motion for Leave to Appeal"), to appeal the Order Denying DSS's Motion to Dismiss. The basis for DSS's appeals is that by virtue of the reference in the 2006 Order to Rule 21, the Judgment was automatically a final judgment when entered. On September 24, 2007, the Betta Parties filed their opposition to the Motion for Leave to Appeal ("Opposition"). Ronk Decl., Exhibit "D". The Betta Parties also file a cross-appeal in order to preserve issues on

appeal should the Motion for Leave to Appeal be granted ("Cross Appeal"). Ronk Decl. at Exhibit "E" (excludes attachments). For some reason which is unknown to the Betta Parties, the Opposition and Cross-Appeal apparently were not transmitted to the District Court along with Appeal and Motion for Leave to Appeal.

On October 15, 2007, this Court entered an order granting the Motion for Leave to Appeal ("Order Granting Leave to Appeal"), without having the benefit of the Opposition. Ronk Decl., Exhibit "F", p.2, ln.19-20.

On November 5, 2007, the Bankruptcy Court issued a memorandum and order amending prior order ("2007 Order") which is intended to correct the erroneous reference to Rule 21 in the 2006 Order.[1] Ronk Decl., Exhibit "G". The 2007 states that:

> [t]his court's order of October 20, 2006, contains an error. It refers to FRCP 21 when it should have read FRCP 42. Accordingly, to the extent that the court has jurisdiction to do so, IT IS ORDERED that paragraph 2 of the said order is amended to change 'Fed.R.Civ.P. 21' to 'Fed.R.Civ.P. 42' and 'Fed.R.Bankr.Poc. 7021' to 'Fed.R.Bankr.Proc. 7042'… to the extent the court no longer has jurisdiction to correct its mistake due to pending interlocutory appeal, this order shall be deemed an indication that it would amend its order if the matter is remanded.

Ronk Decl., Exhibit "G".

On November 6, 2007, the clerk of the Bankruptcy Court transmitted the designations of the record on DSS's appeal to the District Court. Ronk Decl., Exhibit "H". DSS's Appeal was docketed in the District Court, the following day. Ronk Decl., Exhibit "I".

### III. ARGUMENT

Fed.R.Civ.P. 60 allows a court to relieve a party from a final judgment or order where there is newly discovered evidence which supports such relief, where it is no longer equitable that the

---

[1] On November 2, 2007, the Betta Parties filed a motion to amend the 2006 Order. However, it appears that the Bankruptcy Court's 2007 Order was issued sua sponte as it does not address or reference the Betta Parties motion.

5

Motion for Relief from Order Granting Leave to Appeal - Case No. C-07-04825-WHA

judgment or order should have prospective application or for any other reason which justifies relief. Fed.R.Civ.P. 60(b).

For the reasons that follow, the facts of this case put the case squarely within the ambit of Fed.R.Civ.P. 60(b) and it is no longer equitable that the Order Granting Motion for Leave to Appeal should have any application.

### A. The Bankruptcy Court's 2007 Order Clearly Indicates that the Reference to Fed.R.Civ.P. 21 in the 2006 Order was an Unintended Error

DSS's argument in support of its motion for leave to appeal is based solely on its claim the Bankruptcy Court erroneously concluded that Judgment was not a final judgment because it did not certify the Judgment as such. DSS argued that by virtue of the reference to Fed.R.Civ.P. 21 in the 2006 Order, the Bankruptcy Court severed the claims into two separate cases and, therefore, any judgment was a final judgment even if it was not certified as such. What DSS failed to recognize was that Bankruptcy Court never ordered or intended to sever the claims or the cases under Fed.R.Civ.P. 21, but instead intended a non-final severance pursuant to Fed.R.Civ.P. 42.

On November 5, 2007, the Bankruptcy Court entered the 2007 Order which clearly states that the reference to Fed.R.Civ.P. 21 in the 2006 Order was an error and that the reference is replaced with reference to Fed.R.Civ.P. 42. The interests of equity and justice dictate that DSS should not be allowed to take advantage of a clerical error to attempt to prevent the Betta Parties from having their day in court on the claims in their amended complaint. The interests of judicial economy also weigh in favor of dismissing the appeals. The appeal will undoubtedly take up a substantial amount of the Court's time and resources as well as time and resources of the parties. In addition, DSS stands to gain nothing from the appeal since the reference to Fed.R.Civ.P. 21 which DSS relies on was changed to Fed.R.Civ.P. 42. Accordingly, this Court should relieve the

Betta Parties of Order Granting Leave to Appeal and dismiss DSS's appeal and the Betta Parties' cross-appeal.

### B. But For the Error, DSS Could Not Establish the Elements Required for an Appeal of an Interlocutory Order

Under the Ninth Circuit standard, review of an interlocutory appeal of an order from the bankruptcy court is only appropriate:

> When a district judge, in making in a civil action an order not otherwise appeallable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Were it not for a mistake, the 2006 Order would have referenced Fed.R.Civ.P. 42 instead of Fed.R.Civ.P. 21 and DSS would have no basis for filing the Motion for Leave to Appeal or prosecuting its appeal. Without the mistaken reference to Fed.R.Civ.P. 21, there could be no controlling question of law, no substantial ground for a difference of opinion and the appeal could not materially advance the ultimate termination of the litigation. According to the authorities which DSS cites, "[w]hile judgment on a severed claim [under Fed.R.Civ.P. 21] is final for purposes of appeal, judgment on a claim tried separately [under Rule 42(b)] is not an appealable final judgment, unless certified under Rule 54." 4 Moore's Federal Practice §21.06 (3d Ed. 2007); *see also In re Paris Air Crash of March 3, 1974*, 69 F.R.D. 310, 318 (C.D. Cal. 1974); *Acevedo-Garcia v. Monroig*, 351 F.3d 547, 558-560 (1st Cir. 2003); *Gaffney v. Riverboat Servs of Indiana, Inc.*, 451 F.3d 424, 441-42 (7th Cir. 2006); *E.S.v. Ind. School District, No. 196*, 135 F.3d 566, 568 (8th Cir. 1998); *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1514, at fn.8 (10th Cir. 1991). In addition, since separate trials in the same case do not individually produce final judgments, any attempt to apply collateral estoppel or issue preclusion to the remaining trial(s) is

invalid under Rule 42(b). *Acevedo-Garcia*, 351 F.3d at 560 (*citing NLRB v. Donna-Lee Sportswear Co.*, 836 F.2d 31, 33-34 (1st Cir. 1987)).

### C. DSS's Appeal is Moot Since the Bankruptcy Court Corrected the Error in the 2007 Order

If an event occurs during the pendency of an appeal that makes it impossible for the court to grant any relief to a prevailing party, the appeal must be dismissed as moot. *Church of Scientology v. United States*, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992)(quotation omitted); *Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293 (1895) ("The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions....").

DSS's argument on appeal is predicated solely upon the reference in the 2006 Order to Fed.R.Civ.P. 21. However, the 2006 Order, which has been corrected by the 2007 Order, no longer references a severance pursuant to Fed.R.Civ.P. 21, but instead references Fed.R.Civ.P. 42. Without the reference to Fed.R.Civ.P. 21 this Court cannot grant the requested relief on appeal. DSS cannot dispute that Fed.R.Civ.P. 42 does not create a final judgment absent certification by the court. Therefore, even if this Court were to proceed with the appeal, the Court could not find that the Judgment was a final judgment. Moreover, since the Judgment cannot be final and finality is a requisite element of issue preclusion, the Judgment cannot have a preclusive affect. Therefore, DSS's appeal should be dismissed as moot. In addition, if and only if the Court is inclined to dismiss DSS's appeal, the Betta Parties request that the Court also dismiss the Betta Parties' cross-appeal which was filed by the Betta Parties to preserve their right to appeal in the event that this Court granted DSS's Motion for Leave to Appeal.

///

///

**D. The Bankruptcy Court had Jurisdiction to Correct the 2006 Order on November 5, 2007 Before the Appeal was Docketed in This Court on November 7, 2007**

DSS will likely attempt to argue its way around the Bankruptcy Court's correction of its own order by claiming that the Bankruptcy Court did not have jurisdiction to correct the 2006 Order once DSS filed its notice of appeal in September 2007. DSS's argument must fail because the relevant date for determining the relative jurisdictions of the Bankruptcy Court and the District Court is when the appeal is docketed by the District Court.

Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 60(a), made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure ("Fed.R.Bankr.P." or Bankruptcy Rule(s)) 24, states that:

> Clerical mistakes in judgments, orders … may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. *During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.*

Fed.R.Civ.P. 60(a)(emphasis added); *see also General American Life Ins. Co. v. AmSouth Bank,* 100 F.3d 893, 902 (11th Cir. 1996)(allowing district court to amend its judgment on July 14, 1994 even though notice of appeal was already filed, where the appeal was not docketed by the appellate court until July 21, 2007); *compare Donovan v. Mazzola,* 761 F.2d 1411, 1414 (9th Cir. 1985)(*"*The general rule is that the filing of a notice of appeal divests the trial court of jurisdiction over the matters appealed...")

The Bankruptcy Rules indicate that an appeal is docketed by the district court after the parties have designated the record and the record is transmitted to the district court. Within ten (10) days after an order granting leave to appeal is entered, the appellant shall designate the items to be included in the record. Fed.R.Bankr.P. 8006. The appellee has another 10 days thereafter to designate additional items. *Id.* Rule 8007 states that:

9

> [w]hen the record is complete for purposes of appeal, the clerk shall transmit a copy thereof forthwith to the clerk of the district court or the clerk of the bankruptcy appellate panel. *On receipt of the transmission the clerk of the district court or the clerk of the bankruptcy appellate panel shall enter the appeal in the docket* and give notice promptly to all parties to the judgment, order, or decree appealed from of the date on which the appeal was docketed.

Fed.R.Bankr.P. 8007(b)(emphasis added).

This Court entered the Order Granting Leave to Appeal on October 15, 2007. Ronk Decl., Exhibit "G" at Docket No. 7. DSS filed its designation of the record and statement of issues in the Bankruptcy Court on October 25, 2007. Ronk Decl., Exhibit "H" at Docket No. 203. The Betta Parties timely filed their supplemental designation/designation of items regarding DSS's appeal and the Betta Parties' cross-appeal on November 5, 2007.[2] Ronk Decl., Exhibit "H" at Docket No. 211. The Bankruptcy docket (no. 212) reflects that a certificate of record was entered on November 6, 2007. Ronk Decl., Exhibit "H" at Docket No. 212. The bankruptcy record on appeal was filed and entered in the District Court on November 7, 2007. Ronk Decl., Exhibit "H" at Docket No. 9. Since the 2007 Order was entered in the Bankruptcy Court on November 5, 2007, before the appeal was docketed in this Court on November 7, 2007, the Bankruptcy Court still had jurisdiction to enter the 2007 Order.

DSS may also argue that the Bankruptcy Court did not have jurisdiction to correct the mistake in the 2006 Order because of the Betta Parties' prior appeal of the judgment confirming the arbitration award in May 2007 (the "May 2007 Appeal") divested the Bankruptcy Court of jurisdiction. This argument is also without merit because a trial court retains jurisdiction over the matters not involved in an appeal. *In re Wade*, 115 B.R. 222, 230 (9th Cir. BAP 1990)(appeal of

---

[2] The Betta Parties learned late in the evening on November 5, 2007 that the Bankruptcy Court entered the 2007 Order that day. Counsel for the Betta Parties began preparing a second supplemental designation in the evening on November 5, 2007 to include the 2007 Order in the

an order does not deprive the trial court of jurisdiction over issues not raised in that order)(quotation omitted)(citing *Donovan v. Mazzola,* 761 F.2d 1411, 1415 (9th Cir. 1985)). The May 2007 appeal involved issues requiring or allowing the Bankruptcy Court to vacate the arbitration award and did not involve the 2006 Order. Therefore, DSS cannot legitimately claim that the prior appeal divests the Bankruptcy Court of jurisdiction to correct the mistake in the 2006 Order.

> **1. If the Court Finds that the Bankruptcy Court did not Have Jurisdiction to Correct the 2006 Order, The Betta Parties Request that Court Deem the Order Amended or, in the Alternative, Remand the Matter to Allow for Correction of the Error**

Even assuming, arguendo, that this Court were to somehow find that the appeal was docketed before the 2007 Order was entered, courts sitting in review of a trial court decision may dispense with the formal requirement of a remand where it is clear that the trial court would amend its order were the case to be remanded. *Crosby v. Pacific S.S. Lines*, 133 F.2d 470, 473-74 (9th Cir. 1943)(stating "it would be mere form for us to remand the case so that the amendment might be made, and therefore we shall consider the order amended"); *Hamilton v. Stillwell Van & Storage Co.*, 343 F.2d 453, 455 (3d Cir. 1965)(foregoing necessity of remand in order to correct judgment to add a total to the judgment); *DeVilliers v. Atlas Corp.*, 360 F.2d 292, 295-96 (10th Cir. 1966)(court of appeals accepted oral modification of judgment of district court correcting previous amount fixed for recovery of retroactive salary increase without formal requirement of remand).

There can be no doubt that the Bankruptcy Court would amend the 2006 Order if given the opportunity. The 2007 Order specifically states that "to the extent that the court no longer has jurisdiction to correct its mistake due to the pending interlocutory appeal, this order shall be deemed an indication that it would amend its order if the matter were remanded." See Ronk Dec.,

---

record on appeal. Due to technical issues scanning the document, it was not filed until

Exhibit G. Therefore, the Betta Parties request that if the Court does find that the Bankruptcy Court did not have jurisdiction to the enter the 2007 Order, that the Court deem the 2006 Order amended in accordance with the foregoing case law. If the Court is not inclined to deem the 2006 Order amended, the Betta Parties request that the Court remand the matter to the Bankruptcy Court to allow the Bankruptcy Court to correct the 2006 Order.

## IV. CONCLUSION

Wherefore, for the foregoing reasons, the Betta Parties respectfully request this Court enter an order relieving the Betta Parties from the Order Granting Leave to Appeal and dismissing DSS's appeal. In addition, if the Court is inclined to dismiss DSS's appeal, the Betta Parties also respectfully request that the Betta Parties' cross-appeal also be dismissed.

DATED: November 28, 2007                    BRINKMAN PORTILLO, PC


                                            By:    /s/ Laura J. Portillo
                                                Laura J. Portillo
                                                Special counsel for Betta Products Inc. and Dana
                                                McCurnin, Trustee of Betta Products Litigation Trust.

approximately 12:43 a.m. p.s.t. on November 6, 2007.

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

The undersigned certifies and declares as follows:

I am employed in the City of Westlake Village and County of Los Angeles, in the State of California. I am over the age of 18 and not a party to the within action. I am employed by Brinkman Portillo, P.C. whose business address is 4333 Park Terrace Drive, Suite 205, Westlake Village, California 91361.

On **November 28, 2007**, I served the forgoing documents described as:

**MOTION FOR: 1) RELIEF FROM ORDER GRANTING LEAVE TO APPEAL; AND 2) DISMISSING THE APPEAL AND CROSS-APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

on the interested parties in this action
[X] by placing [X] the original [ ] a true copy thereof enclosed in sealed envelopes addressed as follows:

**[X] BY OVERNITE EXPRESS & EMAIL**
Mitchell Greenberg
Abbey, Weitzberg, Warren, & Emery
100 Stony Point Rd. #200
Santa Rosa, CA. 95401
mgreenberg@abbeylaw.com

**[X] BY MAIL & EMAIL**
James A. Beitz
Hagerty Johnson & Beitz, PA
701 Fourth Avenue South, Ste 700
Minneapolis, MN 55415
tbeitz@hjab.com

**[X] BY MAIL**
United States Trustee's Office
235 Pine Street, Ste. 700
San Francisco, CA 94104

[X] I deposited such envelope in a United States Postal Service drop box at Westlake Village, California. The envelope was mailed with postage thereon fully prepaid.
[X] I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with a United States Postal Service drop box on that same day with postage thereon fully prepaid at Westlake Village, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit of mailing in affidavit.
[X] (**Federal**) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **November 28, 2007**, at Westlake Village, California.

Madelynn Alford