EXHIBIT B

**Entered on Docket**
**October 20, 2006**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1

2

3              UNITED STATES BANKRUPTCY COURT

4              NORTHERN DISTRICT OF CALIFORNIA

5

6

| | |
|---|---|
| In re: | ) Bankruptcy Case No. 03-10925 AJ |
| BETTA PRODUCTS, INC., a California | ) Chapter 11 |
| Corporation | ) |
| | ) Adversary No. 05-01046 AJ |
| | ) |
| Debtor. | ) |
| | ) **ORDER GRANTING PLAINTIFFS'** |
| BETTA PRODUCTS, INC., the Debtor in | ) **MOTION FOR: 1) MODIFICATION OF** |
| Possession, and the Betta Products Litigation | ) **THE STAY PENDING ARBITRATION;** |
| Trust, | ) **2) LEAVE TO AMEND THE** |
| | ) **COMPLAINT** |
| Plaintiffs, | ) |
| v. | ) Date:    October 13, 2006 |
| | ) Time:    9:00 a.m. |
| DISTRIBUTION SYSTEMS AND SERVICES, | ) Place:    99 South E Street |
| INC., aka DSS, | )              Santa Rosa, CA |
| | ) |
| Defendant. | ) |
| | ) |

Betta Products, Inc. and the Betta Products Litigation Trust (collectively "Plaintiffs") Motion

For: 1) Modification of Stay Pending Arbitration; 2) For Leave To Amend the Complaint ("Motion")

came on for hearing on October 13, 2006 at 9:00 a.m. before the Honorable Alan Jaroslovksy.  All

appearances were as noted in the Court's record.

After considering the arguments of counsel, and good cause appearing therefor,

**IT IS ORDERED** as follows:

1.      Plaintiffs are given leave to file the Amended Complaint submitted with the Motion

("Amended Complaint").

1

2.      The claims added in the Amended Complaint are severed from the contract claims pursuant to Fed.R.Civ.P. 21, as incorporated into bankruptcy cases by Fed.R.Bankr.P. 7021, and the actions will proceed separately.

3.      The original contract claims not contained in the Amended Complaint may proceed in arbitration as the AAA or its panel of arbitrators deems proper including, without limitation, any arguments for a stay or suspension of that proceeding.

4.      Any res judicata arguments regarding or arising out of the arbitration or the Plan of reorganization are reserved for a later date.


Dated: October 20, 2006

Alan Jaroslovsky
U.S Bankruptcy Judge

2

# EXHIBIT C

**Entered on Docket**
**August 15, 2007**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1

2

3

4                     UNITED STATES BANKRUPTCY COURT

5                     NORTHERN DISTRICT OF CALIFORNIA

6    In re

7    BETTA PRODUCTS, INC.,                        No. 03-10925

8                         Debtor(s).
                    _____/
9

10   BETTA PRODUCTS, INC.,

11                         Plaintiff(s),

12              v.                                 A.P. No. 05-1046

13   DISTRIBUTION SYSTEMS AND SERVICES,
     INC., aka DSS,
14
                         Defendant(s).
15   _____/

16
          Memorandum on Motion to Dismiss and Related Motions and Cross-Motions
17                              _____

18   I. Issue Preclusion

19          In its complaint commencing this adversary proceeding, plaintiff and Chapter 11 debtor in possession

20   Betta Products, Inc. ("Betta") alleged that defendant Distribution Systems and Services, Inc. ("DSS")

21   breached a written warehouse agreement by failing, refusing or being unable to produce inventory of Betta

22   which DSS had contracted to warehouse.  Betta sought either turnover of its missing inventory or damages

23   exceeding $1 million.

24          The agreement between Betta and DSS called for DSS to use reasonable efforts to store safely all

25   products received from Betta and to protect the products from loss or damage.   It further provided, in

26   pertinent part:

                                          1

1       DSS is responsible for the safe handling and safekeeping of Products delivered to the
warehouse location provided by DSS. . . . [I]f more than one half (½) of one percent

2       (1%) of the Products received DSS during any three month quarter during the
Agreement are lost, stolen, and/or damaged, then DSS agrees to reimburse [Betta] for

3       the value of the Products in excess of this amount . . . .

4       The agreement provided that it was to be governed by Minnesota law and contained a provision

5  requiring any dispute to be arbitrated by the American Arbitration Association.  Shortly after service of the

6  complaint, DSS filed a motion to compel arbitration which Betta did not oppose.  The court granted the

7  motion and stayed further proceedings in this court pending arbitration.

8       DSS made a motion before the arbitration panel to exclude any tort claims of Betta.  Panicking at the

9  thought of losing a theory of recovery, Betta came running back to this court to amend its complaint to add tort

10  claims.  The court granted the motion but severed the tort claims from the contract claims being arbitrated,

11  assuming that the issue was a tempest in a teapot since the essential issue was whether DSS properly

12  warehoused Betta's property and that would be decided by the arbitration panel.

13       For some reason still a mystery to the court, Betta decided that since it now had a tort action pending

14  before this court it could ignore the arbitration proceeding.  It sought to dismiss its contract claims and only

15  litigate the tort claims.  However, it made a fundamental mistake in thinking that the arbitration panel was some

16  sort of extension of this court and sought dismissal with this court instead of the arbitration panel.  The court

17  refused to intervene and the arbitration panel proceeded, in the absence of Betta, to rule in favor of DSS.  The

18  arbitration panel specifically held:

19       Having considered all testimony heard by the Panel, the full record at the final hearing,
and the entire record otherwise placed before the Panel during the course of this arbitration

20       proceeding, the Panel is satisfied that there is no credible evidence in the arbitration record
sufficient to establish any of the breaches of contract alleged in Claimants' Specification of

21       Claims, and that nothing in the entire arbitration record creates any reason for the Panel to
believe that, had Claimants elected to appear at the final hearing, they would have been able to

22       establish any of such alleged breaches of contract by a preponderance of the evidence.

23       DSS has filed a motion to dismiss the remaining tort claims against it, on the ground that the decision of

24  the arbitration panel preclusively forbids Betta from re-litigating the issue of whether DSS acted wrongfully in

25  its care of Betta's inventory.

26       Since the agreement between Betta and DSS called for DSS to use reasonable efforts to store safely

1   all products received from Betta and to protect the products from loss or damage, and since the arbitration

2   panel found that DSS did not breach the agreement, if the arbitration decision is given preclusive effect then the

3   court must dismiss Betta's tort claims, which are based on the same operative facts.  While the tort claims are

4   based on negligence and conversion rather than breach of contract, there is no way that DSS could have

5   committed these torts without breaching the contract.

6          Issue preclusion bars re-litigation of issues that have been actually litigated.    The doctrine is intended

7   to avoid inconsistent  judgments and the related misadventures associated with giving a party a second bite at

8   the apple.  Issue preclusion bars re-litigation of an issue of fact or issue that: (1) is identical to a fact or issue

9   determined in an earlier proceeding, (2) was actually decided by a court in an earlier action, (3) the issue was

10  necessary to the judgment in such action, (4) there was a final judgment on the merits, and (5) the parties are

11  the same.  *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir.2001).

12         In this case, all of the elements for issue preclusion are present except that the award of the arbitration

13  panel is not final.  While the court did enter a judgment on the award on March 1, 2007, it did not direct that it

14  was a final judgment or make the express determinations necessary for it to be final.  Pursuant to FRCP 54(b),

15  made applicable to this adversary proceeding by FRBP 7054, that judgment is not final.[1]   The motion to

16  dismiss on grounds of issue preclusion therefore cannot be granted[2].

17

18  II. Standing

19         The court does not see how Betta lacks standing.  The confirmed plan of reorganization specifically

20  _____

21         [1]The court is aware that Betta has appealed the judgment.  The appellate court can of course, treat

22  the appeal as a motion for leave to appeal pursuant to FRBP 8003(c).  The fact remains, however, that Betta
    has continued its procedural blundering by improperly appealing a judgment which is not final.

23
           [2]Both sides in this case are bound and determined to win by cleverness of counsel.  In this contest,
24  Betta is at a distinct disadvantage.  However, the court actually wants to hear testimony and find out if DSS
    negligently stored Betta's inventory.  The court's curiosity is so strong at this point that it has no interest in the
25  procedural machinations of the parties and the quiddities of their lawyers.  The court suggests they either talk
    settlement or prepare for trial.
26

3

1    provides "The debtor may pursue reserved actions, tort claims . . . "[ § 7.02].  Further,  § 7.04 specifically

2    provides:

3          7.04.  Debtor shall reserve the rights to pursue the following:
              . . . .
4                c.  Claims and rights of setoff against Distribution Sales and Services Corporation
           arising from the warehousing agreement dated May 1, 1996, payments, overcharges, lost and
5          damaged goods, and claims assigned pursuant to the Compromise Agreement . . . .

6    The instant adversary proceeding is entirely consistent with the plan and Betta has standing to bring the action.

7

8    III.  Partial Summary Judgment

9          The court is not thrilled with Betta's expectation that the court will wade through page after page of

10   exhibits attempting to determine if partial summary judgment is appropriate, just as the court is not thrilled

11   with DSS's procedural arguments and endless exhibits and useless "compendia."  Nonetheless, the parties

12   are not obligated to make things easier on themselves by focusing on substantive issues. And the court is not

13   obligated to rule on a motion for partial summary judgment. "In a case involving multiple claims, the court may

14   exercise its discretion to deny summary judgment where it finds it better as a matter of judicial administration

15   to dispose of all the claims and counterclaims at trial rather than attempt piecemeal disposition, or where part

16   of the action may be ripe for summary judgment but is intertwined with another claim that must be tried." 28

17   Fed.Proc.L.Ed., Pleadings and Motions, §§ 62:572, citing *Taylor v. Rederi A/S Volo*, 374 F.2d 545 (3rd

18   Cir. 1967) and *Kollsman Instrument Corp. v. Astec Instrument Corp.*, 225 F.Supp. 534 (S.D.N.Y.

19   1964).

20         Since this is to be a court trial, the court sees no benefit to deciding the case piecemeal. If the parties

21   really want to spend their time and money on endless procedural motions they are free to do so, but at the

22   end of the day they will still have to discuss what, if anything, happened to Betta's inventory.

23

24         For the foregoing reasons, the motion of DSS for dismissal or summary judgment will be denied, as

25   will Betta's motion for partial summary judgment.  Any party who wants an order to this effect may submit

26   one. The court looks forward to trial in January and warns both sides that a continuance for any reason is not

                                                    4

1   likely.

2

3   Dated:  August 15, 2007

4

5

6                                          Alan Jaroslovsky
                                           U.S. Bankruptcy Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                5

**Entered on Docket**
**September 06, 2007**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Richard W. Abbey, Esq. SBN 53039
   Mitchell B. Greenberg, Esq. SBN 114878
2  Rachel Nunes, Esq. SBN 172525
   Abbey, Weitzenberg, Warren & Emery
3  100 Stony Point Road, Suite 200
   Post Office Box 1566
4  Santa Rosa, CA  94502-1566
   Telephone: (707) 542-5050
5
   James Anton Beitz, MN ATTY. ID No. 6233
6  Hagerty, Johnson, Albrightson & Beitz, P.A.
   701 Fourth Avenue, South, Suite 901
7  Minneapolis, Minnesota 55415
   Telephone: (612) 349-9000
8  *(Appearing Pro Hac Vice)*

9  Attorneys for Defendant
   Distribution Alternatives, Inc. dba DSS

10

11              UNITED STATES BANKRUPTCY COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13  IN RE:                              )  Case No.  03-10925
                                        )
14  BETTA PRODUCTS, INC.,               )
                                        )  Chapter 11
15              DEBTOR.                  )
                                        )  A. P. No. 05-01046
16  ——————————————————————             )  06/24/05
                                        )
17  BETTA PRODUCTS, INC.,               )  **ORDER DENYING DEFENDANT**
                                        )  **DISTRIBUTION ALTERNATIVES,**
18              Plaintiff,              )  **INC.'S MOTION TO DISMISS AND**
    v.                                  )  **ALTERNATIVELY, MOTION FOR**
19                                      )  **SUMMARY JUDGMENT, AND**
    DISTRIBUTION SYSTEMS AND SERVICES,  )  **DENYING PLAINTIFF BETTA**
20  INC., aka DSS,                      )  **PRODUCTS, INC.'S MOTIONS**
                                        )  **FOR PARTIAL SUMMARY**
21              Defendant.              )  **JUDGMENT**
                                        )
22  ——————————————————————             )

23         Defendant Distribution Alternatives, Inc.'s (fka Distribution Systems and Services Corp.) dba

24  DSS  (hereinafter "DSS") motion to dismiss and alternatively, motion for summary judgment, and Plaintiff

25  Betta Products Inc.'s ("Betta") motions for partial summary judgment came regularly for hearing on

26  August 3, 2007 before the Honorable Alan Jaroslovsky.  James Anton Beitz  and Mitchell B. Greenberg

27  appeared on behalf of moving party DSS.  Laura Portillo appeared on behalf of debtor Betta Products,

28  Inc.

ABBEY, WEITZENBERG,
WARREN & EMERY, PC
P.O. BOX 1566
Santa Rosa, CA 95402
(707) 542-5050

1

After having reviewed all papers filed in support of and in opposition to the motions, and after having ordered and received supplemental briefing, and having entertained argument by counsel, and good cause appearing,

**IT IS HEREBY ORDERED** that:

1.      DSS' motion to dismiss on the grounds of standing, claim and issue preclusion is denied for the reasons set forth in the Court's August 15, 2007 Memorandum on Motion to Dismiss and Related Motions and Cross-Motions.

2.      Betta's motions for partial summary judgment are denied for the reasons set forth in the Court's August 15, 2007 Memorandum on Motion to Dismiss and Related Motions and Cross-Motions.


**IT IS SO ORDERED.**

                    [changes]

Dated:  September 6, 2007


                              Alan Jaroslovsky
                              U.S. Bankruptcy Judge

ABBEY, WEITZENBERG,
WARREN & EMERY, P.C.
P.O. BOX 1566
Santa Rosa, CA 95402
(707) 542-5050

2