# EXHIBIT D

1  Daren R. Brinkman (State Bar No. 158698)
   Laura J. Portillo (State Bar. No. 186813)
2  BRINKMAN PORTILLO, PC
3  4333 Park Terrace Drive, Suite 205
   Westlake Village, CA 91361
4  Telephone: (818) 597-2992
   Facsimile: (818) 597-2998
5
6  Special Counsel to Betta Products Inc. and
   Dana McCurnin, Trustee of the Betta Products
7  Litigation Trust
8                   UNITED STATES BANKRUPTCY COURT
9
       NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION
10
11  In re:                               )  Bankruptcy Case No. 03-10925 AJ
                                         )
12  BETTA PRODUCTS, INC., a California    )  Chapter 11
    Corporation                          )
13               Debtor.                 )  Adversary No. 05-01046
                                         )
14  BETTA PRODUCTS, INC., the Debtor in   )
    Possession, DANA MC CURNIN, Trustee of )  **PLAINTIFFS' OPPOSITION TO**
15  the Betta Products Litigation Trust   )  **DEFENDANT'S MOTION FOR LEAVE**
                                         )  **TO APPEAL**
16               Plaintiff,              )
                                         )
17  v.                                   )  Date:
                                         )  Time:
18  DISTRIBUTION SYSTEMS AND SERVICES, )  Place:
    INC., aka DSS,                       )
19                                       )
                                         )
20               Defendant.             )
                                         )
21
22       BETTA PRODUCTS, INC. ("Betta") AND DANA MCCURNIN, TRUSTEE OF THE

23  BETTA PRODUCTS LITIGATION TRUST (individually the "Trust", collectively "Plaintiffs")

24  hereby file this opposition to Distribution Alternatives, Inc's (fka Distribution Systems and

25  Services, Inc.) ("DSS") Motion for Leave to Appeal from Entry of Order Denying Motion to

26  Dismiss ("Motion for Leave to Appeal" or "Motion") and respectfully request this Court deny

27  DSS' Motion.
28

                                        i

# I.  INTRODUCTION

DSS discovered early on in this case that it could attempt to avoid liability for its conduct by using the arbitration to prevent Plaintiffs from having their day in court on their tort and common law claims.  As a result, DSS sought to eliminate these claims from arbitration and then bitterly fought every effort of Plaintiffs to dismiss their breach of contract claims from the arbitration in order to proceed solely on the tort and common law claims before the Bankruptcy Court.  It is this illegal effort to strip Plaintiffs of their day in court, that is the motivating factor behind DSS' Motion for Leave to Appeal.  The District Court Should Deny DSS' Motion for Leave to Appeal on the grounds that:

      1.     The Bankruptcy Court's Judgment and Order Confirming the Arbitration Award are Not Final and, Therefore, Resolution of the Appeal Could Not Materially Affect the Outcome of the Court Litigation

      2.     The issue of the finality of the Bankruptcy Court's Judgment is not a controlling issue of law because the Bankruptcy Court effectively determined that the Arbitration Award should not be given preclusive affect.

      3.     A finding that the Judgment Confirming the Arbitration Award is a final judgment would not ultimately end the litigation because the issues before the Bankruptcy Court are not the same issues as allegedly resolved by the Panel.

# II. ARGUMENT

DSS acknowledges that the Bankruptcy Court's Order Denying DSS' Motion to Dismiss, or Alternatively, Motion for Summary Judgment ("Order") is not a final order for purposes of 28 U.S.C. 158(a) and, therefore, DSS has no direct right of appeal.  Instead, DSS asserts that the Order is an interlocutory order which the District Court may review pursuant to the principles

1  established by 28 U.S.C. § 1292. The Court should reject DSS' arguments because DSS has not

2  demonstrated that it meets the principles of 28 U.S.C. § 1292.

### A.    DSS' Appeal does not Involve A Controlling Question of Law That May Materially Advance the Ultimate Termination of the Court Action Against DSS

28 U.S.C. § 1292(b) allows an appellate court to review an order of a district court when the district court certifies the issue for appeal by stating in writing that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. An issue is "controlling" if "resolution of the issue on appeal could materially affect the outcome of the litigation" in the district court. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (citing *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir.1966)); *see Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1347-48 (9th Cir.1988). For the following reasons, DSS' Motion for Leave to Appeal does not involve a controlling question of law that would materially advance the termination of this litigation and, therefore, DSS' Motion should be denied.

### 1.    The Judgment and Order Confirming the Arbitration Award are Not Final and, Therefore, Issue Preclusion Could not Apply

DSS asserts that the Arbitration Award and the Bankruptcy Court's separate Judgment ("Judgment") and Order ("order") Confirming the Arbitration Award are final by virtue of the Bankruptcy Court's severance of the claims in Plaintiffs' amended complaint from the claims in the arbitration. DSS' argument must fail because, unlike the other cases to which DSS cites, Judge Jaroslovsky expressly found that the Arbitration Award and his own Judgment and Order were not final. In this regard, this case is distinguishable from the other cases on which DSS relies because those cases do not involve an express finding by the trial court. Judge Jaroslovsky did

reference Fed.R.Civ.P. 21 in severing the claims in the amended complaint from the claims in the

arbitration.  However, Judge Jaroslovsky's refusal to provide a Rule 54(b) certification and his

express finding that the Arbitration Award and his own Judgment and Order were not final,

indicate he did not intend to treat the arbitration hearing and the trial as two entirely separate and

distinct actions, but intended to divide the claims into separate hearings or trials within the same

action pursuant to Fed.R.Civ.P. 42(b).  According to the case law on which DSS' relies, an order

on claims severed for purposes of separate trial under Rule 42(b) is not a final order.  See *In re

Paris Air Crash of March 3, 1974*, 69 F.R.D. 310, 318 (C.D. Cal. 1974); *Acevedo-Garcia v.

Monroig*, 351 F.3d 547, 558-60 (1st Cir. 2003); *Gaffney v. Riverboat Servs. of Indiana, Inc.*, 451

F.3d 424, 441-42 (7th Cir. 2006); *Chrsyler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509,

1514 at fn.8 (10th Cir. 1991).  Footnote 2 of Judge Jaraslovsky's Memorandum reinforces this

interpretation in that it indicates that Judge Jaroslovsky clearly did not intend or view the

Judgment or Order to be final for purposes of appeal.[1]  Therefore, the Arbitration Award and the

Judgment and Order Confirming the Arbitration Award are not final and cannot preclude litigation

of Plaintiffs' tort and common law claims.

### 2.    Even if the Arbitration Award and Judgment are Final, the Bankruptcy Court's Ruling Indicates it did not Intend to Apply Issue Preclusion

The issue of the finality of the Arbitration Award and the Bankruptcy Court's Judgment

and Order also cannot be a controlling issue of law because the Bankruptcy Court's ruling

manifests an intention not to give the Arbitration Award preclusive affect.  The question of the

availability of issue preclusion and the decision whether or not to apply issue preclusion are two

separate questions.  *In re Antonakis*, 207 B.R. 201, 204 (Bkrtcy.E.D.Cal. 1997)(citation omitted).

---

[1] Although Plaintiffs initially appealed the Judgment and Order Confirming the Arbitration Award, Plaintiffs subsequently filed a motion to dismiss the appeal.  Plaintiffs' Motion is currently pending before the District Court.

4

The decision to apply issue preclusion rests within the discretion of the trial court. *Id.; see also In re Daily,* 47 F.3d 365, 368 fn. 6 (9th Cir. 1995); *Davis & Cox v. Summa Corp.,* 751 F.2d 1507, 1519 (9th Cir.1985); *In re Gottheiner,* 703 F.2d 1136, 1139 (9th Cir.1983). Since Judge Jarasolvsky did not intend to apply issue preclusion, resolution of the question of finality of the Arbitration Award would not materially affect the outcome of the litigation or the ultimate termination of the litigation.

Although Judge Jaroslovsky found that all of the elements of issue preclusion (except for the finality) were met, he did not make any findings as to which specific issues involved in the court action are identical to issues adjudicated in the arbitration. Judge Jaroslovsky only generally supports his finding by indicating that there is no way that DSS could have acted negligently or converted Betta's products without breaching the contract.[2] Betta should not be precluded from having its day in court on such general findings. In addition, Judge Jaroslovsky's refusal to deem the Judgment a final judgment for purposes of collateral estoppel indicates a conscious decision not to give the Arbitration Award preclusive effect. Accordingly, even if the Arbitration Award and the Judgment were deemed final, such a finding would not materially affect the outcome of the litigation because Judge Jaroslovsky did not intend to apply issue preclusion.

### 3. Issue Preclusion is not Available in this Case Because the Issues for the Court Litigation are not the Same as the Issues in the Arbitration Hearing

Even if the Judgment and Order are deemed final, this would not materially affect the ultimate outcome of the litigation. Issue preclusion does not apply in this case because the requirements of warehousing agreement ("Contract") between Betta and DSS for establishing the breach of contract claims and the issues encompassed therein are substantially different and more

5

burdensome than the requirements and issues necessary to establish Plaintiffs' tort and common law claims. Plaintiffs summarize the differences below.

**Requirements for Contractual Damages Not Required in Plaintiffs' Tort and Common Law Claims:**

  **1.  The Contract Requires Proof of Losses as a Percentage of a Whole**

Section 5(a) of the Contract allows Plaintiffs to hold DSS responsible for the loss of goods only if Plaintiffs can prove more than one half of one percent of the products managed by DSS were lost, stolen or damaged during any three month calendar quarter. A true and correct copy of the Contract is attached to the Declaration of Daren R. Brinkman in Support of Plaintiffs' Opposition to Defendant's Motion for Leave to Appeal at Exhibit A.

  **2.  The Contract Requires Proof Losses at Actual Costs, Not at Fair Market Value**

Section 5(a) also requires a showing of the actual cost of Betta's goods, not just the fair market value. None of the tort or other common law claims at issue in Plaintiffs' amended complaint require Betta to prove the acquisition costs of the lost, stolen or damaged, goods.

  **3.  The Contract Requires Proof Losses Per Calendar Quarter, a Showing Not Required in Plaintiffs' Tort and Common Law Claims**

In addition, to establishing their losses as a percentage of the total products managed by DSS, the Contract requires that such showing be made during a three month calendar quarter. Plaintiffs' tort and common law claims do not require such a showing.

Given the substantial differences in between the breach of contract claims and the Plaintiffs' tort and common law claims, the Arbitration Award and the Bankruptcy Court's Judgment and Order cannot be given preclusive affect. Therefore, even if the issue of the finality

---

[2] Plaintiffs dispute the finding that DSS could not have acted negligently or converted Plaintiffs' products without breaching the contract. As a result, Plaintiffs intend to file, contemporaneously with this Opposition, a cross appeal in order to preserve their rights should this Court decide to grant DSS Motion for Leave to Appeal.

6

of the Bankruptcy Court's Judgment Confirming the Arbitration Award were resolved in favor of DSS, this could not materially affect the ultimate outcome of the litigation.

### III. CONCLUSION

Wherefore, for the foregoing reasons, the Arbitration Award and the Bankruptcy Court's Judgment and Order Confirming the Award are not final. In addition, because the Bankruptcy Court did not intend to apply issue preclusion and the issues involved in the court litigation are not the same as the issues in the arbitration, the question of the finality of the Order and Judgment does not involve a controlling issue of law that would materially advance the termination of this litigation. For these reasons, the Court should deny DSS' Motion for Leave to Appeal.

Respectfully submitted,

DATED: September 24, 2007                    BRINKMAN PORTILLO, PC


By:    /s/ Laura J. Portillo
       Laura Portillo

Special Counsel to Betta Products, Inc. and Dana McCurnin, Trustee of the Betta Products Litigation Trust

7

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO APPEAL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

The undersigned certifies and declares as follows:

I am employed in the City of Westlake Village and County of Los Angeles, in the State of California. I am over the age of 18 and not a party to the within action. I am employed by Brinkman Portillo, P.C. whose business address is 4333 Park Terrace Drive, Suite 205, Westlake Village, California 91361.

On **September 24, 2007**, I served the forgoing documents described as:

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO APPEAL**

on the interested parties in this action

[X] by placing [X] the original [ ] a true copy thereof enclosed in sealed envelopes addressed as follows:

[X] **BY MAIL**

| | |
|---|---|
| Mitchell Greenberg | James A. Beitz |
| Abbey, Weitzberg, Warren, & Emery | Hagerty Johnson & Beitz, PA |
| 100 Stony Point Rd. #200 | 701 Fourth Avenue South, Ste 700 |
| P.O.Box 1566 | Minneapolis, MN 55415 |
| Santa Rosa, CA. 95401 | |

United States Trustee's Office
235 Pine Street, Ste. 700
San Francisco, CA 94104

[X] I deposited such envelope in a United States Postal Service drop box at Westlake Village, California. The envelope was mailed with postage thereon fully prepaid.

[X] I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with a United States Postal Service drop box on that same day with postage thereon fully prepaid at Westlake Village, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit of mailing in affidavit.

[X] (**Federal**) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **September 24, 2007,** at Westlake Village, California.

Madelynn Alford

# EXHIBIT E

1  Daren R. Brinkman (State Bar No. 158698)
   Laura J. Portillo (State Bar. No. 186813)
2  BRINKMAN PORTILLO, PC
3  4333 Park Terrace Drive, Suite 205
   Westlake Village, CA 91361
4  Telephone: (818) 597-2992
   Facsimile: (818) 597-2998
5
6  Special Counsel to Betta Products Inc., and
   Special Counsel to Dana McCurnin, Trustee
7  Of the Betta Products Litigation Trust

8
                    **UNITED STATES BANKRUPTCY COURT**
9
                    **NORTHERN DISTRICT OF CALIFORNIA**
10
                         **SANTA ROSA DIVISION**
11
   In re:                              ) Bankruptcy Case No. 03-10925 AJ
12                                      )
   BETTA PRODUCTS, INC., a California   ) Chapter 11
13 Corporation                          )
                                        ) Adversary No. 05-01046
14                                      )
                    Debtor.             )
15 ─────────────────────────────────── ) **NOTICE OF APPEAL**
   BETTA PRODUCTS, INC., the Debtor in  )
16 Possession, and DANA MCCURNIN, Trustee )
   of the Betta Products Litigation Trust, )
17                                      )
                    Plaintiffs,         )
18                                      )
   v.                                   )
19                                      )
   DISTRIBUTION SYSTEMS AND SERVICES, )
20 INC., aka DSS,                       )
                                        )
21                                      )
                    Defendant.          )
22 ─────────────────────────────────── )

23
24 **TO THE HONORABLE ALAN JAROSLOVSY, DEFENDANT, AND DEFENDANT'S**
25 **COUNSEL OF RECORD:**
26      Notice is hereby given that Betta Products, Inc., and Dana McCurnin, Trustee of the Betta
27 Products Litigation Trust, plaintiffs in the above named case, hereby appeal to the United States
28 District Court for the Northern District of California from the "Order Denying Defendant

                                       1

───────────────────────────────────────────────────────────────
                Notice of Cross-Appeal - Adv. Case No. 05-01046

1  Distribution Alternatives Inc.'s Motion to Dismiss and Alternatively, Motion for Summary

2  Judgment, and Denying Plaintiff Betta Products, Inc.'s Motions for Partial Summary Judgment"

3  (hereafter "Order") entered in this action on the 6th day of September, 2007.  True and correct

4  copies of the Order and the Bankruptcy Court's separate Memorandum on Motion to Dismiss

5  and Related Motions and Cross-motions (Memorandum) are attached hereto as Attachments A

6  and B, respectively.  This cross-appeal is taken against defendant Distribution Systems and

7  Services, Inc., pursuant to 28 U.S.C. 158(a) and (c).

8          The parties to the Order and their respective counsel of record are as follows:

9  Betta Products, Inc.
   Represented by:
10 BRINKMAN PORTILLO, PC
11 Daren R. Brinkman
   Laura J. Portillo
12 4333 Park Terrace Drive, Ste. 205
   Westlake Village, CA 91361
13 Ph.  (818) 597-2992

14

15 Dana McCurnin, Trustee of the Betta Products Litigation Trust
   Represented by:
16 BRINKMAN PORTILLO, PC
17 Daren R. Brinkman
   Laura J. Portillo
18 4333 Park Terrace Drive, Ste. 205
   Westlake Village, CA 91361
19 Ph.  (818) 597-2992

20

21 Distribution Systems and Services, Inc.
   Represented by:
22 ABBEY, WEITZENBERG, WARREN & EMERY
   Richard W. Abbey
23 Mitchell B. Greenberg
24 100 Stony Point Road, Ste. 200
   P.O. Box 1566
25 Santa Rosa, CA 95402-1566
   Ph.  (707) 542-5050
26

27 And

28

HAGERTY, JOHNSON, ALBRIGHT & BEITZ, P.A.
James Anton Beitz
701 Fourth Avenue, South, Ste. 901
Minneapolis, Minnesota 55415
Ph. (612) 349-9000

This cross-appeal is timely made because pursuant to Fed.R.Bankr.P. 8002(a), "[i]f a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 10 days of the date on which the first notice of appeal was filed." The Order was entered on September 6, 2007. Defendant DSS filed its notice appeal on September 14, 2007 ("Notice of Appeal"). This cross-appeal ("Cross-Appeal") is being timely made within 10 days from the date DSS' appeal was filed.

In conjunction with DSS' Notice of Appeal, DSS filed a motion for leave to appeal ("Motion for Leave to Appeal"). Plaintiffs have opposed DSS' Motion for Leave to Appeal on the grounds that the Order is not a final order and is instead an interlocutory order which is not appealable. Plaintiffs do not waive this argument by filing this Notice of Appeal regarding the Bankruptcy Court's finding that the elements of collateral estoppel or issue preclusion (other than a final judgment) were met, but instead file this Notice to preserve their rights should the District Court determine that the Bankruptcy Court's Order is an appealable order. Because this Notice of Appeal involves the Bankruptcy Court's Order with respect to its findings regarding issue preclusion, it involves the same or very closely related issues as does DSS' appeal.

Respectfully submitted,

DATED:   September 24, 2007                     BRINKMAN PORTILLO, PC


      /s/ Laura J. Portillo
      Laura J. Portillo
Special counsel for Betta Products, Inc. and special counsel for Dana McCurnin, Trustee of the Betta Products Litigation Trust

3