EXHIBIT F

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In Re:                                               No. C 07-04825 WHA

    BETTA PRODUCTS, INC.,

        Debtor.                              **ORDER GRANTING
                                                     DEFENDANT'S MOTION FOR
_____/                    LEAVE TO APPEAL AND
                                                     SETTING BRIEFING SCHEDULE**

BETTA PRODUCTS, INC.,

        Plaintiff,

    v.

DISTRIBUTIONS SYSTEMS AND
SERVICES, INC., aka DSS,

        Defendants.

_____/

## INTRODUCTION

In this bankruptcy appeal, defendant Distribution Systems and Services, Inc., moves for

leave to appeal an order entered by the bankruptcy court. Defendant has shown that resolving

the issues it seeks to appeal involve controlling issues of law and that there is substantial ground

for difference of opinion with the bankruptcy court's order. Accordingly, defendant's motion

for leave to appeal is **GRANTED**.

## STATEMENT

This motion stems from a bankruptcy adversary proceeding pending in front of

Bankruptcy Judge Alan Jaroslovky. Plaintiff Betta Products, Inc., filed an action for damages

United States District Court
For the Northern District of California

1   resulting from DSS's alleged breach of a warehouse contract. The bankruptcy court ordered

2   Betta to arbitrate the contract claims before the American Arbitration Association. Thereafter,

3   plaintiff filed a petition in the bankruptcy court to for leave to file a separate adversary

4   proceeding to allege additional claims. An order issued severing the contract claims that were

5   pending in arbitration from the newly-added claims under Rule 21 (Mot. Exh. A).

6       On November 16, 2006, AAA entered an award in DSS's favor on the contract claims

7   finding that DSS did not breach the warehouse agreement. DSS filed a motion in the

8   bankruptcy court to confirm the arbitration award. It was granted on March 1, 2007. Plaintiff

9   appealed the judgment; that appeal is currently pending in this district. *Betta Products, Inc. v.*

10  *Distribution Systems and Services, Inc.*, No. C 07-02661 VRW.

11      DSS filed a motion in bankruptcy court to dismiss the remainder of Betta's claims, or in

12  the alternative, for summary judgment. In that motion, DSS argued that Betta was estopped by

13  the prior arbitration action from asserting the same claims in the second action. Judge

14  Jaroslovsky denied the motion. In doing so, he found that the issues in the two actions were

15  identical, but there was no final judgment in the first action, and so issue preclusion did not

16  apply (*id.* at Exh. C).

17      This notice of appeal was filed on May 18, 2007. DSS now seeks an order for leave to

18  appeal the bankruptcy court's decision that the motion to confirm an arbitration award was not a

19  final judgment. Plaintiff was given an opportunity to respond to DSS's motion, but declined to

20  do so.

21                          **ANALYSIS**

22      Because an order denying a motion to dismiss is an interlocutory order, there is no direct

23  right of appeal. *In re Bertain*, 215 B.R. 438, 441 (9th Cir. B.A.P. 1997). Here, DSS must ask

24  leave to appeal the denial of its motion to dismiss. 28 U.S.C. 158(a)(3). Although 28 U.S.C.

25  1292(b) governs the circumstances under which district courts can allow review of interlocutory

26  orders by courts of appeals, the Ninth Circuit has adopted it as the standard for appealing

27  bankruptcy court orders to district courts. *In re Burke*, 95 B.R. 916, 917 (9th Cir. B.A.P. 1989).

28  Review of an interlocutory order is appropriate:

*United States District Court*
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . .

28 U.S.C. 1292(b).

*First*, DSS argues that its proposed appeal is on a controlling question of law. DSS wants to appeal the bankruptcy judge's denial of its motion to dismiss. That order found that even though the issues in the first arbitration proceeding and the second adversarial proceeding in bankruptcy court, the arbitration award and judgment were not a final judgment. Even though the issues were the same, plaintiff was not precluded from litigating the same issues in the second action. Here, DSS wants to appeal the bankruptcy court's holding that the arbitration and judgment was not a final judgment. If DSS prevails on this issue, the second action must be dismissed because the bankrtupcy judge already found that the issues are identical. Accordingly, DSS's proposed appeal concerns a controlling question of law.

*Second*, DSS contends that it has a substantial ground for difference of opinion with the bankruptcy court's ruling. In an order dated October 20, 2006, the arbitration claims and the contract claims were severed pursuant to Rule 21, as incorporated into Federal Rule of Bankruptcy Procedure 7021 (Mot. Exh. A). According to DSS, this was a clear indication that the two actions were to proceed separately from that point forward. In support, DSS notes that once an action is severed under Rule 21, the actions proceed separately, and each moves toward its own final judgment. *See* 7 Wright, Miller, & Kane, *Federal Practice and Procedure* § 1689 (3d ed. 2001). DSS identifies a number of court of appeals decisions that are in accord. In the order denying DSS's motion, the bankruptcy judge held that the first action would have required certification under Rule 54(b) to have been final. DSS takes the opposite position, which appears to be supported by a substantial ground for difference of opinion given the number of decisions in support. Thus, DSS has shown that there is a substantial ground for difference of opinion. In turn, DSS has shown that this issue should be appealable at this time. Accordingly, its motion for leave to appeal is **GRANTED**.

3

Case 3:07-cv-04825-WHA    Document 7    Filed 10/15/2007    Page 4 of 4

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CONCLUSION

For all of the above-stated reasons, defendant's motion for leave to appeal is **GRANTED**. Defendant's opening brief will be due no later than **OCTOBER 29, 2007**. Plaintiff's brief will be due no later than **NOVEMBER 19, 2007**. Defendant's reply brief will be due no later than **NOVEMBER 29, 2007**.

**IT IS SO ORDERED.**

Dated: October 15, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4

EXHIBIT G

**Entered on Docket**
**November 05, 2007**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1                     UNITED STATES BANKRUPTCY COURT

2                     NORTHERN DISTRICT OF CALIFORNIA

3 In re

4 BETTA PRODUCTS, INC.,                    No. 03-10925

5                     Debtor(s).

6 _____/

7 BETTA PRODUCTS, INC.,

8                     Plaintiff(s),

9        v.                   A.P. No. 05-1046

10 DISTRIBUTION SYSTEMS AND SERVICES,
INC., aka DSS,

11

12                     Defendant(s).
_____/

13

14              Memorandum and Order Amending Prior order
                   _____

15     This court's order of October 20, 2006, contains an error. It refers to FRCP 21 when it should have

16 read FRCP 42. Accordingly, to the extent the court has jurisdiction to do so, IT IS ORDERED that

17 paragraph 2 of said order is amended to change "Fed.R.Civ.P. 21" to Fed.R.Civ.P. 42" and

18 "Fed.R.Bankr.Proc. 7021" to "Fed.R.Bankr.Proc. 7042."

19     IT IS FURTHER ORDERED that, to the extent the court no longer has jurisdiction to correct its

20 mistake due to the pending interlocutory appeal, this order shall be deemed an indication that it would amend

21 its order if the matter is remanded. See *Crateo, Inc. v. Intermark, Inc.*, 536 F.2d 862, 869 (9th Cir. 1976).

22 Dated: November 5, 2007

23

24                          Alan Jaroslovsky
                         U.S. Bankruptcy Judge

25

26