# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## No: C 07-04825 WHA

Betta Products, Inc. and Dana McCurnin, Trustee of the Betta Products Litigation Trust,

Plaintiffs-Appellees,

v.

Distribution Systems and Services, Inc.

Defendant-Appellant.

## MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS APPEAL

Richard W. Abbey, Esq. SBN 53039
Mitchell B. Greenberg, Esq. SBN 114878
Rachel K. Nunes, Esq. SBN 172525
Abbey, Weitzenberg, Warren & Emery
100 Stony Point Road
Ste. 200
PO Box 1566
Santa Rosa, CA 94502-1566
Telephone: (707) 542-5050

James Anton Beitz, MN ATTY. ID No. 6233
Hagerty Johnson & Beitz P.A.
701 Fourth Avenue, South, Suite 700
Minneapolis, Minnesota 55415
Telephone: (612) 349-9000
*Pro Hac Vice*

Attorneys for Defendant, Appellant

# TABLE OF CONTENTS

**Page**

INTRODUCTION ......................................................... 1

ARGUMENT ............................................................... 4

I.    FED R. CIV. P. 60(b) DOES NOT AUTHORIZE THIS
COURT TO GIVE RELIEF FROM THE JUDGMENT IN
BETTA I ................................................................. 4

    A.    Rule 60(b) Pertains To Trial Not Appellate Court
Proceedings ...................................................... 5

    B.    The Circumstances Required to Give Relief Under
Rule 60(b) Are Not Present Here ............................. 5

II.    THE BANKRUPTCY COURT DID NOT AND DOES
NOT HAVE JURISDICTION TO ALTER ITS
OCTOBER 20, 2006, ORDER ........................................ 7

III.    THE PROPOSED SUBSTITUTION OF THE
NOVEMBER 5, 2007, ORDER FOR THE OCTOBER 20,
2006, ORDER IS AN ABUSE OF FED R. CIV. P. 60(a) .......... 11

    A.    The Record Contains No Evidence That The
Bankruptcy Court Made A Mistake ........................... 12

    B.    DSS Will Suffer Irreparable Harm If The October
20, 2006, Order Is altered And The Betta I Judgment
Erased ............................................................ 17

CONCLUSION ........................................................... 21

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

Andrulonis v. United States
    26 F.3d 1224, 1235 (2d Cir. 1994) …………………………………… 6

Blanton v. Anzalone
    813 F.2d 1574, 1577 (9th Cir. 1987) ………………………………… 12

Davis v. United States
    6i67 F.2d 822, 824 (9th Cir. 1982) ………………………………… 7, 11

DirecTV, Inc. v. Leto
    467 F.3d 842, 845-46 (3d Cir. 2006) ………………………………… 20

Engelson v. Burlington Northern R. Co.
    972 F.2d 1038, 1043 (9th Cir. 1992)………………………………… 6

FHC Equities, L.L.C. v. MBL Life Assur. Corp.
    188 F.3d 678, 683 (6th Cir. 1999)…………………………………… 6

Fizer v. Safeway Stores, Inc.
    586 F.2d 182, 183 (10th Cir. 1978) ……………………………… 19, 21

G & M, Inc. v. Newbern
    488 F.2d 742, 746 (9th Cir. 1973)…………………………………… 7

Imperial County, California v. Ortho Diagnostic Sys., Inc.
    348 F.2d 904 (9th Cir. 1965) …………………………………….. 12, 20

In Re Frigitemp Corp.
    781 F.2d 324, 327 (9th Cir.) …………………………………….. 11

In re Sizzler Restaurants Int'l, Inc.
    262 BN.R. 811, 823-24 (D.C. Cal. 2001) ………………………… 20

In Re Transtexas Gas Corp.
    303 F.3d 571, 578-79 (5th Cir. 2002) ….……………………… 8, 13, 20

In re Wade
    115 B.R. 222 (BAP Ariz. 1990)……………………………………… 10

Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.
    341 v. F.3d 987, 988 (9th Cir. 2003) ………………………… 17, 20, 21

Logan v. Burgers Ozark Country Cured Hams, Inc.
    263 F.3d 447, 454 (5th Fir. 2001) …………………………………… 8

Martella v. Marine Cooks & Stewards Union, Seafarers Int'l
Union of North America, AFL-CIO
    448 F.2d 729, 730 (9th Cir. 1971) …………………………….. 5

Page

Matter of West Texas Mktg. Co.
    12 F.3d 497, 504-05 (5th Cir. 1994) ..................................... 12

Mayes v. Fujimoto
    181 F.R.D. 453 (D.C. Haw. 1998)
    aff'd. 173 F.3d 861 (9th Cir. 1999) ..................................... 20

Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.
    460 U.S. 1, 23 (1983) .............................................. 17, 19

Sendco, Inc. v. Petroleos Mexicanos Mexican Nat. Oil. Co.
    6i76 F.2d 1140, 1145 (5th Cir. 1985) ................................... 17

Schoenduve Corp. v. Lucent Tech., Inc.
    442 F.3d 727, 731 (9th Cir. 2006)................................... 18, 19

Shearson/American Exp., Inc. v. McMahon
    482 U.S. 220, 226 (1987) ............................................. 17

Sherk v. Alberto-Culver co.
    417 U.S. 506, 510 (1974) ............................................. 17

Wilson v. Moore & Assoc., Inc.
    564 F.2d 366, 368 (9th Cir. 1977)....................................... 6

**Federal Statutes**

Fed. R. Civ. P. 21 ........................................................ *passim*

Fed. R. Civ. P. 42 ........................................................ *passim*

Fed. R. Civ. P. 59(e) ........................................................ 16

Fed. R. Civ. P. 60(a) ..................................................... *passim*

Fed. R. Civ. P. 60(b)..................................................... *passim*

**Other**

11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane
    Federal Rules of Civil Procedure § 2851 (2nd Ed. 1995) ............... 5

11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane
    Federal Rules of Civil Procedure § 2854 (2nd Ed. 1995) ......... 11, 16

11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane
    Federal Rules of Civil Procedure § 2856 (2nd Ed. 1995) .......... 8, 11

**Page**

11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane
Federal Rules of Civil Procedure § 2858 (2nd Ed. 1995) ............ 5, 6

11 Wright, Miller, and Kane
Federal Rules of Civil Procedure § 2868 ................................ 5

4 James Wm. Moore
Moore's Federal Practice 21.06 (3d Ed. 2007) ........................ 15

12 James Wm. Moore
Moore's Federal Practice § 60.11 [1] (a) (3d Ed. 2007) ............. 11

12 James Wm. Moore
Moore's Federal Practice § 60.11 [1] (b) (3d Ed. 2007) ............. 12

12 James Wm. Moore
Moore's Federal Practice § 60.11 [3] (3d Ed. 2007) ......... 12, 16, 20

12 James Wm. Moore
Moore's Federal Practice § 60.12 [2] (c) (3d Ed. 2007) ............... 9

12 James Wm. Moore
Moore's Federal Practice § 60.20 (3rd Ed. 2007)....................... 5

12 James Wm. Moore
Moore's Federal Practice § 60.21 [1] and [2] (3rd Ed. 2007).......... 5

20 James Wm. Moore
Moore's Federal Practice § 303.32 [1] (3d Ed. 2007) ................. 7

20 James Wm. Moore
Moore's Federal Practice § 303.32 [2] (a) [ii] (3d Ed. 2007) ......... 8

20 Jamaes Wm. Moore
Moore's Federal Practice § 303.32 [1] & [2] (a) [ii] (3d
Ed. 2007)  ............................................................. 11

**INTRODUCTION**

Betta and the Trustee no longer dispute the fact that the claims that were severed and sent to binding arbitration ("Betta I") ended in a final judgment by virtue of the October 20, 2006 Order severing Betta I, under Rule 21, from the remaining claims pending in the Bankruptcy Court ("Betta II). However, they recently moved the Bankruptcy Court under FED. R. CIV. P. 60(a) to substitute a new order for the Court's October 20, 2006 severance order. The Bankruptcy Court apparently obliged in its November 5, 2007 Memorandum and Order Amending Prior order. Betta and the Trustee now argue that the Bankruptcy Court, ostensibly acting under Rule 60(a) to correct a "clerical mistake," substituted a wholly new order separating the cases for trial under Rule 42 for the year-old October 20, 2006 Order. The net effect of all that, they say, is to undo the finality of the judgment entered in Betta I on March 1, 2007 and moot this interlocutory appeal.

In fact, the judgment in Betta I is presently on appeal by Betta. In order to protect the finality of the Betta I judgment, the District Court specifically denied Betta's and the Trustee's motion to dismiss, without prejudice, and instead, stayed the appeal while retaining jurisdiction. *See Betta, et al v. Distribution Systems, et al*, Case No. CV 07-02661 VRW (N.D. Cal. Sept. 26, 2007). Thus,

1

once appealed, the Bankruptcy Court lost jurisdiction over the Betta I judgment, and therefore, the November 5, 2007 Order amending the prior Order was entered in excess of the Bankruptcy Court's jurisdiction. Moreover, even it had jurisdiction, the November 5 Order should never have been entered because (1) Betta was required to bring its motion under Rule 60(a) to correct the "clerical mistake" in the District Court where the appeal is pending, which it did not do, and (2) the motion under Rule 60(a) lacks merit as the relief sought affected substantive, legal rights of DSS, not just a correction of a "clerical error."

Now, in a further concession that the Betta I judgment was final and in apparent recognition that the Bankruptcy Court's Rule 60(a) substitute order lacks legitimacy, they have moved this Court, under Rule 60(b), to revoke the finality of the Betta I judgment. This time they have the wrong court, the wrong time, the wrong rule, and the wrong case. Rule 60(b) has no application here. They must start a whole separate action (which they did not do) or they must make their Rule 60(b) motion to the trial court which entered the judgment they seek to amend, undue, or overturn (which they did not do), and they must make that motion in Betta I, the case in which the judgment was entered, not here in Betta II (which they did not do). Finally, even if they brought their Rule 60(b) motion procedurally correctly, their ground for relief stated – their own ignorance of the difference between Rules 21 and 42 – is insufficient as a matter of law.

2

The only questions properly before this Court in this interlocutory appeal are (1) whether in the first instance, the Bankruptcy Court severed the cases under Rule 21, thus producing a final judgment in Betta I, a fact everyone now concedes, and (2) whether the Bankruptcy Court could, under Rule 60(a) undo the finality of that judgment on the ground that it resulted from a clerical mistake, which must be clear from the record. This Court should answer the second question in the negative.

The Bankruptcy Court's attempt to substitute its October 20, 2006 Order with the November 5, 2007 Order is a nullity, since the Bankruptcy Court did not have jurisdiction to impose that order, and, if it did, doing so was an abuse of Rule 60(a) for the reasons set forth below.

A review of the complete record relevant to the issue raised by Betta and the Trustee's motion shows that the arbitration claims were intended to be severed in accordance with Rule 21, and judgment would not have been entered if the severance were in accordance with Rule 42, at least until the Betta II claims were tried by the Court. For the reasons set forth below, the motion to dismiss appeal should be denied.

# ARGUMENT

## I.  FED R. CIV. P. 60(b) DOES NOT AUTHORIZE THIS COURT TO GIVE RELIEF FROM THE JUDGMENT IN BETTA I.

Everyone now concedes that the Betta I judgment was final. Betta and the Trustee first asked the Bankruptcy Court to undo the finality of that judgment by substituting a later order for its earlier Rule 21 severance order.  However, in an apparent recognition of the tenuous nature of the later order entered under Rule 60(a) on clerical mistake grounds, *see* Arguments II and III, *infra*, they have now approached this Court, asking it also to undo the finality of the Betta I judgment on grounds of substantive error under rule 60(b).  See Motion for: Relief from Order Granting Leave to Appeal, etc. ("Betta Motion to Dismiss Appeal") at 2 & 5. However, this motion is brought in the wrong court, as Rule 60(b) is a trial court rule of civil procedure, and this Court is acting in its appellate capacity. In addition, Betta and the Trustee have not made the showing necessary to obtain Rule 60(b) relief.

### A.  Rule 60(b) Pertains To Trial Not Appellate Court Proceedings.

> Rule 60(b) . . . provides two types of procedures to obtain relief from judgments. The usual procedure is by motion in the court and in the action in which the judgment was rendered . . . The other procedure is by a new or independent action to obtain relief from a judgment, which action may, but need not, be begun in the court that rendered the judgment.

11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL RULES OF CIVIL PROCEDURE §2851 (2nd Ed. 1995). "Independent action" refers to a second law suit in equity to seek relief from the judgment. *See id.* §2868. Since Betta's and the Trustee's motion was neither made in a motion to the court which rendered the judgment, nor made in the action giving rise to the judgment, nor made in an independent suit in equity, its motion must be denied. *See* FED. R. CIV. P. 60(b); *see also* 11 Wright, Miller, and Kane, FEDERAL RULES OF CIVIL PROCEDURE §§2851, 2868; 12 James Wm. Moore, MOORE'S FEDERAL PRACTICE §60.21[1] and [2] (3rd Ed. 2007).

### B.    The Circumstances Required To Give Relief Under Rule 60(b) Are Not Present Here.

Rule 60(b) provides relief from substantive errors in orders and judgments. *See* 12 James Wm. Moore, MOORE'S FEDERAL PRACTICE §60.20 (3rd Ed. 2007). In order to obtain relief under Rule 60(b), a party must show why it was justified in failing to avoid the error it now seeks to correct. *See* 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL RULES OF CIVIL PROCEDURE §2858 (2nd Ed. 1995); *see also Martella v. Marine Cooks & Stewards Union, Seafarers Int'l Union of North America, AFL-CIO,* 448 F.2d 729, 730 (9th Cir. 1971) (holding party must show extraordinary circumstances prevented timely appeal in order to open judgment). Neither ignorance of the rule nor the law is

sufficient ground for relief under rule 60(b). *See Wilson v. Moore & Assoc., Inc.*, 564 F.2d 366, 368 (9th Cir. 1977); *see also FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 683 (6th Cir. 1999) (holding misinterpretation of rule no excuse to reopen judgment); *Engleson v. Burlington Northern R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992). Voluntary actions may also prevent relief under rule 60(b). *See Andrulonis v. United States,* 26 F.3d 1224, 1235 (2d Cir. 1994) (holding party's deliberate strategy choice cannot be relieved under rule 60(b)).

Betta and the Trustee first called the error clerical. *See* Motion of Betta and the Trustee to Amend October 20, 2006, Order, Bankruptcy Docket No. 207 ("Betta Motion to Amend Order"), a true and correct copy of which is attached to this memorandum as Exhibit A for the Court's easy reference. Now they seek relief under Rule 60(b), but they have not identified any substantive error or any newly discovered evidence to warrant reopening the judgment. The only ground they give for undoing the finality of the judgment was their mistake in understanding the significance of a Rule 21 severance. *See* Betta Motion to Amend Order at 3; *see also* Betta Motion to Dismiss Appeal at 4. That is insufficient ground under rule 60(b). *See, e.g.,* 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL RULES OF CIVIL PROCEDURE §2858 (2nd Ed. 1995).

## II.    THE BANKRUPTCY COURT DID NOT AND DOES NOT HAVE JURISDICTION TO ALTER ITS OCTOBER 20, 2006, ORDER.

After this Court had accepted this interlocutory appeal, established a briefing schedule, and received DSS' initial brief, Betta and the Trustee, in an apparent attempt to avoid the possibility that this Court would reverse the Bankruptcy Court's denial of DSS' motion to dismiss, moved the Bankruptcy Court to correct what they termed a clerical error in the October 20, 2006 Order severing the Betta I arbitration proceeding from Betta II.  Motion of Betta and the Trustee to Amend October 20, 2006, Order, Bankruptcy Docket No. 207 at 3.  The Bankruptcy Court granted their motion. Memorandum and Order Amending Prior order, Bankruptcy Docket No. 208.

However, the Bankruptcy Court did not have jurisdiction to amend its October 20, 2006 severance order, because it lost jurisdiction of Betta I following Betta's and the Trustee's appeal of the Betta I judgment.  *See* 20 James Wm. Moore, MOORE'S FEDERAL PRACTICE §303.32 [1] (3d Ed. 2007); *see also Davis v. United States*, 667 F.2d 822, 824 (9th Cir. 1982) (holding that filing notice of appeal passes jurisdiction to appellate court and deprives trial court of jurisdiction); *G & M, Inc. v. Newbern,* 488 F.2d 742, 746 (9th Cir. 1973) (holding that trial court lost jurisdiction to entertain motion once jurisdiction of case passed to appellate court). Trial courts may not reexamine or adjust the judgment

from which an appeal is pending, and they may not alter the status of a case as it rests before the appellate court. *See* 20 James Wm. Moore, MOORE'S FEDERAL PRACTICE §303.32 [2] (a) [ii] (3d Ed. 2007). Amendment of the October 20, 2006 order to erase retroactively the finality of the Betta I judgment would not only alter the status of Betta I as it sits before the District Court on appeal, it would divest the District Court of jurisdiction. The Bankruptcy Court does not have the power or jurisdiction to take such drastic steps. *See id.; see also In Re Transtexas Gas Corp.*, 303 F.3d 571, 578-79 (5th Cir. 2002) (holding appeal divests trial court of jurisdiction); *Logan v. Burgers Ozark Country Cured Hams, Inc.*, 263 F.3d 447, 454 (5th Cir. 2001) (holding lower court loses all jurisdiction over matters in which an appeal has been perfected, except to correct clerical errors and an attempt to substitute prior order that dismissal was without prejudice with order that it was with prejudice was clearly not clerical, but substantive and, therefore, not allowed under rule 60(a)).

Moreover, Betta sought its relief from the wrong court. Parties seeking relief from clerical errors in judgments or orders after an appeal is docketed may only do so "with leave of the appellate court." *See id.; see also* 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE §2856 (2 ed. 1995). Therefore, Betta and the Trustee were required first to secure leave from this Court before seeking relief under Rule 60(a).

8

After the appeal is docketed, the trial court may correct clerical errors only with the permission of the reviewing court. If a change is made without that permission, it is a nullity. *See* 12 James Wm. Moore, MOORE'S FEDERAL PRACTICE §60.12 [2] (c) (3d Ed. 2007). Betta's and the Trustee's failures to seek permission from the District Court in connection with the appeal of Betta I as well as in connection with this interlocutory appeal of Betta II makes any attempt to alter the October 20, 2006, order during either of these appeals a nullity, and this Court should treat it as such. *See id.*

Betta and the Trustee argue, conversely, that this Court had not yet obtained jurisdiction over Betta II when the Bankruptcy Court issued its substitute order on November 5, 2007, and that the Bankruptcy Court retained jurisdiction over the judgment in Betta I even though it, too, is on appeal, because the issue of the finality of the judgment in Betta I was not involved in the appeal. *See* Betta Motion to Dismiss Appeal at 9-10.

In the first instance, it is hard to believe that the Bankruptcy Court's substitute order was entered before jurisdiction shifted to this Court given that Betta and the Trustee had not even moved for that relief (1) before DSS filed its motion for leave to appeal, (2) before this Court granted that motion, (3) before this Court established a briefing schedule, and (4) before DSS had served and

filed its opening brief. *Compare* Ronk Declaration accompanying Betta's
Motion to Dismiss Appeal, Exhibit H, Doc. # 207 and Exhibit I, Doc. ## 7-8.

More importantly, the Bankruptcy Court lacked jurisdiction to amend the
Betta I judgment , where, as Betta and the Trustee concede, the appeal was
docketed and fully briefed months ago. Betta and the Trustee are simply wrong
about the Bankruptcy Court retaining jurisdiction because the finality of the
judgment from which they appealed was not an issue involved in that appeal.
They rely on *In re Wade*, 115 B.R. 222 (BAP Ariz. 1990). Their reliance is
misplaced because *Wade* addressed whether a Bankruptcy Court retained
jurisdiction to dismiss a counterclaim brought by the debtor in a case in which
the debtor had appealed the court's earlier order lifting the stay to allow the
Arizona State Bar Association to pursue disciplinary proceedings against the
debtor. There was no final judgment entered or appealed from, and the
appellate panel ruled that the Bankruptcy Court retained jurisdiction because the
appeal did not involve the remaining issue of the propriety of the counterclaim.
*Id.* at 230. Obviously, *Wade* does not resemble Betta I in any relevant way and
is not persuasive. The appeal in Betta I was from a final judgment and could
only have been taken from a final judgment. An order that seeks retroactively to
undo the finality of that judgment goes to the heart of the appeal of that
judgment. The Bankruptcy Court has no jurisdiction to tamper with that

judgment.  *See, e.g., Davis v. United States*, 667 F.2d 822, 824 (9th Cir. 1982);

20 James Wm. Moore, MOORE'S FEDERAL PRACTICE §303.32 [1] & [2] (a) [ii]

(3d Ed. 2007); 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane,

FEDERAL PRACTICE AND PROCEDURE §2856 (2 Ed. 1995).

### III.   THE PROPOSED SUBSTITUTION OF THE NOVEMBER 5, 2007 ORDER FOR THE OCTOBER 20, 2006 ORDER IS AN ABUSE OF FED R. CIV. P. 60(a).

This Court should also reject Betta's and the Trustee's argument that the

proposed substitution of the October 20, 2006 order with the November 5, 2007

order disposes of this appeal because the proposed substitution is an abuse of

Fed. R. Civ. P. 60(a).  Rule 60(a) allows for amendments to orders and

judgments to correct clerical mistakes evident from the record.  *See* FED. R. CIV.

P. 60(a); *see also In Re Frigitemp Corp.*, 781 F.2d 324, 327 (9[2d] Cir. ) (holding

that if there was no clear cut evidence from the record that the court intended to

grant pre-judgment interest when it ruled on the trustee's claim, it may not be

added by correction under rule 60(a)); 12 James Wm. Moore, MOORE'S

FEDERAL PRACTICE §60.11 [1] (a) (3d Ed. 2007) (stating that "[r]ule 60 (a)

applies when the record indicates that the court intended to do one thing but, by

virtue of a clerical mistake or oversight, did another"); 11 Charles Alan Wright,

Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure §2854

(2d Ed. 1995) (stating that 60(a) is intended to correct clerical errors and

11

omissions and not errors of a substantial nature). The rule does not allow

changes that would affect substantive, legal rights of one party. *Id.* at §60.11

[3]; *see also Matter of West Texas Mktg. Co.,* 12 F.3d 497, 504-05 (5th Cir.)

1994). Betta's contention that the November 5, 2007 Order vitiates the finality

of the Betta I judgment certainly affects DSS' substantive, legal rights.

**A.     The Record Contains No Evidence That The Bankruptcy Court Made A Mistake.**

Transcription errors and mathematical mistakes are typical "clerical

errors," for which rule 60(a) was intended to provide correction. 12 James Wm.

Moore, MOORE'S FEDERAL PRACTICE §60.11 [1] (b) (3d Ed. 2007). Substantive,

legal errors are not correctable under rule 60(a), and the rule does not allow

changes that would affect a substantial, legal right of one party. *Id.* at §60.11

[3]; *see also Imperial County, California v. Ortho Diagnostic Sys., Inc.,* 348

F.2d 904 (9th Cir. 1965) (comparing the difference between a judgment correctly

amended under rule 60 (a) to change a date from one week to the next and an

incorrectly amended judgment that added a parcel of land to the real estate

described in the original judgment); *compare also Blanton v. Anzalone,* 813

F.2d 1574, 1577 (9th Cir. 1987) (allowing court to delete clerical mistake in

judgment awarding prejudgment interest where record contained repeated pre-

judgment statements from the court that it never intended to award prejudgment

interest).  Even *In Re Transtexas Gas Corp.*, 303 F.3d 571 (5th Cir. 2002), the

sole case relied upon by Betta and the Trustee in their motion to the Bankruptcy

Court, *Motion of Betta and the Trustee to Amend October 20, 2006, Order,*

*Bankruptcy Docket No. 207 at 3*, does not support allowing the Bankruptcy

Court's proposed replacement of the October 20, 2006, order.  In *Transtexas*,

the Fifth Circuit upheld reversal of the Bankruptcy Court's order setting the

interest rate applicable to the state taxing authority's priority tax claims on the

grounds that that order was not an order correcting clerical mistakes.  303 F.3d

at 582.

     This record is totally devoid of any evidence that the Bankruptcy Court

intended to do one thing, but, by virtue of some clerical mistake, did another.

Betta and the Trustee say "[a]t no time during the hearing did the Bankruptcy

Court indicate that is was severing the claims pursuant to Federal Rule of Civil

Procedure 21." *Id.* at 4.  That mischaracterizes the record. Here is what the

Bankruptcy Court, in fact, did say:

THE COURT:    What I am contemplating is an order which does three
things: number one, grants the motion to amend the
complaint; number two severs those claims added in the
amended complaint from those in the original complaint,
allowing the claims in the original complaint to go forward,
and, as you said, holding the added claims; and reserving the
res judicata argument, that is to say, reserving th argument as
to whether or not the claims raised in the amended complaint
are barred because of Plan confirmation.

MR. BEITZ:          Or are barred by the decision in the arbitration?

THE COURT:          Well, that goes without saying.  Yeah.

Ronk Declaration, Exhibit A, at 12.

THE COURT:          I mean it's the same act. You're [Betta] saying this act had
                    two consequences. Number one, it was a breach of contract;
                    and number two, it was tortuous. . .But if you [Betta] lose in
                    the arbitration, that is to say, the arbitrator says they did not
                    breach the contract, I don't see how it would be possible for
                    you to have a tort, a viable tort claim. If the arbitrator says
                    they did everything right under the contract, they did
                    everything they were supposed to regarding the inventory,
                    then I don't see how you have a remaining tort claim.

*Id.* at 14.
THE COURT:          And if I issue the order that I proposed, I'm preserving your
                    [Betta's] rights. If you win in the arbitration, that puts you in
                    a pretty good position to prosecute your tort claims. If you
                    lose in the arbitration, I think your tort claims either, (sic) as
                    a matter of law or if not as a matter of law, as a matter of
                    practicality, just go poof!

*Id.* at 15.

THE COURT:          . . .it seems to me the order that I am proposing preserves
                    your client's [Betta's] rights and allows the arbitration to go
                    forward, and the whole idea of arbitration is, it's not subject
                    to legal review, so the arbitrator basically does what he or
                    she thinks is right, and then if you're successful in the
                    arbitration, then you've still got these tort claims which can
                    be litigated.

*Id.* at 17.

THE COURT:          . . .my order will be that leave is granted to file the amended
                    complaint. The claims added in the amended complaint are
                    severed from the claims in the original complaint, and the

> original complaint may proceed in arbitration as the
> arbitrator deems proper.

*Id.* at 18.

Nothing could be clearer. The Court intended to *sever* the claims into two discrete cases. However, Betta and the Trustee say the Bankruptcy Court intended to *separate* the trials of two factions of Betta I under Rule 42 and made the mistake of referring to Rule 21. *See* Betta Motion to Dismiss Appeal at 6. There is nothing in the record anywhere to support that assertion. In fact, as quoted above, the court said it wanted to sever the cases so the *claims* and the two *actions,* not the trials, could proceed separately. Ronk Declaration, Exhibit B at 2. It warned Betta and the Trustee that severance of the cases would create the potential that the result in Betta I would bar Betta II if both cases arose from the same facts. Ronk Declaration Exhibit A at 14, 15, and 17. The only way that could happen is if Betta I ended in a final judgment—the natural result in a case severed under Rule 21 but not a case separated for trial under rule 42. *See* 4 James Wm. Moore, MOORE'S FEDERAL PRACTICE §21.06 (3d Ed. 2007) (explaining the differences between rules 21 and 42). The Bankruptcy Court's October 20, 2006 Order explicitly severed the cases under Rule 21 so "the actions will proceed separately." Ronk Declaration Exhibit B at 2. It ultimately

confirmed the Betta I arbitration and entered judgment. App.[1] Exs. C, D, and E.

Certainly the Bankruptcy Court would not have entered judgment if it thought

there was just one case with two separate trials under Rule 42. Rule 60(a) may

not be used when the court changes its mind. *See* 12 James Wm. Moore,

MOORE'S FEDERAL PRACTICE §60.11[3] (3d Ed. 2007).  It is hard to imagine

anything more substantive than reversing the finality of a judgment. Such

attempts should be left to Rules 60(b) and 59(e), which require a higher

standard. *See* 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane,

Federal Practice and Procedure §2854 (2d Ed. 1995).

Further, Betta and the Trustee, knowing that the Betta I judgment was

final, then appealed it. App. Ex. F.  They later attempted to undo the finality of

the judgment they appealed by moving to dismiss that appeal without prejudice,

but this Court rebuffed them, only staying, not dismissing the appeal. *See Betta*

*Prod., Inc. v. Distrib. Sys. and Serv., Inc.*, No. 07-02661VRW, slip op. (N.D.

Cal. Sep. 26, 2007).  Thus, there is absolutely nothing in the record indicating

an intention or an understanding by anyone, including Betta and the Trustee,

contrary to what the October 20, 2006 Order says on its face: that the cases were

severed under Rule 21 and proceeded thereafter as two distinct cases.

---

[1] References in this Memorandum to "App." are to the Appendix to DSS' opening brief.

16

**B.     DSS Will Suffer Irreparable Harm If The October 20, 2006, Order Is Altered And The Betta I Judgment Erased.**

The rights contained in an arbitration agreement to a swift, inexpensive resolution by experts in the field, chosen by the parties should not be denied except under the most extraordinary circumstances. *Sendco, Inc. v. Petroleos Mexicanos Mexican Nat. Oil Co.,*767 F.2d 1140, 1145 (5th Cir. 1985) (citations omitted). The Federal Arbitration Act was intended to "reverse centuries of judicial hostility to arbitration agreements by placing arbitration agreements 'upon the same footing as other contracts.'" *Sherk v. Alberto-Culver Co.*, 417 U.S. 506, 510 (1974). The policy favoring arbitration requires that courts rigorously enforce agreements to arbitrate, *see Shearson/American Exp., Inc. v. McMahon*, 482 U.S. 220, 226 (1987), and that they move parties in an arbitral dispute out of court and into arbitration as smoothly as possible, *see Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 23 (1983). The contractually chosen right of resolving disputes by arbitration should not be abrogated. *See Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 988 (9th Cir. 2003) (holding choice of sophisticated parties to arbitrate disputes should be protected).

DSS and Betta chose to avail themselves of that policy and to exercise that right when they contracted to resolve their disputes by arbitration. They

spent months and substantial resources conducting discovery and engaging in pre-hearing motion practice. They jointly chose a panel of expert arbitrators to try the case. That panel issued an award in DSS' favor on all of the claims in the arbitration together with the costs of that arbitration, Arbitration Award [Bankruptcy Court Docket No. 160, Ex. K], and the Bankruptcy Court confirmed that award, App. Exs. C and D, entered judgment in DSS' favor, App. Ex. E, and then reaffirmed what it had stated on a number of occasions,[2] and Betta and the Trustee have admitted,[3] that the issues in Betta I and Betta II are identical, App. Ex. H at 3. Thus, Betta I should dispose of Betta II on collateral estoppel grounds. *See id.*

However, Betta and the Trustee are seeking to deny DSS the benefit of the Betta I judgment and of the arbitration process itself by convincing the Bankruptcy Court to treat Betta I and Betta II as separate trials under Rule 42. That can lead to only one of two results. The Court can come to the same conclusion in Betta II as the arbitration panel did in Betta I and enter a ruling consistent with the judgment in Betta I. If it does that, Betta II will have been a total waste of the Court's and parties' time and money, a result the arbitration agreement was specifically intended to prevent. *See Schoenduve Corp. v.*

---

[2] App. Ex. B; *see also* Bankruptcy Court Docket No. 160, Ex. V at 2.
[3] Bankruptcy Court Docket No. 160, Exs. S at 4-10 and T at 5-6.

*Lucent Tech., Inc.*, 442 F.3d 727, 731 (9th Cir. 2006) (observing that arbitration

is intended to provide "simplicity, informality, and expedition") see also *Fizer v.*

*Safeway Stores, Inc.*, 586 F.2d 182, 183 (10th Cir. 1978).

Alternatively, the court can reach a different conclusion and enter a ruling

inconsistent with the arbitration panel on issues, which, as the Bankruptcy Court

has already said on numerous occasions, are identical. *See* Ronk Decl., Exh. C,

p. 3. That would not only deny DSS the judgment it has earned, but it will also

deny DSS the right it contracted for to have its disputes with Betta arbitrated.

Either result will thwart the very purpose of the arbitration agreement between

DSS and Betta. *See Schoenduve and Fizer; see also Moses H. Cone Mem'l*

*Hosp.*, 460 U.S. at 23 (1983). Once the arbitration award judgment was entered,

its finality should not be upset except in most unusual circumstances. *See Fizer,*

586 F.2d at 183.

If this Court allows the November 5, 2007 Order to stand, and the

Bankruptcy Court uses it to undue retroactively the finality of the arbitration

award, DSS will not only be denied the judgment it was awarded months ago. It

will also be denied the time, effort, and money it spent in the Betta I arbitration

and in opposing Betta's and the Trustee's appeal of the Betta I judgment as well

as the preclusive effect of that judgment. Replacing the October 20, 2006 Order

with the November 5, 2007 Order is not an act of mere clerical proportions but

one that effectively denies DSS its substantive, legal rights. This Court should not allow it. *See Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 v. F.3d 987, 988 (9th Cir. 2003); *see also Imperial County, California v. Ortho Diagnostic Sys., Inc.*, 348 F.2d 904 (9th Cir. 1965); *In re Sizzler Restaurants Int'l, Inc.* 262 B.R. 811, 823-24 (D.C. Cal. 2001); *Mayes v. Fujimoto*, 181 F.R.D. 453 (D.C. Haw. 1998), aff'd. 173 F.3d 861 (9th Cir. 1999); *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845-46 (3d Cir. 2006); *In Re Transtexas Gas Corp.*, 303 F.3d 571, 582 (5th Cir. 2002); and 12 James Wm. Moore, MOORE'S FEDERAL PRACTICE §60.11 [3] (3d Ed. 2007).

The Third Circuit in *DirecTV, Inc., v. Leto*, 467 F.3d 842, 845-46 (3d Cir. 2006) faced almost identical circumstances as this Court faces here. The District Court had severed the cases and ordered them to proceed separately, but later interpreted its order as one dropping and dismissing a claim instead of severing it. The Court of Appeals acknowledged that appellate courts normally give deference to lower courts' interpretations of their own orders, but where the plain language of the order said the present case "shall proceed as a separate action," the order was a severance and not a drop and dismissal. This case is even more compelling for such treatment. Here the Bankruptcy Court not only ordered the cases to proceed separately but it specifically invoked Rule 21 in severing the cases so they could proceed separately. Further, it did nothing to

evidence an intent merely to separate the trials under Rule 42. This Court should prohibit it from changing its mind and doing so now. *See id.; see also Kyocera,* 341 v. F.3d at 988 and *Fizer,* 586 F.2d at 182.

## CONCLUSION

The March 1, 2007 judgment was undeniably entered in a case severed under Rule 21. That judgment was final. Betta, the Trustee, and the Bankruptcy Court admit that much. The Bankruptcy Court lacks jurisdiction to undo the finality of that judgment with a retroactive interim order, and any attempt to do so under Rule 60(a) would be an abuse of that rule. Moreover, any motion under rule 60(b) is misplaced and should be denied on its face. For the foregoing reasons, DSS respectively asks this Court to deny the motion to dismiss and to hear the appeal on its merits.

Dated: December ___3___, 2007.

Respectfully submitted,

ABBEY, WEITZENBERG, WARREN
  & EMERY
Richard W. Abbey, Esq., State Bar 53039
Mitchell B. Greenberg, Esq., State Bar 114878
Rachel Nunes, Esq., State Bar 172525
100 Stony Point Road, Suite 200
Santa Rosa, CA  95402-1566
Telephone:  707-542-5050
Facsimile:  707-542-2589

HAGERTY JOHNSON & BEITZ P.A.
James Anton Beitz, Minn. Atty. Id. No. 6233
701 Fourth Avenue, South, Suite 700
Minneapolis, Minnesota  55415
Telephone:  (612) 349-9000
*(Appearing Pro Hac Vice)*

Attorneys for Defendant—Appellant

## PROOF OF SERVICE
## [Code Civ. Proc. § 1013(a)]

I am employed in the County of Sonoma, California.

I am over the age of eighteen (18) years and not a party to the within cause; my business address is 100 Stony Point Road, Suite 200, Santa Rosa, California 95401.

On the date set out below, I served the attached:

### MEMORANDUM IN OPPOSITION TO MOTION
### TO DISMISS APPEAL

on the interested parties in said cause, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Daren R. Brinkman. Esq.                Counsel for
Laura J. Protillo, Esq.                Betta Products, Inc. and
Brinkman Portillo, PC                  Dana McCurnin Trustee of
4333 Park Terrace Drive                The Betta Products, Inc. Litigation
  Suite 205                            Trust
Westlake Village, CA  91361
Telephone:  (818) 597-2992
Facsimile:  (818) 597-2998

  XX       (BY MAIL)  I placed each such sealed envelope, with postage
           thereon fully prepaid for first-class mail, for collection and mailing
           at Santa Rosa, California, following ordinary business practices.  I
           am readily familiar with the practice of Abbey, Weitzenberg,
           Warren & Emery for the processing of correspondence, said
           practice being that in the ordinary course of business,
           correspondence is deposited with the United States Postal Service
           the same day as it is placed for processing.

23

_____    (BY OVERNIGHT MAIL)  I placed each such sealed envelope, with postage thereon fully prepaid for overnight mail, for collection and mailing at Santa Rosa, California, following ordinary business practices.  I am readily familiar with the practice of Abbey, Weitzenberg, Warren & Emery for the processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited with the overnight mail provider the same day as it is placed for processing.

_____    (BY PERSONAL SERVICE)  I caused such envelope to be delivered by hand to the addressee(s) noted above.

(BY FACSIMILE)  I caused said document to be transmitted by facsimile machine to the number indicated after the address(es) noted above.

_____    (BY ELECTRONIC TRANSMISSION)  I caused said document to be transmitted electronically to the email addresses indicated after the address(es) noted above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on December ____3____, 2007, in Santa Rosa, California.


_____
Barbara S. Himbert

24