# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## No: C 07-04825 WHA

---

Betta Products, Inc. and Dana McCurnin, Trustee of the Betta Products Litigation Trust,

Plaintiffs-Appellees,

v.

Distribution Systems and Services, Inc.

Defendant-Appellant.

---

## SUPPLEMENT TO MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS APPEAL

---

Richard W. Abbey, Esq. SBN 53039
Mitchell B. Greenberg, Esq. SBN 114878
Rachel K. Nunes, Esq. SBN 172525
Abbey, Weitzenberg, Warren & Emery
100 Stony Point Road
Suite 200
Post Office Box 1566
Santa Rosa, CA 94502-1566
Telephone: (707) 542-5050

James Anton Beitz, MN ATTY. ID No. 6233
Hagerty Johnson & Beitz P.A.
701 Fourth Avenue, South, Suite 700
Minneapolis, Minnesota 55415
Telephone: (612) 349-9000
*Pro Hac Vice*

Attorneys for Defendant, Appellant

Defendant-Appellant DISTRIBUTION SYSTEMS AND SERVICES,

INC., aka DSS, hereby submits Exhibit A to its Memorandum In Opposition

To Motion To Dismiss Appeal e-filed with this Court on December 3, 2007,

Court's electronic Document No. 16.  Exhibit A was inadvertently not

attached to the aforementioned Memorandum.

Dated:  December 4, 2007.          Respectfully submitted

                                   _____
                                   ABBEY, WEITZENBERG, WARREN
                                     & EMERY
                                   Richard W. Abbey, Esq., SBN 53039
                                   Mitchell B. Greenberg, Esq., SBN 114878
                                   Rachel Nunes, Esq., SBN 172525
                                   100 Stony Point Road, Suite 200
                                   Santa Rosa, CA  95402-1566
                                   Telephone:  707-542-5050
                                   Facsimile:  707-542-2589

                                   HAGERTY JOHNSON & BEITZ P.A.
                                   James Anton Beitz, Minn. Atty. Id. 6233
                                   701 Fourth Avenue, South, Suite 700
                                   Minneapolis, Minnesota  55415
                                   Telephone:  (612) 349-9000
                                   *(Appearing Pro Hac Vice)*

                                   Attorneys for Defendant—Appellant

**EXHIBIT A**
TO
**DEFENDANT-APPELLANT'S**
**MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**

1  Daren R. Brinkman (State Bar No. 158698)
2  Laura J. Portillo    (State Bar. No. 186813)
   BRINKMAN PORTILLO, PC
3  4333 Park Terrace Drive, Suite 205
   Westlake Village, CA 91361
4  Telephone: (818) 597-2992
   Facsimile: (818) 597-2998
5
6  Special Counsel to Betta Products, Inc.,
   And Dana McCurnin, the Trustee
7  of the Betta Products Litigation Trust

8
9                    UNITED STATES BANKRUPTCY COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

                          SANTA ROSA DIVISION
11

12  In re:                               )  Bankruptcy Case No. 03-10925 AJ
                                         )
13  BETTA PRODUCTS, INC., a California   )  Chapter 11
    Corporation                          )
14                                       )  Adversary No. 05-01046 AJ
                                         )
15           Debtor.                     )  **MOTION OF BETTA PRODUCTS, INC.
                                         )  AND DANA MCCURNIN TO AMEND
16  ─────────────────────────────       )  COURT'S ORDER GRANTING
    BETTA PRODUCTS, INC., Debtor in      )  PLAINTIFFS' MOTION FOR: 1)
17  Possession, and DANA MCCURNIN, Trustee )  MODIFICATION OF THE STAY
    of the Betta products Litigation Trust, )  PENDING ARBITRATION; 2) LEAVE
18                                       )  TO AMEND THE COMPLAINT
             Plaintiffs,                 )
19                                       )
    v.                                   )
20                                       )
    DISTRIBUTION SYSTEMS AND SERVICES,   )  **Date:   November 30, 2007
21  INC., aka DSS,                       )  Time:   10:00 a.m.
                                         )  Place:  99 South E Street
22           Defendant.                  )          Santa Rosa, CA
                                         )
23  ─────────────────────────────

24  **TO THE HONORABLE ALAN JAROSLOVSKY, UNITED STATES BANKRUPTCY

25  JUDGE AND TO DEFENDANTS NAMED HEREIN:**

26         BETTA PRODUCTS INC., AND DANA MCCURNIN, TRUSTEE OF THE BETTA

27  PRODUCTS LITIGATION TRUST (collectively the "Betta Parties"), respectfully file their

28  "MOTION OF BETTA PRODUCTS, INC. AND DANA MCCURNIN TO AMEND ORDER

                                        1
    ─────────────────────────────────────────────────────────
                     MOTION TO AMEND COURT'S ORDER

GRANTING PLAINTIFF'S MOTION FOR: 1) MODIFICATION OF THE STAY PENDING

ARBITRATION; 2) LEAVE TO AMEND THE COMPLAINT," stating as follows:

## I.

### INTRODUCTION

The Betta Parties submit this motion arising from oversight or omission pursuant to

Federal Rules Civil Procedure 60(a) on the grounds that counsel of the Betta Parties intended the

order to reflect the language of Fed.R.Civ.P. 42 rather than Fed.R.Civ.P. 21. The motion should

be granted for the following reasons:

    1.  The modified Order will more accurately reflect the court's intent when making its

original ruling.

    2.  Plaintiff will be prejudiced if the modification is not made.

## II.

### FACTUAL BACKGROUND

This case involves a dispute between two businesses regarding certain goods belonging to

Betta that Betta delivered to DSS for temporary storage and for distribution. The Betta Parties

alleges that DSS failed to return all of goods that the Betta Parties delivered to DSS, and has

raised several claims against DSS for its failure to return property that belonged to the Betta

Parties.

This matter was originally stayed with all issues to proceed in arbitration. DSS moved to

dismiss the Betta Parties principal claims of the arbitration shortly before the arbitration was to

commence. The Betta Parties moved for leave to amend its complaint in this case as a response.

With this Court's permission, the Betta Parties filed an amended complaint for negligence,

conversion, bailment, fraud, negligent misrepresentation, and breach of oral contract. This court

entered an Order dated October 20, 2006 granting the Betta Parties' Leave to amend its

complaint. In preparation of the proposed form of order, Betta's counsel did some citation

research and came across a rule that addressed the issue of severance, Fed.R.Civ.P. 21, which

reference was added to the draft order. Betta's counsel had no previous experience with a

severance and had no idea that there were two separate rules regarding severance. Now, based

2

---

MOTION TO AMEND COURT'S ORDER

1   upon the Memorandum on Motion to Dismiss dated August 15, 2007 it is evident that the

2   Court's October 20th Order did not envision severance under Fed.R.Civ.P. 21.

3        The Court's October 20, 2006 order (hereafter, "October 20 Order") was entered in

4   response to the Betta Parties' Motion for Modification of the Stay and For Leave to Amend the

5   Complaint (hereafter, "Motion to Modify and Amend"). The Betta Parties were successful on

6   the entire motion and the October 20 Order clearly states that the claims in the amended

7   complaint are severed from the contract claims and that the two sets of claims can proceed

8   separately. The October 20 Order also states that the contract claims *may* (permissive, not

9   mandatory) proceed in arbitration and that arguments about the *res judicata* effect of a resolution

10  of the claims will be reserved for a later date.

11       However, due to an oversight of counsel to the Betta Parties, the Betta Parties' counsel

12  draft of the October 20 Order provided that the claims added in the Amended Complaint are

13  severed from the contract claims pursuant to Fed.R.Civ.P. 21, when instead the rule referred to

14  should have been pursuant to Fed.R.Civ.P. 42. In reliance on both the August 15, 2007 and the

15  October 20, 2006 Order, Plaintiff's dismissed their appeal.

### III.

### ARGUMENT

16
17  **A. Grounds Exist Under Federal Rule 60(a) to Grant Correction of the Modification of**
18  **   the October 20 Order.**

19       Oversight or omission may be sought under Federal Rules Civil Procedure 60(a) (The

20  court may correct a clerical mistake or a mistake arising form oversight or omission whenever

21  one is found in a judgment, order, or other part of the record. The court may do so on motion or

22  on its own, with or without notice.). Rule governing motions for correction of clerical error

23  provides specific and very limited type of relief, finding application when the record makes

24  apparent that court intended one thing but by merely clerical mistake or oversight did another;

25  such mistake must not be one of judgment or even of misidentification, but merely of recitation,

26  of the sort that clerk or amanuensis might commit, mechanical in nature. In re Transtexas Gas

27  Corp., C.A.5 (Tex.) 2002, 303 F.3d 571.

28

3

---

1    It is clear the court intended the order to reflect the language of Fed.R.Civ.P.42 rather

2    than Fed.R.Civ.P. 21.

3    Severance under Fed.R.Civ.P. 21 results in separate actions.    A single

4    claim that is severed from a multiclaim action may be proceeded with

5    separately.    In other words, the severed claim proceeds as a discrete,

6    independent suit.  It and the original case result in their own separate final

7    judgments… While a judgment on a severed claim is final for purposes of

8    appeal, judgment on a claim tried separately under Fed.R.Civ.P. 42(b) is

9    not an appealable final judgment, unless certified under Fed.R.Civ.P. 54.

10    In review of the transcript from the hearing date of October 13, 2006, at the courts

11    August 15, 2007 Order it is readily apparent the court intended the language of Fed.R.Civ.P. 42

12    to apply rather than Fed.R.Civ.P. 21.  The court ordered that the issues be severed; the record did

13    not indicate that there would be two separate cases.  Attached hereto as **Exhibit "A"** of the

14    Declaration of Daren R. Brinkman is a true and correct copy of pages 18 and 19 of the transcript

15    for the hearing of October 13, 2006, which is incorporated herein by this reference as though

16    fully set forth.  This information is further reflected in the Memorandum on Motion to Dismiss

17    and Related Motions and Cross Motions entered on August 15, 2007 from the court.  The court

18    specifically states that the award of the arbitration panel was not final which denied the motion to

19    dismiss on grounds of issue preclusion.

**B. Plaintiff will be prejudiced if the modification is not made.**

20    This was an inadvertent mistake in a choice of Fed.R.Civ.P. 21 and DSS is trying to use

21    this error to prevent the Betta Parties from having their day in court on the claims in the

22    Amended Complaint.   In reliance on both the August 15, 2007 and the October 15, 2007 Order,

23    Plaintiffs dismissed their appeal.  This was out of respect for what the Court had clearly intended

24    - - that the severance be by non-final Rule 42.

25    **IV.**

26    **CONCLUSION**

27    For the reasons discussed above and in the attached declaration, it is necessary and proper

28    that the court amend the Order to reflect Fed.R.Civ.P. 42 rather than Fed.R.Civ.P. 21.

4

MOTION TO AMEND COURT'S ORDER

1    **WHEREFORE,** the Betta Parties respectfully request that the Court issue an Amended

2    Order severing claims under Fed.R.Civ.P. 42.

3

4    Dated:  November 1, 2007                    BRINKMAN PORTILLO, PC

5

6

7                                               Laura J. Portillo

8                                               Special Counsel to Dana McCurnin, Trustee
                                                of the Betta Products Litigation Trust
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

MOTION TO AMEND COURT'S ORDER

## **DECLARATION OF DAREN R. BRINKMAN**

I, Daren R. Brinkman, declare as follows:

1.  I am an attorney at law duly admitted to practice in all court of the State of California and in this Court.

2.  I am a shareholder of Brinkman Portillo, P.C. ("BP") and maintain an office for the practice of law at 4333 Park Terrace Drive, Suite 205, Westlake Village, California 91361.

3.  I have personal knowledge of the facts set forth herein and would competently testify thereto if call upon to do so in trial.

4.  This case involves a dispute between two businesses regarding certain goods belonging to Betta that Betta delivered to DSS for temporary storage and for distribution. The Betta Parties alleged that DSS failed to return all of goods that the Betta Parties delivered to DSS, and has raised several claims against DSS for its failure to return property that belonged to the Betta Parties.

5.  This matter was originally stayed with all issues to proceed in arbitration. DSS moved to dismiss the Betta Parties principal claims of the arbitration shortly before the arbitration was to commence. The Betta Parties moved for leave to amend its complaint and proceed in this case as a response.

6.  With this court's permission, the Betta Parties filed an amended complaint for negligence, conversion, bailment, fraud, negligent misrepresentation, and breach of oral contract. This court entered an Order dated October 20, 2006 granting the Betta Parties' Leave to amend its complaint.

7.  In preparation of the proposed form of order, I did some citation research and came across a rule that addressed the issue of severance, Fed.R.Civ.P. 21, which reference was added to the draft order. I had no previous experience with a severance and had no idea there were two separate rules on severance. Now, based upon the Memorandum on Motion to Dismiss dated August 15, 2007 it is evident that the Court's October 20th Order did not envision severance under Fed.R.Civ.P. 21.

8.  Do to this oversight on behalf of myself and my firm, the draft order I prepared for the October 20 Order provided that the claims added in the Amended Complaint are severed from

6

1  the contract claims pursuant to Fed.R.Civ.P. 21, when instead the rule referred to should have

2  been pursuant to Fed.R.Civ.P. 42.

3          I declare under penalty of perjury under the laws of the State of California that the

4  forgoing is true and correct.

5          Executed on November 1, 2007

6

7                                                    By: _____

8                                                          Daren R. Brinkman, Declarant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

MOTION TO AMEND COURT'S ORDER

# Exhibit "A"

1    we have outside the contract, because, you know, the
2    damages are -- we're going to have to deal with the damages
3    one way or the other.  We're going to have to go through
4    the accounting; we're going to have to go through the false
5    representations and it makes better sense to do it all in
6    one forum first.  We recognize that we'll have to come back
7    or, you know, if there's anything in the contract not in
8    tort law, we understand that that we'd be missing that by
9    going forward first in this court or in District Court.
10   But I want to be perfectly honest, that's what we intend to
11   do with that order in hand.
12              THE COURT:  Well, isn't that up to the arbitrator?
13              MR. BRINKMAN:  The arbitrator can decide whether
14   or not to stay it or not, yeah.
15              THE COURT:  I do not want to interfere with the
16   arbitrator.
17              All right.  My order will be that the -- well,
18   insofar as -- my order will be that leave is granted to
19   file the amended complaint.  The claims added in the
20   amended complaint are severed from the claims in the
21   original complaint, and the original complaint may proceed
22   in arbitration as the arbitrator deems proper.  And I want
23   to make it clear that the res judicata or any res judicata
24   argument which could be res judicata arising out of the
25   arbitration or res judicata arising out of the Plan itself,

19

1    is reserved.

2            Now, I do not see any need to modify the order

3    sending it out to arbitration.  Is there anything else I

4    need to consider right now?

5            MR. BRINKMAN: No, sir.

6            THE COURT: All right.  Then if counsel for Betta

7    Products will please prepare an appropriate form of order

8    and have counsel for DSS approve it as to form.

9            MS. PORTILLO: Yes, Your Honor.

10           MR. BRINKMAN: Yes, Your Honor.

11           MR. BEITZ: Thank your, Your Honor.

12           MR. GREENBERG: Thank you, Your Honor.

13           THE COURT: Thank you.

14       (Whereupon, the proceedings are concluded at 9:56

15   a.m.)

16

17

18

19

20

21

22

23

24

25

1  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES
       The undersigned certifies and declares as follows:

2
       I am employed in the City of Westlake Village and County of Los Angeles, in the State of
3  California. I am over the age of 18 and not a party to the within action. I am employed by
   Brinkman Portillo, P.C. whose business address is 4333 Park Terrace Drive, Suite 205, Westlake
4  Village, California 91361.

5
       On **November 2, 2007**, I served the forgoing documents described as:
6
7  **MOTION OF BETTA PRODUCTS, INC. AND DANA MCCURNIN TO AMEND
   COURT'S ORDER GRANTING PLAINTIFFS' MOTIN FOR: 1) MODIFICATION OF
   THE STAY PENDING ARBITRATION; 2) LEAVE TO AMEND THE COMPLAINT**
8
9  on the interested parties in this action
   [X] by placing [X] the original [ ] a true copy thereof enclosed in sealed envelopes addressed as
10 follows:

11 [X] **BY MAIL**

12
13 Mitchell Greenberg                         James A. Beitz
   Abbey, Weitzberg, Warren, & Emery          Hagerty Johnson & Beitz, PA
14 100 Stony Point Rd. #200                    701 Fourth Avenue South, Ste 700
   P.O.Box 1566                                Minneapolis, MN 55415
15 Santa Rosa, CA. 95401

16 United States Trustee's Office
17 235 Pine Street, Ste. 700
   San Francisco, CA 94104

18
       [X] I deposited such envelope in a United States Postal Service drop box at Westlake
19 Village, California. The envelope was mailed with postage thereon fully prepaid.

20
       [X] I am "readily familiar" with the firm's practice of collecting and processing
21 correspondence for mailing. Under that practice it would be deposited with a United States Postal
   Service drop box on that same day with postage thereon fully prepaid at Westlake Village,
22 California in the ordinary course of business. I am aware that on motion of the party served,
   service is presumed invalid if postal cancellation date or postage meter date is more than one day
23 after date of deposit of mailing in affidavit.

24     [X] (**Federal**) I declare under penalty of perjury under the laws of the United States of
   America that the foregoing is true and correct.
25
26 Executed on **November 2, 2007**, at Westlake Village, California.

27 Michele Harkless                           *Michele Harkless*

28

## PROOF OF SERVICE
### [Code Civ. Proc. § 1013(a)]

I am employed in the County of Sonoma, California.

I am over the age of eighteen (18) years and not a party to the within cause; my business address is 100 Stony Point Road, Suite 200, Santa Rosa, California 95401.

On the date set out below, I served the attached:

## SUPPLEMENT TO MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS APPEAL

on the interested parties in said cause, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Daren R. Brinkman. Esq.                  Counsel for
Laura J. Protillo, Esq.                  Betta Products, Inc. and
Brinkman Portillo, PC                    Dana McCurnin Trustee of
4333 Park Terrace Drive,                 The Betta Products, Inc. Litigation
  Suite 205                              Trust
Westlake Village, CA  91361
Telephone:  (818) 597-2992
Facsimile:  (818) 597-2998

   XX     (BY MAIL)  I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Santa Rosa, California, following ordinary business practices.  I am readily familiar with the practice of Abbey, Weitzenberg, Warren & Emery for the processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited with the United States Postal Service the same day as it is placed for processing.

_____    (BY OVERNIGHT MAIL)  I placed each such sealed envelope, with postage thereon fully prepaid for overnight mail, for collection and mailing at Santa Rosa, California, following ordinary business practices.  I am readily familiar with the practice of Abbey, Weitzenberg, Warren & Emery for the processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited with the overnight mail provider the same day as it is placed for processing.

_____    (BY PERSONAL SERVICE)  I caused such envelope to be delivered by hand to the addressee(s) noted above.

(BY FACSIMILE)  I caused said document to be transmitted by facsimile machine to the number indicated after the address(es) noted above.

_____    (BY ELECTRONIC TRANSMISSION)  I caused said document to be transmitted electronically to the email addresses indicated after the address(es) noted above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on December ___4___, 2007, in Santa Rosa, California.


Barbara S. Himbert