# EXHIBIT "1"

BPI 0001

```
DAVID N. CHANDLER, p.c.
David N. Chandler,       SBN 60780
David N. Chandler, Jr.   SBN 235427
1747 Fourth Street
Santa Rosa, California 95404
(707) 528-4331

Attorneys for Plaintiff
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | CASE No. 03-10925 |
| BETTA PRODUCTS, INC., | CHAPTER 11 |
|     DEBTOR. | |
| BETTA PRODUCTS, INC. | A.P. No. |
|     Plaintiff, | |
| v. | |
| DISTRIBUTION SYSTEMS AND SERVICES, INC., aka DSS, | COMPLAINT FOR TURNOVER OF PROPERTY OF THE ESTATE, ACCOUNTING AND DAMAGES |
|     Defendant. | |

Plaintiff alleges:

1. This Court has jurisdiction over the within matter pursuant to 28 U.S.C. Section 1334.

2. The within proceeding is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(A), (C) and (E).

3. Pursuant to a written warehouse agreement, Defendant warehoused the inventory of the Plaintiff from and after May 1, 1996. Said agreement contains a provision for attorneys fees.

4. Said agreement provided that Defendant would warehouse, safeguard, store, maintain inventory records, receive and ship the inventory of the Plaintiff.

5. In July, 2003, Plaintiff abandoned the pre-petition inventory in which Wells Fargo Bank held a perfected security interest. Consistent with such abandonment, Defendant was instructed by Plaintiff and Wells Fargo Bank to segregate such pre-petition inventory and to hold same at the direction of Wells Fargo Bank.

6. Wells Fargo Bank directed release of said pre-petition

inventory to its purchaser. Upon release the inventory was short by $530,005, causing the unsecured claim of Wells Fargo Bank to increase by said amount. Despite demand for turnover of said inventory as shown in the records of the Defendant, Defendant failed, refused or was unable to turn over the inventory to Wells Fargo Bank or at its direction.

7. In May, 2004, Plaintiff terminated the agreement and moved its post petition inventory from the warehouse of the Defendant.

8. In May, 2004, Defendant failed, refused or was unable to turn over the inventory acquired post petition to the Plaintiff having a value at cost of $401,275.

9. The inventory warehoused by the Defendant which was not turned over to Wells Fargo and to the Plaintiff is shown on Defendant's periodic inventory records to be in the possession of Defendant. As a consequence, Defendant billed for services, including storage, for the inventory which was not turned over. Plaintiff is informed and believes and based thereon alleges that the storage charges for the missing inventory paid by the Plaintiff and by Wells Fargo Bank were $125,000.00.

10. From and after April 15, 1999, Defendant overcharged for hourly labor, annual physical inventory, receiving and shipping in the estimated amount of $100,000.00.

### FIRST CLAIM FOR RELIEF
(Turnover of Property)

11. Despite demand, the Defendant has failed and refused to turn over post petition inventory of the Plaintiff having a value of $401,275.00.

12. Said inventory is property of the Plaintiff.

### SECOND CLAIM FOR RELIEF
(Turnover of Property of Estate)

13. Plaintiff was compelled by the assertion of a warehouseman's lien to pay disputed charges for storage of said inventory which the Defendant failed and refused to turn over on demand. Wells Fargo Bank was similarly required to pay such charges which resulted in increase in its unsecured claim against the estate.

Law Offices
of
David N. Chandler, p.c.
1747 Fourth Street
Santa Rosa, CA 95404
(707) 528-4331

2

BPI 0003

1  14. Said charges were, in fact, paid by the Plaintiff and Wells Fargo Bank in order to obtain possession of the inventory which the Defendant was willing or capable of turning over. Said charges included storage of the inventory which was not turned over, disputed hourly labor, annual physical inventory, receiving and shipping associated with other inventory warehoused by Defendant.

15. The disputed amounts paid to the Defendant which are subject to turnover are estimated to be $225,000.00. Said sums are property of the Plaintiff and subject to turnover to the Plaintiff.

THIRD CLAIM FOR RELIEF

(Damages)

16. Defendant is responsible for the storage and accounting of Plaintiff's inventory maintained at its warehouse.

17. Defendant breached the terms of the warehouse agreement when it failed to adequately safeguard and account for the inventory in its possession.

18. Defendant was negligent in failing to safeguard and protect the inventory of the Plaintiff.

19. As a direct and proximate result of the said failure of the Defendant, Plaintiff has suffered damage in the amount of $931,280.00.

FOURTH CLAIM FOR RELIEF

(Damages)

20. From and after April 15, 1999, Defendant overcharged the Plaintiff for hourly labor, physical inventory counts, receiving and shipping. Said overcharges were disputed by the Plaintiff on notice to Defendant.

21. Despite such overcharges, Defendant declined to ship inventory absent payment asserting a warehouseman's lien.

22. Plaintiff made post petition adequate protection payments to the Defendant to insure shipment of its inventory despite the pending dispute.

23. Defendant, despite having charged for physical counts of inventory, shorted the Plaintiff on final release of the inventory and insisted upon payment of all charges, disputed or other, prior to

Law Offices of
David N. Chandler, p.c.
1747 Fourth Street
Santa Rosa, CA 95404
(707) 528-4331

BPI 0004

release. Plaintiff paid all disputed charges based upon the claim of lien.

24. Plaintiff disputed and notified the Defendant of the dispute over storage charges for the inventory which the Defendant failed to turn over on demand. Plaintiff was required to pay same prior to Defendant releasing the inventory.

25. Defendant breached the terms of the agreement by such overcharges.

26. Defendant was negligent in taking the physical inventory.

27. As a direct and proximate result of said conduct of Defendant, Plaintiff suffered damage in the amount of the overcharged paid in the amount of $225,000.00.

WHEREFORE, Plaintiff prays judgment as to Defendants, and each of them, as follows:

1. For turnover of pre-petition inventory having a value of $530,005;

2. For turnover of post petition inventory having a value of $401,275.00;

3. For turnover of rent and overcharges paid in satisfaction of a warehouseman's lien in the amount of $225,000;

4. Alternatively, for damages in the amount of $931,280.00 and return of $225,000 in overcharges and storage for missing inventory;

5. For reasonable attorneys fees;

6. For costs of suit incurred herein; and

7. For such other and further relief as the Court deems just and proper.

Dated:   4/13/05                     DAVID N. CHANDLER, p.c.

                                     By: /s/ David N. Chandler
                                     David N. Chandler,
                                     Attorney for Plaintiff

Law Offices
of
David N. Chandler, p.c.
1747 Fourth Street
Santa Rosa, CA 95404
(707) 528-4331

4

BPI 0005