EXHIBIT "6"

BPI 0140

Daren R. Brinkman (State Bar No. 158698)
Laura J. Portillo (State Bar. No. 186813)
BRINKMAN PORTILLO, PC
4333 Park Terrace Drive, Suite 205
Westlake Village, CA 91361
Telephone: (818) 597-2992
Facsimile: (818) 597-2998

Special counsel to Betta Products Inc.
and special counsel to the Betta
Products Litigation Trust

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SANTA ROSA DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 03-10925 AJ |
| BETTA PRODUCTS, INC., a California Corporation | Chapter 11 |
| | Adversary No. 05-01046 |
| Debtor. | |
| BETTA PRODUCTS, INC., the Debtor in Possession, and the Betta Products Litigation Trust, | **DECLARATION OF LAURA J. PORTILLO IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE AFFIRMATIVE DEFENSES** |
| Plaintiff, | |
| v. | Date: August 3, 2007 |
| DISTRIBUTION SYSTEMS AND SERVICES, INC., aka DSS, | Time: 10:00 a.m. Location: 99 South E Street Santa Rosa, CA |
| Defendant. | |

I, Laura J. Portillo, hereby declare as follows:

    1.    I am an attorney duly admitted to practice in the State of California.

1

BPT 0141

2.    I am a shareholder of Brinkman Portillo, PC ("BP"), and maintain an office for the practice of law at 4333 Park Terrace Drive, Suite 205, Westlake Village, California.

3.    BP is special counsel to Betta Products Inc. and the Betta Products Litigation Trust in this adversary action.

4.    I have personal knowledge of the facts set forth herein and, if called upon to do so at trial, could and would competently testify thereto.

5.    Plaintiffs served "Plaintiffs' First Set of Requests for Production of Documents" on counsel for DSS on March 6, 2006.

6.    In response, DSS produced several physical copies of documents and a data CD of documents.

7.    On the data CD, DSS produced a set of documents that gave an accounting of the inventory DSS stored and distributed for Betta ("DSS Inventory Report"). A true and correct copy of a five-page excerpt from the DSS Inventory Report is attached to this declaration as Exhibit E.

8.    The DSS Inventory Report covers the time period December 31, 2002 through August 1, 2004.

9.    The first entry on the DSS Inventory Report for each of Betta's products is a report from the physical inventory that DSS conducted on December 31, 2002.

10.    Plaintiffs do not dispute DSS's reporting of the physical inventory count as reported in the DSS Inventory Report.

11.    The DSS Inventory Report also shows reports for each shipment that DSS received of Betta's goods. These reports identify how much of each item was shipped to DSS and when it was received by DSS.

2

DECLARATION OF LAURA J. PORTILLO IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE AFFIRMATIVE DEFENSES– Ad. No. 05-01046

**BPI 0142**

12. As part of their formal discovery efforts, Plaintiffs also served a subpoena duces tecum on APL Logistics WMS, Inc. ("APL") on or about August 21, 2006.

13. APL responded and produced a set of hard copy documents.

14. True and correct copies of the documents that APL produced in response to the subpoena duces tecum are attached to this declaration as Exhibit A.

15. The APL records show that the first transfer of Betta goods that APL received from DSS was received on April 29, 2004.

16. The APL records also show that APL stopped receiving transfers of Betta's goods from DSS by the end of May 2004.

17. In contrast, the DSS Inventory Report show that DSS only made two shipments to APL on May 18, 2004 and on July 15, 2004.

18. The DSS Inventory Report also shows that, after DSS made the final shipment to APL, there remained 966,367 items of Betta's goods in the warehouse.

19. The DSS Inventory Report does not distinguish between Pre-Petition Goods and Post-Petition Goods.

20. In the 966,367 items that DSS reports remain in the warehouse, there is a mix of Pre-Petition and Post-Petition Goods.

21. Plaintiffs filed an arbitration demand with the American Arbitration Association to resolve the breach of contract claims in this adversary proceeding on November 2, 2005.

22. In the arbitration Plaintiffs were asked by the arbitration panel to file a document specifying the claims asserted in the arbitration.

23. Plaintiffs filed a "Specification of Claims", a true and correct copy of which is attached to this declaration as Exhibit B.

3

DECLARATION OF LAURA J. PORTILLO IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE AFFIRMATIVE DEFENSES– Ad. No. 05-01046

BPT0143

1    24.    As the arbitration proceeding progressed, the arbitrators set the date for the

2    evidentiary hearing on the claims for November 13, 2006 through November 17, 2006 in

3    Minneapolis, Minnesota.

4
     25.    In September 2006, DSS filed a motion with the arbitrators entitled, "DSS's
5
6    Motion to Dismiss all or Part of Betta's Claims." A true and correct copy of this document is

7    attached to this declaration as Exhibit C.

8    26.    In the Motion to Dismiss, DSS argues that Plaintiffs' claims for conversion and

9    bailment are not arbitrable.
10
     27.    The arbitrators did not rule on DSS's Motion to Dismiss. *See* Exhibit D, *infra*.
11
12   28.    Plaintiffs filed a Motion to Amend their complaint in the bankruptcy court on

13   October 9, 2006.

14   29.    The purpose of the Motion to Amend was to obtain permission to amend the

15   Complaint to clearly identify what claims were excluded from the arbitration proceeding.
16
17   30.    Plaintiffs' Motion to Amend was granted.

18   31.    On October 17, 2006, I sent a letter to the American Arbitration Association

19   (hereafter, "AAA") asking that the arbitration be stayed for a period of 6 months so that the

20   bankruptcy court could hear the non-contract claims.
21
22   32.    On October 23, 2006, I sent an email to AAA giving formal notice that Plaintiffs

23   were withdrawing their claims from arbitration and dismissing the case.

24   33.    The panel of arbitrators held the arbitration evidentiary hearing on November 13,

25   2006 beginning at 9:00 a.m.
26
27   34.    No one appeared at the November 13, 2006 hearing on behalf of Plaintiffs.

28

4

1    35.    The arbitrators issued a written Arbitration Award on November 16.  A true and

2 correct copy of the Arbitration Award is attached to this declaration as Exhibit D.

3    36.    At the evidentiary hearing on November 13, DSS presented evidence to the

4
arbitrators.  *See* Exhibit D.
5

6    37.    The Arbitration Award was limited to two issues, Plaintiffs' withdrawal from the

7 arbitration and DSS's breaches of the Contract.

8    I declare under penalty of perjury that the foregoing is true and correct and that this

9
declaration was executed on July 6, 2007 in Westlake Village, California.
10

11

12    _____

Laura J. Portillo
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

BPI 0145

# Exhibit 'A'

BPI 0146

# Exhibit 'B'

BPI 0147

# Exhibit 'C'

BPI 0148

# Exhibit 'D'

BPI 0149

# American Arbitration Association

In the Matter of the Arbitration between:

Betta Products, Inc., and The Betta
Products, Inc. Litigation Trust,

     Claimants,

and

Distribution Alternatives, Inc.
f/k/a Systems & Services
Corporation, d/b/a DSS,

     Respondent.

**AWARD**

AMERICAN ARBITRATION
ASSOCIATION
RECEIVED

FEB 0 6 2007

CCMC

Case No. 65 181 Y 00298 05
Case Manager: Kristy Jackson

THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the written arbitration agreement in and under that Agreement between Betta Products, Inc. ("Betta") and Distribution Systems & Services Corporation ("DSS") dated May 1, 1996 (hereinafter "Agreement"), having been duly sworn, and having conducted the proceedings in this arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association (hereinafter "AAA Rules" or "AAA Rule September 15, 2005")—as the same are incorporated by reference in the arbitration agreement between Betta and DSS—provide the following summary of the proceedings in this arbitration and render the following Award:

## Summary of Proceedings

On or about October 31, 2005, Betta and The Betta Products Litigation Trust (hereinafter "Betta Trust" or "the Trust") (Betta and the Trust are hereinafter collectively referred to as "Claimants") commenced arbitration by serving and filing a Demand for Arbitration of a dispute with DSS regarding alleged breaches of the Agreement. The undersigned Arbitrators were appointed and, on March 17, 2006, conducted a preliminary hearing by telephone with counsel for the parties. With the agreement of counsel, the undersigned ordered, among other things, that Claimants file and serve a specification of claims, that DSS file and serve a written response thereto and that the parties proceed with

**BPI 0150**

discovery. Also by agreement of the parties, the final hearing was scheduled by Order of the Panel for November 13 through November 17, 2006. In accordance with AAA Rule 22, on March 16, 2006, the AAA also sent written notice to the parties that the final hearing would be conducted at the offices of Leonard, Street and Deinard, Professional Association, in Minneapolis from November 13 through November 17, 2006.

On September 15, 2006, DSS filed a "Motion to Dismiss All or Part of Betta's Claims [with prejudice]." The undersigned conducted a telephonic conference with counsel for the parties on September 26, 2006. Based upon the input and agreement of counsel at that conference, Claimants were directed to file any response to DSS's motion on or before October 11, 2006. Claimants elected, however, to file no response, before or after that deadline.

In a letter dated October 17, 2006, counsel for Claimants informed the Panel that the Bankruptcy Court had on October 13, 2005, granted a motion by Claimants for "(1) Modification of the Stay Pending Arbitration" and (2) "Leave to Amend the Complaint [against DSS in the Bankruptcy Court]." Claimants requested that the Panel postpone the final hearing to permit Claimants to litigate claims being newly pleaded in Bankruptcy Court before proceeding to resolve the claims pending in arbitration. In a letter dated October 18, 2006, counsel for DSS opposed any postponement of the scheduled arbitration hearing. At the Panel's direction (and based upon input by counsel as to their respective availability) on October 20, 2006, the Panel directed the scheduling of (and the AAA notified counsel that the Panel would conduct) a conference by telephone at 11:00 a.m. Central Time on October 27, 2006, to address Claimants' request for a postponement and remaining aspects of DSS's motion to dismiss.[1]

On October 23, 2006, counsel for Claimants notified the AAA by email that Claimants had "chosen to withdraw the submission of their Demand for Arbitration," and questioned whether it was necessary to proceed with the October 27 conference call under such circumstances. In a letter dated October 24, 2006, DSS, through counsel, opposed

---

[1] By letter dated October 14, 2006, DSS withdrew substantial portions of its motion.

2

BPI 0151

6-01-2001 7:27PM    FROM ROBERT C. BOWEN 512 377 1468    NO. 445    P. 3 44

dismissal of this arbitration proceeding unless all claims against DSS were dismissed with prejudice. Desiring to hear any and all points and authorities counsel believed pertinent to (1) Betta's and the Betta Trust's claimed right to withdraw their arbitration demand, (2) Claimants' request to postpone the hearing (if and to the extent such request had not itself been withdrawn or become moot), and (3) the aspects of DSS's motion to dismiss that had not been withdrawn, the Panel directed that the October 27, 2006, telephonic conference would proceed on schedule.

In the early-morning of October 27, 2006, counsel for Claimants informed the AAA that Betta had scheduled a December 1, 2006, hearing in Bankruptcy Court upon a motion to dismiss the breach of contract claim that Betta had been ordered to arbitrate, and on which court proceedings had been stayed pending arbitration. Claimants requested that the telephonic conference scheduled for 11:00 a.m. that day be rescheduled for after December 1. DSS promptly opposed the request. At the direction of the Panel, the AAA informed all counsel that the telephonic conference would proceed at 11:00 a.m. that day, as scheduled.

The telephonic conference was attended by all members of the Panel and counsel for DSS. The Panel considered DSS's oral explanation of the prejudice it would suffer should this arbitration not proceed to hearing as scheduled. The Panel also considered all pre-conference letters and emails of counsel (and attachments thereto, including but not limited to (1) a Bankruptcy Court Order dated July 11, 2005, (2) transcript of proceedings in Bankruptcy Court on October 13, 2006, on a Motion for Modification of the Stay and for Leave to Amend the Complaint, and (3) a Bankruptcy Court Order dated October 20, 2006). The Claimants having cited the Panel to—and the Panel being aware of—no AAA Rules permitting a party to "withdraw a Demand for Arbitration" so as to unilaterally curtail arbitration proceedings and strip arbitrators of jurisdiction once those arbitrators have accepted appointment (and particularly while a motion to dismiss was pending); the Bankruptcy Court having issued no order to stay this arbitration or to otherwise limit the

3

BPI 0152

6-01-2001 7:07PM    FROM ROBERT E BOWEN 612 377 1468    AMERICAN ARBITRATION    No. 1445   P. 6 44

Panel's jurisdiction over these arbitration proceedings; Claimants having failed to advise the Panel whether it was maintaining its request for a postponement and having in any event failed to make a showing of "good cause" for a postponement of the final hearing as required by AAA Rule 28 (much less a showing that would outweigh prejudice to be suffered by DSS); and the Panel having reviewed and carefully considered all of the AAA Rules—including AAA Rule 29, which declares in pertinent part that "[u]nless the law provides to the contrary, the arbitrators may proceed in the absence of any party or representative who, after due notice fails to be present or fails to obtain a postponement"—the Panel directed that (and the AAA notified all parties that) the final hearing would proceed as scheduled, commencing November 13, 2006, to hear evidence upon all of Claimants' claims to the extent arising under the Agreement. With the consent of DSS, consideration of DSS's pending motion for partial dismissal of Claimants' claims with prejudice was deferred until November 13.

On November 9, 2006, counsel for Claimants emailed the AAA, declaring that by reason of (a) Claimants' prior declaration of "withdrawal" and (b) their having scheduled a hearing for November 17, 2006, in Bankruptcy Court upon a "Motion for 1) an Interim Stay of Arbitration Proceedings, 2) Modification of the July 11, 2005 Order or, in the Alternative, Ex Parte Motion to Shorten Notice on Plaintiff's Motion for Voluntary Dismissal of Breach of Contract Claim," Betta would no longer participate in the arbitration proceedings. At the direction of this Panel, the AAA advised the parties that on November 13, 2006, immediately prior to commencement of the arbitration hearing, the Panel would hear arguments as to a motion for dismissal of this arbitration proceeding without prejudice, and that Claimants' counsel could appear by telephone if desired. On November 10, 2006, the AAA requested—first by facsimile and then by telephone calls until the close of the business day—that counsel for Claimants advise the Panel of a telephone number at which Claimants' counsel could be contacted at 9:00 a.m. Central Time on November 13, 2006. The AAA received no response.

At 9:00 a.m. on November 13, 2006, the Panel convened at the time and place

4

duly noticed for the final hearing. The Panel first entertained argument as to whether the Panel should order the arbitration proceedings dismissed without prejudice, either unconditionally or upon conditions designed to ameliorate prejudice to DSS. DSS appeared and opposed such a dismissal—with or without conditions—based upon prejudice to DSS. Claimants did not appear, either personally or by telephone.

Reserving decision as to dismissal, and with the consent of DSS that its pending motion to dismiss certain claims with prejudice as a matter of law could be heard in conjunction with opening statements and closing argument at the evidentiary hearing, the Panel proceeded to conduct the final evidentiary hearing. In doing so, the Panel directed counsel for DSS to include in DSS's presentation of argument and evidence a candid discussion of each and all claims asserted by Claimants in this proceeding and descriptions of the bases for such claims as the same had been explained by Claimants in discovery in this proceeding. Anticipating and complying with this request, DSS offered (and the Panel admitted) Exhibits 58, 74 and 75 and the transcripts of deposition testimony of two witnesses associated with Claimants (namely Dennis Walsh and Dana McCurnin) for the purpose of explaining and illustrating the claims asserted against DSS herein and Claimants' explanations in discovery of the bases for such claims.

The hearing commenced at approximately 9:30 a.m. Central Time and proceeded (with only a luncheon recess of slightly more than one hour) until 3:00 p.m., November 13, 2006, at which time the evidentiary hearing was closed. The Panel heard sworn testimony of David Haughton Smith, and received in evidence the exhibits listed upon Attachment A hereto and the deposition transcripts set forth on Attachment B hereto (with such limitations as are noted on those attachments).

## AWARD

1. Treating Claimants' declaration of "withdrawal" as if a motion to dismiss this arbitration proceeding without prejudice, and having carefully considered all letters and emails (together with attachments), all oral presentations and all other matter, or circumstances that

5

BPI 0154

have been brought to the attention of the arbitrators and that bear upon such a motion, the Panel finds that such a dismissal (whether unconditional or conditional) would cause substantial prejudice to DSS. The Panel therefore denies Claimants' motion to dismiss without prejudice.

2. Having considered all testimony heard by the Panel, the full record at the final hearing, and the entire record otherwise placed before the Panel during the course of this arbitration proceeding, the Panel is satisfied that there is no credible evidence in the arbitration record sufficient to establish any of the breaches of contract alleged in Claimants' Specification of Claims, and that nothing in the entire arbitration record creates any reason for the Panel to believe that, had Claimants elected to appear at the final hearing, they would have been able to establish any of such alleged breaches of contract by a preponderance of the evidence. The Panel accordingly directs that, on each claim in Claimants' "Specification of Claims Against DSS," Claimants take nothing from DSS to the extent such claim depends in whole or in part upon a finding that DSS breached a duty arising under or by reason of the "Agreement" dated May 1, 1996 between Betta and DSS, or depends in whole or in part upon a finding that DSS collected any amounts from Betta or Wells Fargo in excess of amounts permitted by such "Agreement."

3. The Administrative fees and expenses of the American Arbitration Association totaling $8,500.00 shall be borne entirely by Betta Products, Inc, and the compensation and expenses of the neutral(s) totaling $20,434.09 shall be borne entirely by Betta Products, Inc. Therefore, Betta Products, Inc. shall reimburse Distribution Systems & Services Corporation the sum of $20,434.09, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Distribution Systems & Services Corporation. This Award is in full settlement of all claims submitted to arbitration.

This Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute together one and the same instrument.

Dated: _November 16_ 2006.

6

**BPI 0155**

Hon. Robert E. Bowen, Chair

Dated: _____, 2006.

Hon. Edward J. Parker, Arbitrator

Dated: _____, 2006.

Robert L. DeMay, Arbitrator

7

BPI 0156

# American Arbitration Association

*Betta Products, Inc., and The Betta Products, Inc. Litigation Trust and Distribution Alternatives, Inc., f/k/a Systems & Services Corporation, d/b/a DSS*
Case No. 65 181 Y 00298 05

## EXHIBIT A TO ARBITRATION AWARD

| Exh. No. | Date | Description | Depo. Exh. No. | Bates No. |
|---|---|---|---|---|
| DSS 47-R* | 11/09/06 | Declaration of Richard Shindle (Ex. 58-R as attachment) | | |
| DSS 48-R* | 11/03/06 | Declaration of Alfredo Salcedo (Exs. 74-R, 75-R and 94-R as attachments) | | |
| DSS 49-R* | 11/08/06 | Affidavit of Russell E. Andrews (w/CV attached) | | |
| DSS 50-R | Undated | CD – Betta Data 2119 | | |
| DSS 51-R | 07/22/03 | Wells Fargo letter to Betta Products Re: receipt of funds to release security interest and authorization to remove product from prepetition collateral inventory of Wells Fargo | | BT/DSS 0180 – 0186 |
| DSS 52-R | 07/28/03 | Weinstein facsimile to Freeman Re: list of merchandise Betta Products would like to purchase from Wells Fargo Bank (8/11/03 Wells Fargo fax to Betta and Betta prepetition inventory attached) | | BT/DSS 0187 – 0194 |
| DSS 53-R | 07/30/03 | Weinstein facsimile to Chandler Re: revised list of merchandise Betta Products would like to purchase from Wells Fargo Bank (revised inventory attached) | | BT/DSS 0195 – 206; 0214 |

BPI 0157

| Exh. No. | Date | Description | Depo. Exh. No. | Bates No. |
|---|---|---|---|---|
| DSS 54-R | 08/06/03 | Wells Fargo letter to Betta Products Re: receipt of funds to release security interest and authorization to remove product from prepetition collateral inventory of Wells Fargo | | BT/DSS 0215 – 0216 |
| DSS 55-R | 08/20/01 | Wells Fargo letter to Betta Products Re: receipt of funds to release security interest and authorization to remove from prepetition collateral inventory of Wells Fargo | | BT/DSS 0217 |
| DSS 56-R | 09/14/06 | Betta 2000 Year End Inventory | | BT/DSS 2450 – 2474 |
| DSS 57-R | 09/14/06 | Betta 2001 Year End Inventory | | BT/DSS 2475 – 2501 |
| DSS 58-R** | 02/27/02 | Betta Products, Inc.: Inventory Comparison – DSS Perpetual to Physical; Location 03-Ontario; For Month Ending 12/31/01 | Betta Dep. Ex. 4 | BT/DSS 0501 – 520 |
| DSS 59-R | 09/06/06 | Betta 2002 Year End Inventory | | BT/DSS 2502 – 2519 |
| DSS 60-R | 01/24/02 | Email from Weinstein to Vasquez Re: Production No. 28 | | BT/DSS 0098 |
| DSS 61-R | 03/18/02 | Email from Vasquez to Weinstein Re: 226601-M Block, with attachments | | BT/DSS 0101 – 0106 |
| DSS 62-R | 02/21/02 | October, November and December 2001 DSS Repacking data | | BT/DSS 0110 – 0120 |
| DSS 63-R | 07/31/03-08/04/03 | Email string Re: GLO Projects | | BT/DSS 2319 |
| DSS 64-R | Undated | DSS Project #5013 Spreadsheet | | BT/DSS 2320 |

2

BPI 0158

| Exh. No. | Date | Description | Depo. Exh. No. | Bates No. |
|---|---|---|---|---|
| DSS 65-R | 05/29/03 | Email string Re: Item 8100CR Special Project #5001 | | BT/DSS 2321 |
| DSS 66-R | 11/27/01–12/11/01 | Email string Re: Item number 0110 5 count Sky Divers | | BT/DSS 0641 – 0642 |
| DSS 67-R | 12/10/02–12/12/02 | Email string Re: Betta Items PEA843DG & PEA843DG-P | | BT/DSS 0641 – 0642 |
| DSS 68-R | 06/06/03 | Email from McCurnin to Chase Re: P6507 QC Issues | Betta Dep. Ex. 8 | BT/DSS 0773 |
| DSS 69-R* | 10/10/06 | Affidavit of Sheldon McClusky (1/16/04 fax from McClusky to Anton and worksheet prepared by McClusky as Exhibits A and B attached) | | BT/DSS 2322 |
| DSS 70-R | 10/24/03 | Letter from Freeman to Hoffman Re: Betta Products, Inc. and DS Max | | BT/DSS 2559 – 2561; 2324 – 2336 |
| DSS 71-R | 11/26/03–12/01/03 | Email string Re: Update on status of inventory | Betta Dep. Ex. 12 | BT/DSS 2179 – 2180 |
| DSS 72-R | 12/04/03 | Fax transmission attaching letter from Freeman to Hoffman, Martinez, Jaber, Albrighston, Smith Re: Dave Smith email regarding BPI-Exit. Inv. WFB-103103 | Betta Dep. Ex. 11 | BT/DSS 2154 – 2155 |
| DSS 73-R | 10/20/03–10/21/03 | Email string Re: Need to Talk (pre- and post-inventory in DSS warehouses) | Betta Dep. Ex. 10 | BT/DSS 2142 – 2147 |
| DSS 74-R** | Undated | "Betta Products Pre-Petition Inventory Shortages – Wells Fargo Bank's Exit from DSS 1-28-04" | Betta Dep. Ex. 41 | |
| DSS 75-R** | 04/22/04 | "Betta Products, Inc. DSS Exit Up-Date – Download for inventory to be Transfer to APL" | Betta Dep. Ex. 16 | BT/DSS 2254 – 2267 |
| | | | Betta Dep. Ex. 17 | BT/DSS 2268 – 2279 |

3

**BPI 0159**

DEC. 6. 2007  4:26PM   AMERICAN ARBITRATION                    No. 1425   P. 19/44

| Dep. No. | Date | Description | Depo. Exh. No. | Bates No. |
|---|---|---|---|---|
| DSS 76-R | 03/18/02 and 03/20/02 | Emails between Shindle and Smith Re: Physical Inventory | | BT/DSS 0698 – 0699 |
| DSS 77-R | 03/24/01 | Email from Smith to Andy Re: Pricing | Betta Dep. Ex. 39 | |
| DSS 78-R | 11/28/97 | Memo from Smith to Shindle Re: Pricing for Services | Betta Dep. Ex. 38 | |
| DSS 79-R | 07/13/04 | Letter from Abbey to Chandler Re: Betta Products/DSL; USBC Case No. 03-10925 | | BT/DSS 0881 – 0882 |
| DSS 80-R* | Undated | Russell E. Andrews, CPA – Curriculum Vitae | | |
| DSS 81-R | 12/08/03 | Emails Re: Betta Pre-Petition Inventory, with attached list | | BT/DSS 1127 – 1151 |
| DSS 82-R | 09/29/03-10/28/03 | Email string Re: BPI Post Inventory | Betta Dep. Ex. 9 | BT/DSS 1005 |
| DSS 83-R | 11/30/01 | Email string Re: FW 18710265 | Betta Dep. Ex. 6 | BT/DSS 0639 |
| DSS 84-R | 05/01/96 | Agreement between Betta Products and Distribution Systems & Services Corporation | Betta Dep. Ex. 1 | BT/DSS 0810 – 0821 |
| DSS 85-R | 10/17/03 | Email from McCurnin to Chandler Re: BPI Inventory Download 10-17-03 | Betta Dep. Ex. 7 | BT/DSS 0276 |

4

**BPI 0160**

Feb. 6. 2007 4:25PM     AMERICAN ARBITRATION     No. 1445     P. 12 44

| Exh. No. | Date | Description | Depo. Exh. No. | Bates No. |
|---|---|---|---|---|
| DSS 86-R | 09/12/03 and later | Various DSS Invoices to Betta Products | Betta Dep. Exs. 24 – 36 | BT/DSS 1644 – 1645; 1675 – 1676; 1705 – 1706; 1775 – 1776; 1814 – 1815; 1839 – 1840; 1863 – 1864; 1885 – 1886; 1928 – 1929; 1968 – 1969; 2019 – 2020; 2052 – 2053; 2086 |
| DSS 87-R | 08/12/03 and later | Various DSS Invoices to Wells Fargo Bank | | BT/DSS 2107 – 2114 |
| DSS 88-R | 12/03/03 | Email from Freeman to Smith Re: BPI-Est. Inv. WFB-103103 (Betta Products Pre-Petition Inventory Abandoned to Wells Fargo Bank attached) | Betta Dep. Ex. 20 | BT/DSS 1121; 1096 – 1120 |
| DSS 89-R | 08/26/03 | Betta Products, Inc. Request to Purchase Pre-Petition Inventory | Betta Dep. Ex. 18 | BT/DSS 2312 – 2318 |
| DSS 90 | | Unexecuted Settlement Agreement between Betta Products, Inc. and Wells Fargo Bank, N.A. | Betta Dep. Ex. 2 | BT/DSS 2121 – 2126 |
| DSS 91-R | 09/30/04 | Settlement Agreement and Release between Distribution Alternatives, Inc., and Wells Fargo Bank, N.A. | Betta Dep. Ex. 22 | BT/DSS 1396 – 1399 |
| DSS 92-R | 04/08/04 | [Betta Products, Inc.] Debtor's First Amended Chapter 11 Plan | | BT/DSS 2385 |

5

867621.1

**BPI 0161**

| Exh. No. | Date | Description | Depo. Exh. No. | Bates No. |
|---|---|---|---|---|
| DSS 93-R | 04/06/05 | Betta Products, Inc. Litigation Trust Agreement | | BT/DSS 2220 – 2235 |
| DSS 94-R | 06/24/04 | Betta Products/Pizzazz! Picking Ticket | | BT/DSS 2621 |

* All declarations and affidavits were admitted pursuant and subject to the limitations set forth in R-32(a), giving due consideration to any objection which could reasonably have been asserted by Claimants based upon information known to the Panel.

** Exhibits 58-R, 74-R, and 75-R were admitted solely for the purpose for which they were offered, viz., to explain and illustrate the asserted basis of Claimants' claims, as explained to DSS in discovery.

6

BPI 0162

# American Arbitration Association

*Betta Products, Inc., and The Betta Products, Inc. Litigation Trust and Distribution*
*Alternatives, Inc., f/k/a Systems & Services Corporation, d/b/a DSS*
Case No. 65 181 Y 00298 05

## EXHIBIT B TO ARBITRATION AWARD

- Transcript of deposition of Dennis Walsh in this arbitration proceeding, taken in Santa Rosa, California, on July 19, 2006, and reported by Michelle Barbante

- Transcript of deposition of Dana McCurnin in this arbitration proceeding, taken in Santa Rosa, California, on July 18, 2006, and reported by Michelle Barbante


Depositions admitted only for purposes of foundation for exhibits and to explain and illustrate the asserted bases for claims, as explained to DSS in discovery.