# EXHIBIT "7"

**BPI 0164**

Daren R. Brinkman (State Bar No. 158698)
Laura J. Portillo (State Bar. No. 186813)
BRINKMAN PORTILLO, PC
4333 Park Terrace Drive, Suite 205
Westlake Village, CA 91361
Telephone: (818) 597-2992
Facsimile: (818) 597-2998

Special Counsel to Betta Products Inc. and
Dana McCurnin, Trustee of the Betta Products
Litigation Trust

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION**

| | |
|---|---|
| In re:<br>BETTA PRODUCTS, INC., a California Corporation<br>Debtor. | Bankruptcy Case No. 03-10925 AJ<br>Chapter 11<br>Adversary No. 05-01046 |
| BETTA PRODUCTS, INC., the Debtor in Possession, DANA MC CURNIN, Trustee of the Betta Products Litigation Trust<br>Plaintiff,<br>v.<br>DISTRIBUTION SYSTEMS AND SERVICES, INC., aka DSS,<br>Defendant. | **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO APPEAL**<br>Date:<br>Time:<br>Place: |

BETTA PRODUCTS, INC. ("Betta") AND DANA MCCURNIN, TRUSTEE OF THE BETTA PRODUCTS LITIGATION TRUST (individually the "Trust", collectively "Plaintiffs") hereby file this opposition to Distribution Alternatives, Inc's (fka Distribution Systems and Services, Inc.) ("DSS") Motion for Leave to Appeal from Entry of Order Denying Motion to Dismiss ("Motion for Leave to Appeal" or "Motion") and respectfully request this Court deny DSS' Motion.

## I. INTRODUCTION

DSS discovered early on in this case that it could attempt to avoid liability for its conduct by using the arbitration to prevent Plaintiffs from having their day in court on their tort and common law claims. As a result, DSS sought to eliminate these claims from arbitration and then bitterly fought every effort of Plaintiffs to dismiss their breach of contract claims from the arbitration in order to proceed solely on the tort and common law claims before the Bankruptcy Court. It is this illegal effort to strip Plaintiffs of their day in court, that is the motivating factor behind DSS' Motion for Leave to Appeal. The District Court Should Deny DSS' Motion for Leave to Appeal on the grounds that:

1. The Bankruptcy Court's Judgment and Order Confirming the Arbitration Award are Not Final and, Therefore, Resolution of the Appeal Could Not Materially Affect the Outcome of the Court Litigation

2. The issue of the finality of the Bankruptcy Court's Judgment is not a controlling issue of law because the Bankruptcy Court effectively determined that the Arbitration Award should not be given preclusive affect.

3. A finding that the Judgment Confirming the Arbitration Award is a final judgment would not ultimately end the litigation because the issues before the Bankruptcy Court are not the same issues as allegedly resolved by the Panel.

## II. ARGUMENT

DSS acknowledges that the Bankruptcy Court's Order Denying DSS' Motion to Dismiss, or Alternatively, Motion for Summary Judgment ("Order") is not a final order for purposes of 28 U.S.C. 158(a) and, therefore, DSS has no direct right of appeal. Instead, DSS asserts that the Order is an interlocutory order which the District Court may review pursuant to the principles

established by 28 U.S.C. § 1292. The Court should reject DSS' arguments because DSS has not demonstrated that it meets the principles of 28 U.S.C. § 1292.

**A. DSS' Appeal does not Involve A Controlling Question of Law That May Materially Advance the Ultimate Termination of the Court Action Against DSS**

28 U.S.C. § 1292(b) allows an appellate court to review an order of a district court when the district court certifies the issue for appeal by stating in writing that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. An issue is "controlling" if "resolution of the issue on appeal could materially affect the outcome of the litigation" in the district court. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (citing *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir.1966)); *see Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1347-48 (9th Cir.1988). For the following reasons, DSS' Motion for Leave to Appeal does not involve a controlling question of law that would materially advance the termination of this litigation and, therefore, DSS' Motion should be denied.

**1. The Judgment and Order Confirming the Arbitration Award are Not Final and, Therefore, Issue Preclusion Could not Apply**

DSS asserts that the Arbitration Award and the Bankruptcy Court's separate Judgment ("Judgment") and Order ("order") Confirming the Arbitration Award are final by virtue of the Bankruptcy Court's severance of the claims in Plaintiffs' amended complaint from the claims in the arbitration. DSS' argument must fail because, unlike the other cases to which DSS cites, Judge Jaroslovsky expressly found that the Arbitration Award and his own Judgment and Order were not final. In this regard, this case is distinguishable from the other cases on which DSS relies because those cases do not involve an express finding by the trial court. Judge Jaroslovsky did

reference Fed.R.Civ.P. 21 in severing the claims in the amended complaint from the claims in the arbitration. However, Judge Jaroslovsky's refusal to provide a Rule 54(b) certification and his express finding that the Arbitration Award and his own Judgment and Order were not final, indicate he did not intend to treat the arbitration hearing and the trial as two entirely separate and distinct actions, but intended to divide the claims into separate hearings or trials within the same action pursuant to Fed.R.Civ.P. 42(b). According to the case law on which DSS' relies, an order on claims severed for purposes of separate trial under Rule 42(b) is not a final order. See *In re Paris Air Crash of March 3, 1974*, 69 F.R.D. 310, 318 (C.D. Cal. 1974); *Acevedo-Garcia v. Monroig*, 351 F.3d 547, 558-60 (1st Cir. 2003); *Gaffney v. Riverboat Servs. of Indiana, Inc.*, 451 F.3d 424, 441-42 (7th Cir. 2006); *Chrsyler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1514 at fn.8 (10th Cir. 1991). Footnote 2 of Judge Jaraslovksy's Memorandum reinforces this interpretation in that it indicates that Judge Jaroslovsky clearly did not intend or view the Judgment or Order to be final for purposes of appeal.[1] Therefore, the Arbitration Award and the Judgment and Order Confirming the Arbitration Award are not final and cannot preclude litigation of Plaintiffs' tort and common law claims.

**2. Even if the Arbitration Award and Judgment are Final, the Bankruptcy Court's Ruling Indicates it did not Intend to Apply Issue Preclusion**

The issue of the finality of the Arbitration Award and the Bankruptcy Court's Judgment and Order also cannot be a controlling issue of law because the Bankruptcy Court's ruling manifests an intention not to give the Arbitration Award preclusive affect. The question of the availability of issue preclusion and the decision whether or not to apply issue preclusion are two separate questions. *In re Antonakis*, 207 B.R. 201, 204 (Bkrtcy.E.D.Cal. 1997)(citation omitted).

---

[1] Although Plaintiffs initially appealed the Judgment and Order Confirming the Arbitration Award, Plaintiffs subsequently filed a motion to dismiss the appeal. Plaintiffs' Motion is currently pending before the District Court.

The decision to apply issue preclusion rests within the discretion of the trial court. *Id.*; *see also In re Daily*, 47 F.3d 365, 368 fn. 6 (9th Cir. 1995); *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1519 (9th Cir.1985); *In re Gottheiner*, 703 F.2d 1136, 1139 (9th Cir.1983). Since Judge Jarasolvsky did not intend to apply issue preclusion, resolution of the question of finality of the Arbitration Award would not materially affect the outcome of the litigation or the ultimate termination of the litigation.

Although Judge Jaroslovsky found that all of the elements of issue preclusion (except for the finality) were met, he did not make any findings as to which specific issues involved in the court action are identical to issues adjudicated in the arbitration. Judge Jaroslovsky only generally supports his finding by indicating that there is no way that DSS could have acted negligently or converted Betta's products without breaching the contract.[2] Betta should not be precluded from having its day in court on such general findings. In addition, Judge Jaroslovsky's refusal to deem the Judgment a final judgment for purposes of collateral estoppel indicates a conscious decision not to give the Arbitration Award preclusive effect. Accordingly, even if the Arbitration Award and the Judgment were deemed final, such a finding would not materially affect the outcome of the litigation because Judge Jaroslovsky did not intend to apply issue preclusion.

**3. Issue Preclusion is not Available in this Case Because the Issues for the Court Litigation are not the Same as the Issues in the Arbitration Hearing**

Even if the Judgment and Order are deemed final, this would not materially affect the ultimate outcome of the litigation. Issue preclusion does not apply in this case because the requirements of warehousing agreement ("Contract") between Betta and DSS for establishing the breach of contract claims and the issues encompassed therein are substantially different and more

burdensome than the requirements and issues necessary to establish Plaintiffs' tort and common law claims. Plaintiffs summarize the differences below.

**Requirements for Contractual Damages Not Required in Plaintiffs' Tort and Common Law Claims**:

**1. The Contract Requires Proof of Losses as a Percentage of a Whole**

Section 5(a) of the Contract allows Plaintiffs to hold DSS responsible for the loss of goods only if Plaintiffs can prove more than one half of one percent of the products managed by DSS were lost, stolen or damaged during any three month calendar quarter. A true and correct copy of the Contract is attached to the Declaration of Daren R. Brinkman in Support of Plaintiffs' Opposition to Defendant's Motion for Leave to Appeal at Exhibit A.

**2. The Contract Requires Proof Losses at Actual Costs, Not at Fair Market Value**

Section 5(a) also requires a showing of the actual cost of Betta's goods, not just the fair market value. None of the tort or other common law claims at issue in Plaintiffs' amended complaint require Betta to prove the acquisition costs of the lost, stolen or damaged, goods.

**3. The Contract Requires Proof Losses Per Calendar Quarter, a Showing Not Required in Plaintiffs' Tort and Common Law Claims**

In addition, to establishing their losses as a percentage of the total products managed by DSS, the Contract requires that such showing be made during a three month calendar quarter. Plaintiffs' tort and common law claims do not require such a showing.

Given the substantial differences in between the breach of contract claims and the Plaintiffs' tort and common law claims, the Arbitration Award and the Bankruptcy Court's Judgment and Order cannot be given preclusive affect. Therefore, even if the issue of the finality

[2] Plaintiffs dispute the finding that DSS could not have acted negligently or converted Plaintiffs' products without breaching the contract. As a result, Plaintiffs intend to file, contemporaneously with this Opposition, a cross appeal in order to preserve their rights should this Court decide to grant DSS Motion for Leave to Appeal.

of the Bankruptcy Court's Judgment Confirming the Arbitration Award were resolved in favor of DSS, this could not materially affect the ultimate outcome of the litigation.

## III. CONCLUSION

Wherefore, for the foregoing reasons, the Arbitration Award and the Bankruptcy Court's Judgment and Order Confirming the Award are not final. In addition, because the Bankruptcy Court did not intend to apply issue preclusion and the issues involved in the court litigation are not the same as the issues in the arbitration, the question of the finality of the Order and Judgment does not involve a controlling issue of law that would materially advance the termination of this litigation. For these reasons, the Court should deny DSS' Motion for Leave to Appeal.

Respectfully submitted,

DATED: September 24, 2007

BRINKMAN PORTILLO, PC

By: /s/ Laura J. Portillo
Laura Portillo

Special Counsel to Betta Products, Inc. and Dana McCurnin, Trustee of the Betta Products Litigation Trust