EXHIBIT "9"

BPI 0190

1  Daren R. Brinkman (State Bar No. 158698)
2  Laura J. Portillo (State Bar No. 186813)
   BRINKMAN PORTILLO, PC
3  4333 Park Terrace Drive, Suite 205
   Westlake Village, CA 91361
4  Telephone: (818) 597-2992
   Facsimile: (818) 597-2998
5
6  Special Counsel to Betta Products Inc., and
   Special Counsel to Dana McCurnin, Trustee
7  Of the Betta Products Litigation Trust

8

9                 **UNITED STATES BANKRUPTCY COURT**

10                **NORTHERN DISTRICT OF CALIFORNIA**

                        **SANTA ROSA DIVISION**
11
   In re:                                )  Bankruptcy Case No. 03-10925 AJ
12                                        )
   BETTA PRODUCTS, INC., a California     )  Chapter 11
13 Corporation                           )
                                          )  Adversary No. 05-01046
14                                        )
                    Debtor.               )
15 ──────────────────────────────────    )  **NOTICE OF APPEAL**
   BETTA PRODUCTS, INC., the Debtor in    )
16 Possession, and DANA MCCURNIN, Trustee )
   of the Betta Products Litigation Trust,)
17                                        )
                    Plaintiffs,           )
18                                        )
   v.                                     )
19                                        )
   DISTRIBUTION SYSTEMS AND SERVICES,)
20 INC., aka DSS,                         )
                                          )
21                                        )
                                          )
22                  Defendant.            )
   ──────────────────────────────────    )
23

24 **TO THE HONORABLE ALAN JAROSLOVSY, DEFENDANT, AND DEFENDANT'S**

25 **COUNSEL OF RECORD:**

26       Notice is hereby given that Betta Products, Inc., and Dana McCurnin, Trustee of the Betta

27 Products Litigation Trust, plaintiffs in the above named case, hereby appeal to the United States

28 District Court for the Northern District of California from the "Order Denying Defendant

                                          1

**BPI 0191**

1 | Distribution Alternatives Inc.'s Motion to Dismiss and Alternatively, Motion for Summary

2 | Judgment, and Denying Plaintiff Betta Products, Inc.'s Motions for Partial Summary Judgment"

3 | (hereafter "Order") entered in this action on the 6th day of September, 2007. True and correct

4 | copies of the Order and the Bankruptcy Court's separate Memorandum on Motion to Dismiss

5 | and Related Motions and Cross-motions (Memorandum) are attached hereto as Attachments A

6 | and B, respectively. This cross-appeal is taken against defendant Distribution Systems and

7 | Services, Inc., pursuant to 28 U.S.C. 158(a) and (c).

8 |     The parties to the Order and their respective counsel of record are as follows:

9 | Betta Products, Inc.

10 | Represented by:
BRINKMAN PORTILLO, PC

11 | Daren R. Brinkman
Laura J. Portillo

12 | 4333 Park Terrace Drive, Ste. 205
Westlake Village, CA 91361

13 | Ph. (818) 597-2992

14 |

15 | Dana McCurnin, Trustee of the Betta Products Litigation Trust

16 | Represented by:
BRINKMAN PORTILLO, PC

17 | Daren R. Brinkman
Laura J. Portillo

18 | 4333 Park Terrace Drive, Ste. 205
Westlake Village, CA 91361

19 | Ph. (818) 597-2992

20 |

21 | Distribution Systems and Services, Inc.

22 | Represented by:
ABBEY, WEITZENBERG, WARREN & EMERY

23 | Richard W. Abbey
Mitchell B. Greenberg

24 | 100 Stony Point Road, Ste. 200
P.O. Box 1566

25 | Santa Rosa, CA 95402-1566

26 | Ph. (707) 542-5050

27 | And

28 |

2

BPI 0192

1  HAGERTY, JOHNSON, ALBRIGHT & BEITZ, P.A.
   James Anton Beitz
2  701 Fourth Avenue, South, Ste. 901
   Minneapolis, Minnesota 55415
3  Ph. (612) 349-9000
4
5          This cross-appeal is timely made because pursuant to Fed.R.Bankr.P. 8002(a), "[i]f a
6  timely notice of appeal is filed by a party, any other party may file a notice of appeal within 10
7  days of the date on which the first notice of appeal was filed." The Order was entered on
8  September 6, 2007. Defendant DSS filed its notice appeal on September 14, 2007 ("Notice of
9  Appeal"). This cross-appeal ("Cross-Appeal") is being timely made within 10 days from the
10 date DSS' appeal was filed.
11         In conjunction with DSS' Notice of Appeal, DSS filed a motion for leave to appeal
12 ("Motion for Leave to Appeal"). Plaintiffs have opposed DSS' Motion for Leave to Appeal on
13 the grounds that the Order is not a final order and is instead an interlocutory order which is not
14 appealable. Plaintiffs do not waive this argument by filing this Notice of Appeal regarding the
15 Bankruptcy Court's finding that the elements of collateral estoppel or issue preclusion (other
16 than a final judgment) were met, but instead file this Notice to preserve their rights should the
17 District Court determine that the Bankruptcy Court's Order is an appealable order. Because this
18 Notice of Appeal involves the Bankruptcy Court's Order with respect to its findings regarding
19 issue preclusion, it involves the same or very closely related issues as does DSS' appeal.
20         Respectfully submitted,
21 DATED:  September 24, 2007              BRINKMAN PORTILLO, PC
22
23                                        _____/s/ Laura J. Portillo_____
                                          Laura J. Portillo
24                                        Special counsel for Betta Products, Inc. and
25                                        special counsel for Dana McCurnin, Trustee
                                          of the Betta Products Litigation Trust
26
27
28

                                          3

BPI 0193

# ATTACHMENT A

BPI 0194

Entered on Docket
September 06, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1   Richard W. Abbey, Esq. SBN 53039
     Mitchell B. Greenberg, Esq. SBN 114878
2   Rachel Nunes, Esq. SBN 172525
     Abbey, Weitzenberg, Warren & Emery
3   100 Stony Point Road, Suite 200
     Post Office Box 1566
4   Santa Rosa, CA  94502-1566
     Telephone: (707) 542-5050

5

6   James Anton Beitz, MN ATTY. ID No. 6233
     Hagerty, Johnson, Albrightson & Beitz, P.A.
     701 Fourth Avenue, South, Suite 901
7   Minneapolis, Minnesota 55415
     Telephone: (612) 349-9000
8   *(Appearing Pro Hac Vice)*

9   Attorneys for Defendant
     Distribution Alternatives, Inc. dba DSS

10

11               UNITED STATES BANKRUPTCY COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13

14   IN RE:                    )   Case No.  03-10925

15   BETTA PRODUCTS, INC.,      )   Chapter 11

16           DEBTOR.       )   A. P. No. 05-01046
                       )   06/24/05

17   BETTA PRODUCTS, INC.,      )   **ORDER DENYING DEFENDANT**
                       )   **DISTRIBUTION ALTERNATIVES,**
18           Plaintiff,    )   **INC.'S MOTION TO DISMISS AND**
                       )   **ALTERNATIVELY, MOTION FOR**
19   v.                    )   **SUMMARY JUDGMENT, AND**
                       )   **DENYING PLAINTIFF BETTA**
    DISTRIBUTION SYSTEMS AND SERVICES,  )   **PRODUCTS, INC.'S MOTIONS**
20   INC., aka DSS,         )   **FOR PARTIAL SUMMARY**
                       )   **JUDGMENT**
21           Defendant.   )
                       )

22

23        Defendant Distribution Alternatives, Inc.'s (fka Distribution Systems and Services Corp.) dba

24   DSS (hereinafter "DSS") motion to dismiss and alternatively, motion for summary judgment, and Plaintiff

25   Betta Products Inc.'s ("Betta") motions for partial summary judgment came regularly for hearing on

26   August 3, 2007 before the Honorable Alan Jaroslovsky.  James Anton Beitz and Mitchell B. Greenberg

27   appeared on behalf of moving party DSS.  Laura Portillo appeared on behalf of debtor Betta Products,

28   Inc.

ABBEY, WEITZENBERG,<br>WARREN & EMERY, PC<br>P.O. BOX 1566<br>Santa Rosa, CA 95402<br>(707) 542-5050

1

**BPI 0195**

1    After having reviewed all papers filed in support of and in opposition to the motions, and after

2    having ordered and received supplemental briefing, and having entertained argument by counsel, and good

3    cause appearing,

4    **IT IS HEREBY ORDERED** that:

5    1.    DSS' motion to dismiss on the grounds of standing, claim and issue preclusion is denied

6    for the reasons set forth in the Court's August 15, 2007 Memorandum on Motion to Dismiss and Related

7    Motions and Cross-Motions.

8    2.    Betta's motions for partial summary judgment are denied for the reasons set forth in the

9    Court's August 15, 2007 Memorandum on Motion to Dismiss and Related Motions and Cross-Motions.

10

11

12   **IT IS SO ORDERED.**

13                    [changes]

14   Dated:  September 6, 2007

15

16

17                                              Alan Jaroslovsky
                                                U.S. Bankruptcy Judge
18

19

20

21

22

23

24

25

26

27

28

ABBEY, WEITZENBERG,
WARREN & EMERY, PC
P.O BOX 1566
Santa Rosa, CA 95402
(707) 542-5050

2

**BPI 0196**

ATTACHMENT B

BPI 0197

Entered on Docket
**August 15, 2007**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1

2

3

4    UNITED STATES BANKRUPTCY COURT

5    NORTHERN DISTRICT OF CALIFORNIA

6    In re

7    BETTA PRODUCTS, INC.,                                    No. 03-10925

8                     Debtor(s).

9                                     /

    BETTA PRODUCTS, INC.,

10

11                   Plaintiff(s),

12         v.                                    A.P. No. 05-1046

13   DISTRIBUTION SYSTEMS AND SERVICES,
     INC., aka DSS,
14

15                Defendant(s).
                                    /
16

17   Memorandum on Motion to Dismiss and Related Motions and Cross-Motions

18   I. Issue Preclusion

19         In its complaint commencing this adversary proceeding, plaintiff and Chapter 11 debtor in possession

20   Betta Products, Inc. ("Betta") alleged that defendant Distribution Systems and Services, Inc. ("DSS")

21   breached a written warehouse agreement by failing, refusing or being unable to produce inventory of Betta

22   which DSS had contracted to warehouse.  Betta sought either turnover of its missing inventory or damages

23   exceeding $1 million.

24         The agreement between Betta and DSS called for DSS to use reasonable efforts to store safely all

25   products received from Betta and to protect the products from loss or damage.   It further provided, in

26   pertinent part:

                       1

**BPI 0198**

1   DSS is responsible for the safe handling and safekeeping of Products delivered to the
    warehouse location provided by DSS. . . . [I]f more than one half ($\frac{1}{2}$) of one percent
2   (1%) of the Products received DSS during any three month quarter during the
    Agreement are lost, stolen, and/or damaged, then DSS agrees to reimburse [Betta] for
3   the value of the Products in excess of this amount . . . .

4       The agreement provided that it was to be governed by Minnesota law and contained a provision

5   requiring any dispute to be arbitrated by the American Arbitration Association. Shortly after service of the

6   complaint, DSS filed a motion to compel arbitration which Betta did not oppose. The court granted the

7   motion and stayed further proceedings in this court pending arbitration.

8       DSS made a motion before the arbitration panel to exclude any tort claims of Betta. Panicking at the

9   thought of losing a theory of recovery, Betta came running back to this court to amend its complaint to add tort

10  claims. The court granted the motion but severed the tort claims from the contract claims being arbitrated,

11  assuming that the issue was a tempest in a teapot since the essential issue was whether DSS properly

12  warehoused Betta's property and that would be decided by the arbitration panel.

13      For some reason still a mystery to the court, Betta decided that since it now had a tort action pending

14  before this court it could ignore the arbitration proceeding. It sought to dismiss its contract claims and only

15  litigate the tort claims. However, it made a fundamental mistake in thinking that the arbitration panel was some

16  sort of extension of this court and sought dismissal with this court instead of the arbitration panel. The court

17  refused to intervene and the arbitration panel proceeded, in the absence of Betta, to rule in favor of DSS. The

18  arbitration panel specifically held:

19      Having considered all testimony heard by the Panel, the full record at the final hearing,
    and the entire record otherwise placed before the Panel during the course of this arbitration
20  proceeding, the Panel is satisfied that there is no credible evidence in the arbitration record
    sufficient to establish any of the breaches of contract alleged in Claimants' Specification of
21  Claims, and that nothing in the entire arbitration record creates any reason for the Panel to
    believe that, had Claimants elected to appear at the final hearing, they would have been able to
22  establish any of such alleged breaches of contract by a preponderance of the evidence.

23      DSS has filed a motion to dismiss the remaining tort claims against it, on the ground that the decision of

24  the arbitration panel preclusively forbids Betta from re-litigating the issue of whether DSS acted wrongfully in

25  its care of Betta's inventory.

26      Since the agreement between Betta and DSS called for DSS to use reasonable efforts to store safely

2

**BPI 0199**

1   all products received from Betta and to protect the products from loss or damage, and since the arbitration

2   panel found that DSS did not breach the agreement, if the arbitration decision is given preclusive effect then the

3   court must dismiss Betta's tort claims, which are based on the same operative facts. While the tort claims are

4   based on negligence and conversion rather than breach of contract, there is no way that DSS could have

5   committed these torts without breaching the contract.

6        Issue preclusion bars re-litigation of issues that have been actually litigated.   The doctrine is intended

7   to avoid inconsistent judgments and the related misadventures associated with giving a party a second bite at

8   the apple. Issue preclusion bars re-litigation of an issue of fact or issue that: (1) is identical to a fact or issue

9   determined in an earlier proceeding, (2) was actually decided by a court in an earlier action, (3) the issue was

10   necessary to the judgment in such action, (4) there was a final judgment on the merits, and (5) the parties are

11   the same. *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir.2001).

12        In this case, all of the elements for issue preclusion are present except that the award of the arbitration

13   panel is not final. While the court did enter a judgment on the award on March 1, 2007, it did not direct that it

14   was a final judgment or make the express determinations necessary for it to be final. Pursuant to FRCP 54(b),

15   made applicable to this adversary proceeding by FRBP 7054, that judgment is not final.[1]  The motion to

16   dismiss on grounds of issue preclusion therefore cannot be granted[2].

17

18   II. Standing

19        The court does not see how Betta lacks standing. The confirmed plan of reorganization specifically

20

---

21      [1]The court is aware that Betta has appealed the judgment. The appellate court can of course, treat

22   the appeal as a motion for leave to appeal pursuant to FRBP 8003(c). The fact remains, however, that Betta

      has continued its procedural blundering by improperly appealing a judgment which is not final.

23

24      [2]Both sides in this case are bound and determined to win by cleverness of counsel. In this contest,

      Betta is at a distinct disadvantage. However, the court actually wants to hear testimony and find out if DSS

25   negligently stored Betta's inventory. The court's curiosity is so strong at this point that it has no interest in the

      procedural machinations of the parties and the quiddities of their lawyers. The court suggests they either talk

26   settlement or prepare for trial.

**BPI 0200**

1    provides "The debtor may pursue reserved actions, tort claims . . . "[ § 7.02]. Further, § 7.04 specifically

2    provides:

3        7.04. Debtor shall reserve the rights to pursue the following:
         . . . .
4            c. Claims and rights of setoff against Distribution Sales and Services Corporation
             arising from the warehousing agreement dated May 1, 1996, payments, overcharges, lost and
5            damaged goods, and claims assigned pursuant to the Compromise Agreement . . . .

6    The instant adversary proceeding is entirely consistent with the plan and Betta has standing to bring the action.

7

8    III. Partial Summary Judgment

9        The court is not thrilled with Betta's expectation that the court will wade through page after page of

10   exhibits attempting to determine if partial summary judgment is appropriate, just as the court is not thrilled

11   with DSS's procedural arguments and endless exhibits and useless "compendia." Nonetheless, the parties

12   are not obligated to make things easier on themselves by focusing on substantive issues. And the court is not

13   obligated to rule on a motion for partial summary judgment. "In a case involving multiple claims, the court may

14   exercise its discretion to deny summary judgment where it finds it better as a matter of judicial administration

15   to dispose of all the claims and counterclaims at trial rather than attempt piecemeal disposition, or where part

16   of the action may be ripe for summary judgment but is intertwined with another claim that must be tried." 28

17   Fed.Proc.L.Ed., Pleadings and Motions, §§ 62:572, citing *Taylor v. Rederi A/S Volo*, 374 F.2d 545 (3rd

18   Cir. 1967) and *Kollsman Instrument Corp. v. Astec Instrument Corp.*, 225 F.Supp. 534 (S.D.N.Y.

19   1964).

20       Since this is to be a court trial, the court sees no benefit to deciding the case piecemeal. If the parties

21   really want to spend their time and money on endless procedural motions they are free to do so, but at the

22   end of the day they will still have to discuss what, if anything, happened to Betta's inventory.

23       For the foregoing reasons, the motion of DSS for dismissal or summary judgment will be denied, as

24   will Betta's motion for partial summary judgment. Any party who wants an order to this effect may submit

25   one. The court looks forward to trial in January and warns both sides that a continuance for any reason is not

26

                                            4

**BPI 0201**

1  likely.

2

3  Dated:  August 15, 2007

4

5

6  Alan Jaroslovsky
   U.S. Bankruptcy Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

5

BPI 0202