# EXHIBIT "11"

BPI 0205

Daren R. Brinkman (State Bar No. 158698)
Laura J. Portillo (State Bar. No. 186813)
BRINKMAN PORTILLO, PC
4333 Park Terrace Drive, Suite 205
Westlake Village, CA 91361
Telephone: (818) 597-2992
Facsimile: (818) 597-2998

Special Counsel to Betta Products, Inc.,
And Dana McCurnin, the Trustee
of the Betta Products Litigation Trust

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br>BETTA PRODUCTS, INC., a California Corporation<br><br>Debtor.<br><br>BETTA PRODUCTS, INC., Debtor in Possession, and DANA MCCURNIN, Trustee of the Betta products Litigation Trust,<br>Plaintiffs,<br>v.<br>DISTRIBUTION SYSTEMS AND SERVICES, INC., aka DSS,<br>Defendant. | Bankruptcy Case No. 03-10925 AJ<br>Chapter 11<br>Adversary No. 05-01046 AJ<br><br>**ERRATA REGARDING PLAINTIFFS' SUPPLEMENTAL MEMORANDUM RE WHY ISSUE PRECLUSION DOES NOT APPLY** |

TO THE HONORABLE ALAN JAROSLOVSKY, UNITED STATES BANKRUPTCY JUDGE AND TO DEFENDANT DSS AND ITS COUNSEL:

Betta Products Inc., and Dana McCurnin, Trustee of the Betta Products Litigation Trust (collectively the "Betta Parties"), by and through the undersigned counsel, hereby files this Errata Regarding Plaintiffs' Supplemental Memorandum Re Why Issue Preclusion Does Not

1  Apply. On August 13, 2007, counsel for the Betta Parties electronically filed Plaintiffs'
2  Supplemental Memorandum Re Why Issue Preclusion Does Not Apply ("Supplemental
3  Memorandum")(Docket No. 188). Due to an inadvertent clerical error, page "2." of the
4  Supplemental Memorandum apparently was not scanned and filed. Counsel for the Betta
5  Parties did not discover the error until today when counsel was reviewing the docket. Counsel
6  for the Betta Parties has corrected the inadvertent error and attached a complete copy of the
7  Supplemental Memorandum hereto as Exhibit "A".

Respectfully submitted,

Dated: November 5, 2007                    BRINKMAN PORTILLO, PC


                                            /s/ Laura J. Portillo
                                           Laura J. Portillo
                                           Special Counsel to Dana McCurnin, Trustee
                                           of the Betta Products Litigation Trust

2

ERRATA

# EXHIBIT "A"

BPI 0208

Daren R. Brinkman (State Bar No. 158698)
Laura J. Portillo (State Bar. No. 186813)
BRINKMAN PORTILLO, PC
4333 Park Terrace Drive, Suite 205
Westlake Village, CA 91361
Telephone: (818) 597-2992
Facsimile: (818) 597-2998

Special Counsel to Betta Products Inc. and
Dana McCurnin, Trustee of the Betta Products
Litigation Trust

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SANTA ROSA DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 03-10925 AJ |
| BETTA PRODUCTS, INC., a California Corporation | Chapter 11 |
| | Adversary No. 05-01046 |
| Debtor. | |
| BETTA PRODUCTS, INC., the Debtor in Possession, DANA MC CURNIN, Trustee of the Betta Products Litigation Trust | **PLAINTIFFS' SUPPLEMENTAL MEMORANDUM RE WHY ISSUE PRECLUSION DOES NOT APPLY** |
| Plaintiff, | Date: August 3, 2007 |
| v. | Time: 10:00 a.m. |
| DISTRIBUTION SYSTEMS AND SERVICES, INC., aka DSS, | Place: 99 South E Street Santa Rosa, CA |
| Defendant. | |

TO THE HONORABLE ALAN JAROSLOVSKY, UNITED STATES BANKRUPTCY JUDGE, DEFENDANT DISTRIBUTION SYSTEMS AND SERVICES, INC. AND ITS COUNSEL OF RECORD:

///

ORIGINAL

# I. INTRODUCTION

Betta Products, Inc. ("Betta") and Dana Mc Curnin, Trustee for the Betta Products Litigation Trust ("Trust") (collectively "Plaintiffs") the plaintiffs in the above-captioned adversary proceeding, hereby submit their memorandum regarding why issue preclusion does not apply to the arbitration award. The arbitration award does not preclude this Court from trying the tort and bankruptcy claims for the following reasons:

1. The Doctrine of Collateral Estoppel does not apply to Betta's Amended Complaint because the issues cannot be "identical" because the contract which was the subject of the arbitration requires a different burden of proof than the tort and bankruptcy claims;

2. For Collateral Estoppel to apply, Minnesota law requires the exact same burden of proof and even the tiniest variation requires a new hearing between the parties

## II. COLLATERAL ESTOPPEL DOES NOT APPLY TO BETTA'S TORT AND BANKRUPTCY CLAIMS

DSS is incorrect when it asserts the Plaintiffs' claims are barred because they are "identical" to the issues decided in the arbitration. That assertion is contrary to established law.

### A.   The Appropriate Collateral Estoppel Standard

The Court has requested that the parties brief the preclusive effect under Minnesota law because the arbitration panel decided the matter under Minnesota law. However, Plaintiffs respectfully point out that the arbitration award is not a state judgment, and that this Court entered a federal judgment regarding the award, therefore the federal law that is stated in Plaintiffs' earlier Opposition should be considered.

Under the Federal Full Faith and Credit Statute, Federal Courts must give state judgments the preclusive effect that those judgments would enjoy under the law of the state in which the judgment was rendered. *See* 28 U.S.C.§ 1738. *Far Out Productions, Inc. v. Oskar* 247 F. 3d 986 (9th Cir. 2001). The arbitration award is technically not a "state judgment", because the award only became a judgment when it was confirmed by the bankruptcy court. In addition, the U.S. Supreme Court has ruled that "arbitral factfinding is generally not equivalent to judicial factfinding. ... "[t]he record of the arbitration proceedings is not as complete; the usual rules of evidence do not apply; and rights and procedures common to civil trials, such as discovery, compulsory process, cross-examination, and testimony under oath, are often severely limited or

2

unavailable." *Matsushita Elec. Indus. Co., Ltd. v. Epstein* 516 U.S. 367, 116 S.Ct. 873 (1996); *McDonald v. City of West Branch*, 466 U.S. 284, 104 S.Ct. 1799 U.S.,(1984)

Out of deference to the Court's request for briefing on Minnesota authority on issue preclusion, Plaintiffs will show that Minnesota law not only does not support a preclusive effect to the arbitration award, but requires a new hearing between the parties because there is a differing standard of proof for the arbitration than for the tort and bankruptcy claims.

### B. The Issues Cannot be "Identical" Because The Contract Which Was The Subject of the Arbitration Required A More Difficult and More Particular Set of Issues and Burden Of Proof Than The Tort, Bankruptcy and Common Law Claims

#### 1. Minnesota law requires an exactly identical issue for Collateral Estoppel to apply

Minnesota law requires that the issue on which collateral estoppel is to be applied must be the same as that adjudicated in the prior action and it must have been necessary and essential to the resulting judgment in that action. The issue must have been distinctly contested and directly determined in the earlier adjudication for collateral estoppel to apply. *Hauschildt v. Beckingham* 686 N.W. 2d 829, 837 (2004). The arbitration award does not meet this standard because the issues were not the same, nor were they "directly contested" if Plaintiffs offered no evidence at the arbitration. Minnesota law requires that for collateral estoppel to apply, the same "right, question, or fact" must have been placed at issue and directly determined by a court of competent jurisdiction. *Kaiser v. Northern States Power* 353 N.W. 2d 899 (1984).

#### 2. The Warehousing Agreement under which the arbitration was decided distinctly defines the claims and the burden of proof required for a breach of the agreement and this differs from the standard of proof for the tort and bankruptcy claims

The Warehousing Agreement which was the subject of the AAA arbitration, states a specific set of requirements and burdens for Betta to prove a loss under the contract. Section 5(a)(i)-(ii) requires Betta to follow certain steps to prove loss over a specific amount and sets the proof standard as requiring Betta to reveal its "acquisition cost as defined in Exhibit A". Brinkman Declaration in Support of Opposition, Exhibit "D". In fact, the contract not only provides a different standard of proof, it provides a different cause of action than is currently before the bankruptcy court. For example, Section 5(a) only allows Plaintiffs to hold DSS responsible for the loss of goods only if Plaintiffs can prove more than one half of one percent of the products

3

BPI 0211

managed by DSS in any three month quarter were lost, stolen or damaged. This is a major limitation on the claims and the remedies available to Plaintiffs under the contract. By contrast, none of Plaintiffs' tort or other common law claims require they prove their damages by calendar quarter or that Plaintiffs prove their damages as a percentage of goods held by DSS. Thus, under the contract, Plaintiffs would have been burdened with the showing the value of all of Betta's goods held by DSS, not just those lost or stolen. Further, the contract requires that damages be proven with a particular calendar quarter, while the non-contract claims have no such limitation. Moreover, the contract requires showings of actual cost for Betta's goods, not just fair market value. Collectively, these requirements are much more demanding than anything in Plaintiffs' Amended Complaint. Since the arbitrators were only arbitrating the claim for breach of the warehousing agreement, this limitation on claims means that the issues decided by the arbitrators cannot be "identical" to the claims and issues now before this court in the Amended Complaint. This contractual proof requirement is a different proof standard than that which would be used on the claims in the Amended Complaint.

Minnesota law is very clear that where there is a different burden of proof, there can be no collateral estoppel. The 2007 case of *State of Minnesota v. Lemmer* 2007 WL 2264727 highlights the established rule that different burdens of proof mean that the issues cannot be identical. "Of course, the application of collateral estoppel between criminal and civil cases may run afoul of another element, the need that the issues be identical. *See Willems,* 333 N.W.2d at 621. A finding of fact against the driver in a civil case, to a fair preponderance of the evidence, would not be identical to the issue in the criminal case, where the same fact must be proven beyond a reasonable doubt. And conversely, the findings of fact inherent in a *not-guilty* verdict in a criminal case would not be the identical issue when the same facts are presented in a civil case, where they need only be proven by a fair preponderance of the evidence."

3.   **Minnesota law requires a new hearing between the parties if there is any variation in the burden of proof**

The Minnesota courts have held that an issue is not the same if there is any change in the burden of proof, and requires that the burden be exactly the same with no variation whatsoever. In fact, the Willem case held that when two different statutes provided for an administrative hearing on the suspension of a driver's license, the court found that although both statues provide for a

4

hearing, they "do not conflict because § 169.123 provides for a prerevocation hearing, whereas § [171.19] provides for a post-revocation reinstatement hearing. It seems clear from the statutes that a person is entitled to both hearings, although as a practical matter the issues raised in a reinstatement hearing might well have been previously decided in a prerevocation hearing. The difference in the two hearings is that the state has the burden of going forward in a § 169.123 proceeding, whereas in a § 171.19 proceeding, the petitioner's license has been revoked and therefore he has the burden of showing error to entitle reinstatement."

*Willem* illustrates Minnesota's rule that a party is entitled to litigate an issue even if substantially similar issues have been litigated, and requires an exact, identical issue without the tiniest variation. Since the burden of proof in the contract and the burden of proof under the tort and bankruptcy issues are different, there can be no collateral estoppel. Therefore, as a matter of law, the issues in the arbitration and the Amended Complaint are "non-identical" and issue preclusion cannot apply.

### III. CONCLUSION

Wherefore, based upon the points and authorities presented herein, the Plaintiffs respectfully request that this court enter an order denying the Defendant's Motion to Dismiss denying Defendants summary judgment and for such other and further relief as the court deems just and proper.

DATED: August 13, 2007                    BRINKMAN PORTILLO, PC

                                          By:    /s/ Laura J. Portillo
                                                 Laura Portillo

                                          Special Counsel to Betta Products, Inc. and Dana
                                          McCurnin, Trustee of the Betta Products Litigation Trust

5

MEMORANDUM RE WHY ISSUE PRECLUSION DOES NOT APPLY            BPI 0213