# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## No: CV 07-04825 WHA

---

Betta Products, Inc. and Dana McCurnin, Trustee
of the Betta Products Litigation Trust,

Plaintiffs—Appellees—Cross-Appellants,

v.

Distribution Systems and Services, Inc.

Defendant—Appellant—Cross-Appellee.

---

## APPELLANT'S REPLY BRIEF

## AND

## CROSS-APPELLEE'S BRIEF

---

Richard W. Abbey, Esq. SBN 53039
Mitchell B. Greenberg, Esq. SBN 114878
Abbey, Weitzenberg, Warren & Emery
100 Stony Point Road, Suite 200
Post Office Box 1566
Santa Rosa, CA 94502-1566
Telephone: (707) 542-5050

James Anton Beitz, MN ATTY. ID No. 6233
Hagerty Johnson & Beitz P.A.
701 Fourth Avenue, South, Suite 700
Minneapolis, Minnesota 55415
Telephone: (612) 349-9000
*Pro Hac Vice*

Attorneys for Defendant, Appellant, Cross-Appellee

## CORPORATE DISCLOSURE STATEMENT

Distribution Systems and Services, Inc. is a privately held Minnesota corporation, whose present name is Distribution Alternatives, Inc.  It does business as "DSS." It does not have any parent corporation which owns ten per cent or more of its stock.

# COMBINED TABLE OF CONTENTS

**Page**

JURISDICTIONAL STATEMENT ................................................... 1

REPLY BRIEF ............................................................................. 1

INTRODUCTION ........................................................................ 1

ARGUMENT .............................................................................. 2

I.    THE BANKRUPTCY COURT DID NOT AND DOES NOT HAVE JURISDICTION TO WITHDRAW AND REPLACE ITS OCTOBER 20, 2006 ORDER........................... 2

II.   THE WITHDRAWAL AND REPLACEMENT OF THE OCTOBER 20, 2006 ORDER IS AN ABUSE OF FED. R. CIV.P. 60(a) .............................................................. 5

    A.    The Record Contains No Evidence That The Bankruptcy Court Made A Clerical Mistake.................. 6

    B.    DSS Will Suffer Irreparable Harm If The Betta I Judgment Is Erased ...................................... 10

CONCLUSION ........................................................................... 14

FED. R. APP. PRO. 32(a)(7)(C) CERTIFICATE OF COMPLIANCE ..................................... 14

CROSS-APPELLEE'S BRIEF......................................................... 15

STANDARD OF REVIEW........................................................... 15

STATEMENT OF THE CASE ....................................................... 15

SUMMARY OF THE ARGUMENT................................................ 15

ARGUMENT ............................................................................. 16

I.    THE BANKRUPTCY COURT APPLIED THE CORRECT STANDARD FOR ANALYZING THE SAMENESS ISSUE REGARDLESS OF WHETHER STATE OR FEDERAL LAW APPLIES......................................... 16

    A.    The Issues In Betta I And Betta II Were The Same Under Either Minnesota Or Federal Law ......................... 17

    B.    Betta And The Trustee Have Conceded The Sameness Issue, And That Concession Has Become Law Of The Case.................................................... 19

**Page**

1. Betta and the Trustee have made the judicial admission that the issues in Betta I and Betta II are identical ............................................................. 19

2. The Bankruptcy Court's decision to grant Betta's and the Trustee's motion to strike DSS' jury demand on the grounds that the claims and issues in Betta II are the same as those raised in Betta I has become the "law of the case" ............................ 22

C. Betta And The Trustee Were Given A Full And Fair Opportunity To Be Heard On All Of The Issues Presented And Decided In Betta I ................................... 23

D. The Judgment Entered In Betta I was Final And Valid And On The Merits ........................................................ 25

II. THE BURDEN OF PROOF IN THE TWO ACTIONS WAS THE SAME ................................................................ 25

A. The Burden Of Proof In Betta I Was The Same As The Burden That Will Be Applied In Betta II ................... 26

B. Betta's And The Trustee's Burden Of Proof Argument Also Fails Because Betta And The Trustee Have Misread, Misinterpreted, Or Misrepresented Their Leading Case ................................................................ 26

C. The Minnesota Law Of Collateral Estoppel Precludes Trying The Issues Of Betta II A Second Time ............... 27

D. The Betta I Record Manifestly Illustrates That The Arbitration Panel Decided On The Merits The Same Issues Raised In Betta II And That Betta And The Trustee Were Given A Full And Fair Opportunity To Be Heard ................................................................. 28

1. The Panel determined on the merits that Betta and the Trustee did not and could not prove by a preponderance of the evidence that DSS had breached any duty under its agreement with Betta .................................................................... 29

d. Betta and the Trustee were given the opportunity to be heard necessary to apply collateral estoppel ............................................... 29

CONCLUSION .................................................................... 31

FED. R. APP. PRO. 32(a)(7)(C) CERTIFICATE OF COMPLIANCE ..................................... 32

# COMBINED TABLE OF AUTHORITIESS

Page

**Federal Cases**

Beaupied v. Chang
163 F.3d 1138, 1140 (9th Cir. 1998) ............................................. 15

Blanton v. Anzalone
813 F.2d 1574 (9th Cir. 1987) ............................................. 6, 7, 8, 9

Blonder-tongue Lab., Inc. v. University of Ill. Found
402 U.S. 313 (1971)............................................. 18, 23, 29, 30

Blue Mountain Constr. Co. v. Werner
270 F. 2d 305 (9th Cir. 1959) ............................................. 24, 30

Clark v. Bear Stearns & Co., Inc.
966 F.2d 1318 (9th Cir. 1992) ............................................. 28

Davis v. United States,
667 F.2d 882 (9th Cir. 1982) ............................................. 3, 5

DirecTV, Inc. v. Leto
467 F.3d 842 (3d Cir. 2006) ............................................. 13

El Dorado School Dist. No. 15 v. Continental Cas. Co.
247 F.3d 843 (8th Cir. 2001) ............................................. 24, 30

Fizer v. Safeway Stores, Inc.
586 F.2d 182 (10th Cir. 1978) ............................................. 12, 13

Friedmann v. U.S.
107 F. Supp.2d 502 (D.N.J. 2000) ............................................. 21

G & M, Inc. v. Newbern
488 F.2d 742 (9th Cir. 1973) ............................................. 3

Huey v. Teledyne
608 F.2d 1234 (9th Cir. 1987) ............................................. 8

Hydrick v. Hunter
466 F.3d 676 (9th Cir. 2006) ............................................. 22

Imperial County, California v. Ortho Diagnostic Sys., Inc.
348 F.2d 904 (9th Cir. 1965) ............................................. 6, 13

In Re Bammer
131 F.3d 788 (9th Cir. 1997) ............................................. 15

In Re Frigitemp Corp.
781 F.2d 324 (2nd Cir. 1986)............................................. 6

In Re Transtexas Gas Corp.
303 F.3d 571 (5th Cir. 2002) ........................................................ 3. 7, 13

Jones & Guerrero Co. v. Sealift Pac.
650 F.2d 1072 (9th Cir. 1981) ...................................................... 8

Kourtis v. Cameron
419 F.3d 989(9th Cir. 2005) .......................................................... 17

Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.
341 F.3d 987 (9th Cir. 2003) ......................................................11, 13

Local Freight Drivers, Local No. 208 v. Braswell, Motor
Freight Lines, Inc.
422 F.2d 109 (9th Cir. 1970) ........................................................ 25

Manion v. Nagin
394 F.3d 1062 (8th Cir. 2005) ............................................ 18, 25, 27

Masson v. New Yorker Magazine, Inc.
85 F.3d 1394 (9th Cir. 1996) ........................................................ 23

Matter of West Texas Mktg. Co.
12 F.3d 497 (5th Cir. 1994) ..........................................................6

Mediterranean Enter., Inc. v. Ssangyong
708 F.2d 1451 (9th Cir. 1983) ...................................................... 18

Morris v. Morgan Stanley & Co.
942 F.2d 648 (9th Cir. 1991) ........................................................ 8

Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.
460 U.S. 1 (1983)............................................................................ 12

New Hampshire v. Maine
532 U.S. 742 (2001)........................................................................ 21

Oscanyan v. Arms Co.
103 U.S. 261 (1880)........................................................................ 21

Postscript Enter. V. City of Bridgeton
905 F.2d 223 (8th Cir. 1990) ........................................................ 21

Reyn's Pasta Bells, L.L.C. v. visa USA, Inc.
442 F.3d 741 (9th Cir. 2006) .................................................. 18, 23

Robi v. Five Platters, Inc.
918 F.2d 1439 (9th Cir. 1990) ...................................................... 8

Schoenduve Corp. v. Lucent Tech., Inc.
442 F.3d 727 (9th Cir. 2006) ........................................................ 12

Sendco, Inc. v. Petroleos Mexicanos Mexican Nat. Oil Co.
676 F.2d 1140 (5th Cir. 1985) ...................................................... 11

Shearson/American Exp., Inc. v. McMahon
   482 U.S. 220 (1987)................................................................................. 11

Southern Pacific Pac. R.R. Co. v. United States
   168 U.S. 1 (1897)..................................................................................... 18

Totten v. Merkle
   137 F.3d 1172 (9th Cir. 1998) .............................................................. 21

United States v. Shanbaum
   10 F.3d 305 (5th Cir. 1994) .................................................................. 18

US Aluminum Corp/Texas v. Alumax, Inc.
   831 F.2d 878 (9th Cir. 1987) ................................................................ 27

US West Financial Services, Inc. v. Buhler, Inc.
   150 F.3d 929 (8th Cir. 1998) ............................................................ 26, 27

Victory Highway Village, Inc. v. Weaver
   480 F. Supp. 71 (D. Minn. 1979)............................................................ 23

York & Cumberland R.R. Co. v. Myers
   59 U.S. 246 (1855).................................................................................. 25

## State Cases

American Druggists Ins. V. Thompson Lumber Co.
   349 N.W.2d 569 (Minn. Ct. App. 1984) ............................................. 23, 27

Aufderhar v. Data Dispatch, Inc.
   452 N.W. 648 (Minn. 1990) ................................................................... 19

Borrgeson v. Borgeson
   461 N.W.2d 402 (Minn. Ct. App. 1990) .................................................. 22

Ellis v. Comm'n on Civil Rts.
   319 N.W. 702 (Minn. 1982) ................................................... 17, 18, 23, 30

In Re Baldwin
   245 B.R. 131 (9th Cir. BAP (Cal.)) ...................................................... 15

In Re Sizzler Restaurants Int'l, Inc.
   262 B.R. 811 (D.C. Cal. 2001) .............................................................. 13

Mayes v. Fujimoto
   181 F.R.D. 453 (D.C. Haw. 1998).......................................................... 13

Willems v. Comm'r of Public Safety
   333 N.W.2d 619 (Minn. 1983)................................................................27

Youngstown Mines Corp. v. Prout
    266 Minn. 450, 124 N.W.2d 328 (Minn. 1963) ........................................... 18

**Federal Statutes**

28 U.S.C. § 158(a) ......................................................................................... 1

Fed. R. Civ. P. 60(a) .......................................................................... *passim*

Fed. R. Civ. P. 21 ............................................................................... *passin*

Fed. R. Civ. P. 42 .................................................................. 1, 4, 7, 12, 13

Fed. R. Bankr. P. 8013 ............................................................................. 15

**Other Authorities**

AAA Rule 28 .............................................................................................. 24

AAA Rule R-29 at 11 ................................................................................. 29

18B Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper
    Federal Practice and Procedure § 4478 (2d ed. 2002) ................................ 22

Judicial Admissions
    64 Colum. L. Rev. 1121, 1131 (1964)
    (citing 2 Charles McCormick Evidence § 243 at 515
    (1954) ...................................................................................... 19, 20

McCormick
    Evidence § 254 ................................................................................. 20

11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane
    Federal Practice and Procedures § 2856 (2 Ed. 1995) ............................. 4, 5

4 James Wm. Moore
    Moore's Federal Practice § 21.06 (3d Ed. 2007) ...................................... 7

12 James Wm. Moore
    Moore's Federal Practice § 60.11 [1] (a) (3d Ed. 2007) ............................ 6

12 James Wm. Moore
    Moore's Federal Practice § 60.11 [1] (b) (3d Ed. 2007) ............................ 6

12 James Wm. Moore
    Moore's Federal Practice § 60.11 [3] (3d Ed. 2007) ............................ 7, 13

12 James Wm. Moore
    Moore's Federal Practice § 60.12 [2] (c) (3d Ed. 2007) ............................ 4

20 James Wm. Moore
    Moore's Federal Practice § 303.32 [1] (3d Ed. 2007)................................... 3

20 James Wm. Moore
    Moore's Federal Practice § 303.32 [2] (a) [iii] (3d Ed. 2007) ...................... 3

20 James Wm. Moore
    Moore's Federal Practice § 303.32[1] & [2] (a) [iii] (3d Ed. 2007).............. 5

9 John Henry Wigmore
    Evidence § 2590 ...................................................................................... 20

9 John Henry Wigmore
    Evidence in Trials at Common Law § 2594
    (James H. Chadbourn ed. 1981) ................................................................ 19

## JURISDICTIONAL STATEMENT

This Court has jurisdiction of this matter under 28 U.S.C. §158(a).

## REPLY BRIEF

## INTRODUCTION

Betta and the Trustee no longer dispute that Betta I ended in a final judgment by virtue of the October 20, 2006 order severing Betta I and II under Rule 21, and they no longer rely on the bankruptcy court's August 15, 2007 Memorandum Decision that said there was no final order in Betta I. Instead, after this appeal had already been docketed, and DSS' opening brief served and filed, Betta and the Trustee moved the bankruptcy court under FED. R. CIV. P. 60(a) to substitute a new order for the court's October 20, 2006 severance order. The bankruptcy court obliged, and Betta and the Trustee now argue that it did so to correct a "clerical mistake" even though the contemporary and subsequent record manifestly demonstrate that the court, Betta and the Trustee, and DSS all understood that the court had ordered the cases severed under Rule 21 and intended that they be severed under Rule 21 so that Betta I could go to final judgment. Nothing could be clearer. The court said it wanted to sever the cases, that severance would raise *res judicata* issues, and that Betta's lawyers should draft the order, which they did. Several months later, the court entered a final judgment on the severed case, and Betta and the Trustee appealed from that final judgment.

However, the bankruptcy court, ostensibly acting to correct a "clerical mistake" under Rule 60(a), substituted a wholly new order for its year old order severing the cases under Rule 21. The new order attempts to undo the severance of the cases and to separate the cases for trial under Rule 42. The net effect of all this, Betta and the Trustee say, was to undo the finality of the

judgment entered in Betta I on March 1, 2007, and presently on appeal by
Betta and the Trustee and to moot this interlocutory appeal.[1]

Thus, the only questions now properly before this Court in DSS'
interlocutory appeal are whether, in the first instance, the bankruptcy court
severed the cases under Rule 21, thus producing a final judgment in Betta I, a
fact everyone now concedes, and second, whether the bankruptcy court could,
under Rule 60(a), undo the finality of that judgment on the ground that it
resulted from a clerical mistake, clear from the record. This Court should
affirm what everyone now concedes—that the bankruptcy court severed the
two cases under Rule 21, leading to a final judgment in Betta I—and answer
the second question in the negative.

The bankruptcy court's attempt to substitute its November 5, 2007 order
for the October 20, 2006 order is a nullity, since the bankruptcy court does not
have jurisdiction to impose that order, and doing so would be an abuse of Rule
60(a).

# ARGUMENT

## I.    THE BANKRUPTCY COURT DID NOT AND DOES NOT HAVE JURISDICTION TO WITHDRAW AND REPLACE ITS OCTOBER 20, 2006 ORDER.

After this Court had accepted this interlocutory appeal, established a
briefing schedule, and received DSS' initial brief, Betta and the Trustee, in
an apparent attempt to avoid the possibility that this Court would reverse the

---

[1] In their motion for Rule 60(a) relief, they misrepresented that they had dismissed their
appeal in Betta I. (Motion of Betta and the Trustee to Amend October 20, 2006, Order,
Bankruptcy Docket No. 207 at 3.)  In fact, in order to protect the finality of the Betta I
judgment, the District Court specifically denied Betta's and the Trustee's motion to
dismiss without prejudice and, instead, stayed the appeal while retaining jurisdiction.
(*See Betta, et al v. Distribution Systems, et al*, slip op. Case No. CV 07-02661 VRW
(N.D. Cal.  Sept. 26, 2007).)

bankruptcy court's denial of DSS' motion to dismiss, moved the bankruptcy court to correct what they termed a "clerical error" in the October 20, 2006 order severing the Betta I arbitration proceeding from the Betta II tort case under FED. R. CIV. P. 21. (Cross Appellee's Appendix at 3.) The bankruptcy court granted their motion without hearing from DSS. (Appellee's Appendix at BPI 203.)

However, the bankruptcy court did not have jurisdiction to amend its October 20, 2006 severance order because it lost jurisdiction of Betta I following Betta's and the Trustee's appeal of the Betta I judgment. (*See* 20 James Wm. Moore, MOORE'S FEDERAL PRACTICE §303.32 [1] (3d Ed. 2007); *see also Davis v. United States*, 667 F.2d 822, 824 (9th Cir. 1982) (holding that filing notice of appeal passes jurisdiction to appellate court and deprives trial court of jurisdiction); *G & M, Inc. v. Newbern*, 488 F.2d 742, 746 (9th Cir. 1973) (holding that trial court lost jurisdiction to entertain motion once jurisdiction of case passed to appellate court).) Trial courts may not reexamine or adjust the judgment from which an appeal is pending, and they may not alter the status of a case as it rests before the appellate court. (*See* 20 James Wm. Moore, MOORE'S FEDERAL PRACTICE §303.32 [2] (a) [ii] (3d Ed. 2007).) Amendment of the October 20, 2006 order to erase retroactively the finality of the Betta I judgment would not only alter the status of Betta I as it sits before the District Court on appeal, it would divest the District Court of jurisdiction. The bankruptcy court does not have the power or jurisdiction to take such drastic steps. (*See Ibid.; see also In Re Transtexas Gas Corp.*, 303 F.3d 571, 578-79 (5th Cir. 2002) (holding appeal divests trial court of jurisdiction).)

Moreover, parties seeking relief from clerical errors in judgments or orders after an appeal is docketed may only do so "with leave of the

appellate court." (*See Ibid.*; *see also* 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE §2856 (2 Ed. 1995).) Therefore, Betta and the Trustee were required first to secure leave from this Court before seeking relief under Rule 60(a). After the appeal is docketed, the trial court may correct clerical errors only with the permission of the reviewing court. If a change is made without that permission, it is a nullity. (*See* 12 James Wm. Moore, MOORE'S FEDERAL PRACTICE §60.12 [2] (c) (3d Ed. 2007).) Betta's and the Trustee's failures to seek permission from this Court in connection with the appeal of Betta I, as well as in connection with this interlocutory appeal of Betta II, makes any attempt to alter the October 20, 2006 order during either of these appeals a nullity, and this Court should treat it as such. (*See Ibid.*) Ironically, in a recent colloquy with Betta's counsel in an unrelated proceeding, the bankruptcy court, itself, acknowledged not only the shaky ground on which it attempted to exercise jurisdiction to undo the finality of the Betta I judgment, but also the fact that its original order did, in fact, sever the two cases into separate actions:

> MR. BRINKMAN: And they've had interrogatory responses as part of the arbitration proceeding which was technically still part of this proceeding. They've sent us a gob of new interrogatories—

> THE COURT: It might not be. If the dismissal—if the severance was under Rule 42 instead of 21, I'm not sure it was.

> MR. BRINKMAN: As it stands today, you've made it a Rule 42, and it is all the same case.

> THE COURT: Well, except I'm not sure I've got jurisdiction to do that. I didn't have time to research what the

jurisdiction was when there is an interlocutory appeal, so I
figured—

(Transcript of Hearing on Motion to Compel, Docket No. 218 at 12, courtesy
copy attached to this brief.)

The appeal in Betta I, *taken by Betta and the Trustee*, could only have
been taken from a final judgment. An order that seeks retroactively to undo
the finality of that judgment goes to the heart of the appeal of that judgment.
The bankruptcy court had no jurisdiction to tamper with that judgment.
(*See, e.g., Davis v. United States*, 667 F.2d 822, 824 (9th Cir. 1982); 20
James Wm. Moore, MOORE'S FEDERAL PRACTICE §303.32 [1] & [2] (a) [ii]
(3d Ed. 2007); 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay
Kane, FEDERAL PRACTICE AND PROCEDURE §2856 (2 Ed. 1995).)

Betta and the Trustee suggest that this Court may remand to give the
bankruptcy court the jurisdiction to re-enter its November 5 order.  (Betta's
and the Trustee's Brief at 12.)  However, that will not cure the inherent
substantive defect in the November 5 order, *see* Argument II, *infra*, and it
will not overcome the lack of jurisdiction over the order created by Betta's
and the Trustee's pending appeal of the Betta I judgment before another
judge in this District.

## II.    THE WITHDRAWAL AND REPLACEMENT OF THE OCTOBER 20, 2006 ORDER IS AN ABUSE OF FED R. CIV. P. 60(a).

This Court should also reject Betta's and the Trustee's argument that
the substitution of the October 20, 2006 order with the November 5, 2007
order disposes of this appeal because the substitution is an abuse of Fed. R.
Civ. P. 60(a). Rule 60(a) allows for amendments to orders and judgments to
correct clerical mistakes evident from the record.  (*See* FED. R. CIV. P. 60(a);

*see also In Re Frigitemp Corp.*, 781 F.2d 324, 327 (2nd Cir. 1986 ) (holding that if there was no clear cut evidence from the record that the court intended to grant pre-judgment interest when it ruled on the trustee's claim, it may not be added by correction under rule 60(a)); 12 James Wm. Moore, MOORE'S FEDERAL PRACTICE §60.11 [1] (a) (3d Ed. 2007) (stating that "[r]ule 60 (a) applies when the record indicates that the court intended to do one thing but, by virtue of a clerical mistake or oversight, did another").) The rule does not allow changes that would affect substantive, legal rights of one party. (*Id.* at §60.11 [3].)  It does not allow changes where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because, on second thought, it has decided to exercise its discretion in a different manner. (*See Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987); *see also Matter of West Texas Mktg. Co.,* 12 F.3d 497, 504-05 (5th Cir.) 1994).)

### A. The Record Contains No Evidence That The Bankruptcy Court Made A Clerical Mistake.

Transcription errors and mathematical mistakes are typical "clerical errors," for which Rule 60(a) was intended to provide correction. (12 James Wm. Moore, MOORE'S FEDERAL PRACTICE §60.11 [1] (b) (3d Ed. 2007).) Substantive, legal errors are not correctable under Rule 60(a), and the rule does not allow changes that would affect a substantial, legal right of one party. (*Id.* at §60.11 [3]; *see also Imperial County, California v. Ortho Diagnostic Sys., Inc.*, 348 F.2d 904 (9th Cir. 1965) (comparing the difference between a judgment correctly amended under Rule 60 (a) to change the date from one week to the next and an incorrectly amended judgment that added a parcel of land to the real estate described in the original judgment).)  Even

*In Re Transtexas Gas Corp.*, 303 F.3d 571 (5th Cir. 2002), the sole case
relied upon by Betta and the Trustee in their motion to the bankruptcy court,
(Cross Appellee's Appendix at 3), does not support allowing the bankruptcy
court's proposed replacement of the October 20, 2006 order. In *Transtexas*,
the Fifth Circuit upheld reversal of the bankruptcy court's order setting the
interest rate applicable to the state taxing authority's priority tax claims on
the grounds that that order was not an order correcting clerical mistakes.
(303 F.3d at 582.)

     This record is utterly devoid of evidence that the bankruptcy court
intended to do one thing, but, by virtue of some clerical mistake, did another.
It said it wanted to sever the cases so the two *actions,* not the trials, could
proceed separately. (App. Ex. A at 2.) It warned Betta and the Trustee that
severance of the cases would likely result in Betta I barring Betta II because
both cases arose from the same facts. (App. Ex. B at 14, 15, and 17.) The
only way that could happen is if Betta I ended in a final judgment—the
natural result in a case severed under Rule 21, but not a case separated for
trial under Rule 42. (*See* 4 James Wm. Moore, MOORE'S FEDERAL PRACTICE
§21.06 (3d Ed. 2007) (explaining the differences between Rules 21 and 42).)
The bankruptcy court's order explicitly severed the cases under Rule 21 so
"the actions will proceed separately." (App. Ex. A at 2.) It ultimately
confirmed the Betta I arbitration and entered judgment. (App. App. Exs. C,
D, and E.) Certainly the court would not have entered judgment if it thought
there was just one case with two separate trials under Rule 42. Rule 60(a)
may not be used when the court changes its mind. (*See Blanton v. Anzalone*,
813 F.2d 1574, 1577 (9th Cir. 1987); *see also* 12 James Wm. Moore,
MOORE'S FEDERAL PRACTICE §60.11[3] (3d Ed. 2007).)

Betta and the Trustee rely on a line of cases that offer, by comparison, further reason to reject the bankruptcy court's excessive stretch of Rule 60(a). Arguing that a court's original intent is the ultimate test of whether a court may alter an earlier order under Rule 60(a), Betta and the Trustee cite five cases at page 11 of their brief.  Each of those cases illustrates, by comparison, why Rule 60(a) eludes the bankruptcy court in this case. *Huey v. Teledyne,* 608 F.2d 1234 (9th Cir. 1987) involved amendment of an interlocutory order certifying a class one day after the original order was issued. It held that the amendment was made to correct an oversight in an order entered from the bench. (608 F.2d at p. 1237.) *Jones & Guerrero Co. v. Sealift Pac.,* 650 F.2d 1072 (9th Cir. 1981) held that Rule 60(a) is intended to correct clerical mistakes, oversights, and omissions, citing as examples mathematical errors and correction of parties' names.  (650 F.2d at p. 1074.) *Morris v. Morgan Stanley & Co.,* 942 F.2d 648 (9th Cir. 1991) allowed "clarification" of an order that was clear on its face but was needed to overcome "inartful drafting."  (942 F.2d at p, 655.)  *Robi v. Five Platters, Inc.,* 918 F.2d 1439 (9th Cir. 1990) permitted amendment to include all three labels subject to the infringement suit because it was "clear from the record" that the court did not intend to omit the "Buck Ram" label from the other two labels.  (918 F.2d at p. 1445.)  Unlike all of those cases, the record here makes clear everyone, including the bankruptcy court, intended, at the time of the order and for months thereafter, that the cases be severed under Rule 21 and that the ensuing judgment be final.

The fifth case cited by Betta and the Trustee, *Blanton v. Anzalone,* 813 F.2d 1574 (9th Cir. 1987), if not the seminal case on Rule 60(a) in the Ninth Circuit, is a leading case on the meaning and application of the Rule in this Circuit. *Blanton* distinguished between what types of changes could be

made under Rule 60(a) and what types were not allowed. In *Blanton,* the Ninth Circuit permitted the District Court to amend the judgment under Rule 60(a) to add post-judgment interest but refused to permit the district court to amend the judgment to add pre-judgment interest to the award. It drew that line, of course, because pre-judgment interest is a substantive issue and post-judgment interest invokes a ministerial function. The Court then added some sage advice in distinguishing between "clerical mistakes," which may be corrected under Rule 60(a), and substantive mistakes that the court may not correct after the fact. "[T]he former consist of 'blunders in execution' whereas the latter consist of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way is was exercised in the original determination." (*Id.* at p. 1577, n.2.)

In this case, we have not only all of the bankruptcy court's contemporaneous statements consistent with a Rule 21 severance, but also the court entering final judgment on the severed case, and thereafter, Betta and the Trustee, knowing that the Betta I judgment was final, appealing it. (App. Ex. F.)

What could be more pellucidly unclerical, unministerial, and substantive than the following events before, during, and after the issuance of the bankruptcy court's severance order: (1) the court states that it wants to sever Betta I and Betta II so they may proceed separately; (2) the court states that entry of that order will likely raise *res judicata* issues; (3) the court asks Betta's and the Trustee's lawyer to draft the severance order; (4) Betta's and the Trustee's lawyer drafts that order under the only rule that speaks to severance—Rule 21; (5) the court signs that order; (6) the cases proceed

separately, and an award is entered in favor of DSS in the Betta I arbitration; (6) DSS moves to confirm and Betta and the Trustee to vacate that award; (7) the court confirms the award; (8) the court enters judgment on the award; (9) DSS does not even attempt to ask the court to certify the judgment under Rule 54, because, of course, as everyone knows, the cases have been severed under Rule 21; and (10) Betta and the Trustee, knowing that the judgment is final, appeal that judgment?

There is absolutely nothing in the record indicating an intention or an understanding by anyone, including Betta and the Trustee, contrary to what the October 20, 2006 order says on its face: that the cases were severed under Rule 21, on an order drafted by Betta and the Trustee, according to the bankruptcy court's instructions, and proceeded thereafter as two distinct cases, resulting in a final judgment in Betta I from which Betta and the Trustee appealed.

### B.    DSS Will Suffer Irreparable Harm If The Betta I Judgment Is Erased.

Betta and the Trustee argue that they will suffer if the Betta I judgment is treated as final because then collateral estoppel will prevent their re-trying the same issues already decided in the arbitration. (Betta and the Trustee's Brief at 15.)  First, that conclusion predicts the loss of their appeal.  Second, that is a result of their own making.  And, third, that is what collateral estoppel is supposed to do—prevent trying the same issues twice. The harm done to DSS if the Betta I judgment is erased far outweighs any harm to Betta and the Trustee if the cases proceed as the bankruptcy court and Betta and the Trustee, without any assistance from DSS, designed them to proceed.

The rights contained in an arbitration agreement to a swift, inexpensive resolution by experts in the field, chosen by the parties should not be denied except under the most extraordinary circumstances. (*Sendco, Inc. v. Petroleos Mexicanos Mexican Nat. Oil Co.,* 767 F.2d 1140, 1145 (5th Cir. 1985) (citations omitted).) The policy favoring arbitration requires that courts rigorously enforce agreements to arbitrate. (*See Shearson/American Exp., Inc. v. McMahon*, 482 U.S. 220, 226 (1987); *see also Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 988 (9th Cir. 2003) (holding choice of sophisticated parties to arbitrate disputes should be protected).)

DSS and Betta chose to avail themselves of that policy and to exercise that right when they contracted to resolve their disputes by arbitration. They spent months and substantial resources conducting discovery and engaging in pre-hearing motion practice. They jointly chose a panel of expert arbitrators to try the case. That panel issued an award in DSS' favor on all of the claims in the arbitration together with the costs of that arbitration, (Arbitration Award [Bankruptcy Court Docket No. 160, Ex. K]), and the bankruptcy court confirmed that award, (App. Exs. C and D), entered judgment in DSS' favor, (App. Ex. E), and then reaffirmed what it had stated on a number of occasions,[2] and Betta and the Trustee have admitted,[3] that the issues in Betta I and Betta II are identical. (App. Ex. H at 3.) Thus, Betta I should dispose of Betta II on collateral estoppel grounds. (*See Ibid.*)

However, Betta and the Trustee are seeking to deny DSS the benefit of the Betta I judgment and of the arbitration process itself by convincing

---

[2]  App. Ex. B; *see also* Bankruptcy Court Docket No. 160, Ex. V at 2.
[3]  Bankruptcy Court Docket No. 160, Exs. S at 4-10 and T at 5-6.

this Court to treat Betta I and Betta II as separate trials under Rule 42. That can lead to only one of two results. The bankruptcy court can come to the same conclusion in Betta II as the arbitration panel did in Betta I and enter a ruling consistent with the judgment in Betta I. If it does that, Betta II will have been a total waste of the court's and parties' time and money, a result the arbitration agreement was specifically intended to prevent. (*See Schoenduve Corp. v. Lucent Tech., Inc.*, 442 F.3d 727, 731 (9th Cir. 2006) (observing that arbitration is intended to provide "simplicity, informality, and expedition"), see also, *Fizer v. Safeway Stores, Inc.*, 586 F.2d 182, 183 (10th Cir. 1978).)

Alternatively, the bankruptcy court can reach a different conclusion and enter a ruling inconsistent with the arbitration panel on issues, which, as the bankruptcy court has already said on numerous occasions, are identical. (*See* fn. 2 and 3, *supra*.) That would not only deny DSS the judgment it has earned, but it would also deny DSS the right it contracted for, to have its disputes with Betta arbitrated. Either result will thwart the very purpose of the arbitration agreement between DSS and Betta. (*See Schoenduve and Fizer; see also, Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp*, 460 U.S. 1, 23 (1983).) Once the arbitration award judgment was entered, its finality should not be upset except in most unusual circumstances. (*See Fizer, supra,* 586 F.2d at 183.)

If this Court allows the November 5, 2007 order to stand, and the bankruptcy court uses it to undue retroactively the finality of the arbitration award, DSS will not only be denied the judgment it was awarded months ago. It will also be denied the time, effort, and money it spent in the Betta I arbitration, and in opposing Betta's and the Trustee's appeal of the Betta I judgment, as well as the preclusive effect of that judgment. Replacing the

October 20, 2006 order with the November 5, 2007 order is not an act of mere clerical proportions but one that effectively denies DSS its substantive, legal rights. This Court should not allow it. (*See Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 988 (9th Cir. 2003); *see also, Imperial County, California v. Ortho Diagnostic Sys., Inc.*, 348 F.2d 904 (9th Cir. 1965); *In re Sizzler Restaurants Int'l, Inc.* 262 B.R. 811, 823-24 (D.C. Cal. 2001); *Mayes v. Fujimoto*, 181 F.R.D. 453 (D.C. Haw. 1998), aff'd. 173 F.3d 861 (9th Cir. 1999); *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845-46 (3d Cir. 2006); *In Re Transtexas Gas Corp.*, 303 F.3d 571, 582 (5th Cir. 2002); and 12 James Wm. Moore, MOORE'S FEDERAL PRACTICE §60.11 [3] (3d Ed. 2007).)

The Third Circuit in *DirecTV, Inc., v. Leto*, 467 F.3d 842, 845-46 (3d Cir. 2006) faced almost identical circumstances as this Court faces here. The District Court had severed the cases and ordered them to proceed separately, but later interpreted its order as one dropping and dismissing a claim instead of severing it. The Court of Appeals acknowledged that appellate courts normally give deference to lower courts' interpretations of their own orders, but where the plain language of the order said the present case "shall proceed as a separate action," the order was a severance and not a drop and dismissal. This case is even more compelling for such treatment. Here, the bankruptcy court not only ordered the cases to proceed separately but specifically invoked Rule 21 in its severance order so the cases could proceed separately. Further, it did nothing to evidence an intent merely to separate the trials under Rule 42. This Court should prohibit it from changing its mind and doing so now. (*See Ibid.; see also Kyocera*, 341 F.3d at 988 and *Fizer*, 586 F.2d at 182.)

## CONCLUSION

The bankruptcy court said it wanted to sever the cases; it warned Betta and the Trustee that severance would raise *res judicata* issues; it asked Betta's lawyers to draft the order; Betta's lawyers drafted the order; and the court signed it. Several months later, the court entered a final judgment on the severed case, and Betta and the Trustee appealed from that final judgment. There was no clerical mistake. Therefore, DSS respectively requests that the Court reverse the Bankruptcy Court's August 15, 2007 Memorandum Decision denying DSS' motion that the Betta II claims be dismissed.

Dated:  January 7, 2008.         _____/S/ Mitchell B Greenberg_____
                                    ABBEY, WEITZENBERG, WARREN
                                        & EMERY
                                    Richard W. Abbey, Esq., State Bar 53039
                                    Mitchell B. Greenberg, Esq., Bar 114878
                                    100 Stony Point Road, Suite 200
                                    Santa Rosa, CA  95402-1566
                                    Telephone:  707-542-5050
                                    Facsimile:  707-542-2589

                                    HAGERTY JOHNSON & BEITZ P.A.
                                    James A. Beitz, Minn. Atty. Id. No. 6233
                                    701 Fourth Avenue, South, Suite 700
                                    Minneapolis, Minnesota  55415
                                    Telephone:  (612) 349-9000
                                    *(Appearing Pro Hac Vice)*
                                    Attorneys for Defendant—Appellant

## FED. R. APP. PRO. 32(a)(7)(C)
## CERTIFICATE OF COMPLIANCE

This Reply Brief was prepared using Microsoft Word for Windows 2002 (10.2627.2625), and it contains 4,062 words of text, in 361 lines on 14 pages, using 14 point Times New Roman font.

Dated:  January 7, 2008.         _____/s/ James Anton Beitz_____