UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

U.S. District Court Case Number CV 07-04825 WHA
U.S. Bankruptcy Court, Northern District of California; Honorable Alan
Jaroslovsky - Bankruptcy Case Number 03-10925
Adversary Case Number 05-01046

In re BETTA PRODUCTS, INC.

*Debtor*

---

BETTA PRODUCTS, INC., AND DANA MC CURNIN, TRUSTEE OF THE
BETTA PRODUCTS LITIGATION TRUST,

*Plaintiffs, Appellees and Cross-Appellants*

vs.

DISTRIBUTION SYSTEMS AND SERVICES, INC. (aka DSS),

*Defendant, Appellant and Cross-Appellee*

---

CROSS-APPELLANTS' REPLY BRIEF

---

BRINKMAN PORTILLO, PC
Daren R. Brinkman (State Bar No. 158698)
Laura J. Portillo (State Bar No.186813)
4333 Park Terrace Dr., Suite 205
Westlake Village, Ca 91361
Ph: (818) 597-2992; Fax: (818) 597-2992

i

## CORPORATE DISCLOSURE STATEMENT

Betta Products, Inc. is a California corporation. Dana McCurnin is an individual residing in the State of California and serving as trustee for the Betta Products Litigation Trust. The bankruptcy First Amended Plan of Reorganization was confirmed on May 17, 2004. See Bankruptcy Case No. 03-10925.

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................. 1

II.  ARGUMENT ........................................................................................................ 2

    A.   The Issues Associated With Establishing A Breach Of The Warehouse Agreement Are Threshold Issues Which Impose Upon the Betta Parties an Additional Burden of Proof Not Present in the Amended Claims ........................................................... 2

    B.   Betta And The Trustee Have Not Conceded That The Issues Associated With the Amended Complaint Are Identical to the Issues Involved in the Arbitration .............................................. 4

        1.   Plaintiffs Have Not Made Judicial Admissions ......................... 4

        2.   The Issue of the Law of the Case May Not Be Raised on Appeal ............................................................................................ 5

    C.   The Arbitration Award Was Not Decided On The Merits Because No Evidence Was Presented Regarding The Claimants' Claims ................................................................................ 5

    D.   The Arbitration Panel's Findings Are Not Sufficiently Specific To Determine Whether The Panel Found That DSS Failed To Return Any Of Goods Belonging To Betta Or Wells Fargo ................................................................................................. 7

III. CONCLUSION ..................................................................................................... 8

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Liberty Mut. Ins. v. EEOC*,

    691 F.2d 438 (9th Cir.1982) ................................................................................ 5

*U.S. Aluminum Corp./Texas v. Alumax, Inc.*,

    831 F.2d 878, 879-880 (9th Cir. 1987) ................................................................ 2

*United States v. Cote*,

    51 F.3d 178 (9th Cir.1995) .................................................................................. 5

*United States v. Lummi Indian Tribe*,

    235 F.3d 443 (9th Cir.2000) ................................................................................ 5

## STATE CASES

*State v. Wagner*,

    637 N.W.2d 330 (Minn.App. 2001) .................................................................... 3

# I. INTRODUCTION

Despite the blatantly false statements in Appellant's Reply Brief to the contrary, Betta Products, Inc. and the Betta Products Litigation Trust ("Betta Parties") continue to maintain that the Bankruptcy Court properly found that Arbitration Award and the Bankruptcy Court's Judgment Confirming the Arbitration Award are not final for purposes of collateral estoppel.[1] However, for the reasons stated in the Cross-Appellants' Opening Brief, the Bankruptcy Court erred when it found that the other elements of issue preclusion were met in this case. DSS attempts to refute this conclusion through various improper and false arguments. However, DSS's arguments must fail on the grounds that:

1. The issues associated with establishing a breach of the warehouse agreement are threshold issues which impose upon the Betta Parties an additional burden of proof not present in the Betta Parties' Amended Claims.

2. The Betta Parties have not conceded that the issues associated with the Amended Claims are identical to the issues in the Arbitration.

---

[1] DSS also asserts that in the Motion of Betta Products, Inc. and Dana McCurnin to Amend Court's Order Granting Plaintiffs' Motion for: 1) Modification of the Stay Pending Arbitration; 2) Leave to Amend the Complaint (Adv. No 05-01046, Docket No. 207) ("Motion") Betta Parties misrepresented the fact that Plaintiffs dismissed the appeal of the Bankruptcy Court's Order Confirming the Arbitration Award. This Motion does state that Plaintiffs dismissed the appeal; however, this statement was the result of an innocent mistake. The Motion was drafted by a paralegal that was new to the firm at that time and did not have a complete understanding of the all of the events. Although the Betta Parties did file a motion for voluntary dismissal of the appeal, the District Court did not dismiss the appeal but stayed the appeal instead (See Case No. CV 07-026661 VRW, Docket No. 18).

3.  The Arbitration Award was not based upon the merits because no evidence was presented regarding the Betta Parties' Claims.

4.  The Arbitration Panel's findings are not sufficiently specific to determine whether the Panel found that DSS failed to return goods belonging to Betta Products, Inc. or Wells Fargo.

## II.  ARGUMENT

### A.  The Issues Associated With Establishing A Breach Of The Warehouse Agreement Are Threshold Issues Which Impose Upon the Betta Parties an Additional Burden of Proof Not Present in the Amended Claims

DSS does not dispute that the rule of law in the Ninth Circuit is that collateral estoppel does not apply to an issue litigated in the previous action where the burden of proof is different from that in the subsequent action. See *U.S. Aluminum Corp./Texas v. Alumax, Inc.*, 831 F.2d 878, 879-880 (9th Cir. 1987). Instead, DSS improperly argues that Section 5 of the warehouse agreement entitled "Risk of Loss" does not impose a burden of proof upon the Betta Parties. Section 5(a) states, in pertinent part, that:

> Except as provided in Section 5(b) below, if more than one half (1/2) of one percent (1%) of the Products received by DSS during any three month quarter during the Agreement term are lost, stolen and/or damaged, then DSS agrees to reimburse Supplier for the value of the Products in excess of this amount on the following terms… (ii) For the purpose of calculating the value of products which are lost, stolen and/or damaged, Supplied shall use the acquisition cost… of each Product. If loss or damage is in excess of 5% of warehoused goods, DSS

      will be responsible for cost of goods so lost, stolen or damaged at dealer net.

Appellees' and Cross-Appellant's Appendix, Exhibit 3, at BPI 0062.

Under the contract, DSS is only responsible for lost, stolen or damaged goods if Betta can prove these threshold requirements. These requirements clearly impose a burden of proof on the Betta Parties which is not present in the claims asserted in the Amended Complaint. None of the Betta Parties' tort claims impose such a burden or set of issues on the Betta Parties. Similarly, Minnesota law appears to be in agreement with the Ninth Circuit rule, although it reaches this conclusion on a case-by-case basis upon an evaluation of whether the application of collateral estoppel is equitable. *See State v. Wagner*, 637 N.W.2d 330 (Minn.App. 2001)(holding that because the implied-consent proceeding is civil, presumptions, burdens of proof, and evidentiary rules are different from a criminal proceeding. It would be fundamentally unfair to bind a defendant in a criminal proceeding to rulings based on an earlier civil hearing with lower standards.)

    Here, the requirements set forth in Section 5 of the warehouse agreement are not a limitation of damages but impose upon the Betta Parties a different burden, in fact, a more stringent burden of proof in order to state a claim. Inherent in this added burden is a set of more particularized issues than are involved with the claims in the Amended Complaint. It is inequitable to apply collateral estoppel in this case given the lesser burden involved with the amended claims. This is

especially the case since the Betta Parties clearly communicated that they were withdrawing their claims from the arbitration, the Arbitration Panel held the hearing without the Betta Parties anyway and the arbitration award does identify with specificity the issues that were decided.

**B.  Betta And The Trustee Have Not Conceded That The Issues Associated With the Amended Complaint Are Identical to the Issues Involved in the Arbitration**

**1. Plaintiffs Have Not Made Judicial Admissions**

DSS contends that Betta and the Trustee have made judicial admissions that the issues in the Arbitration are identical to the issues in the Amended Complaint. This contention is absolutely false. In support of their false argument DSS cites to language in the Plaintiffs' Motion to Strike DSS Jury Demand ("Motion to Strike") which asserts that the facts were the same between the original complaint and the amended complaint and that causes of action in the Amended Complaint were either included in or encompassed within original complaint. Plaintiffs do not contend in the Motion to Strike that the issues involving the arbitrable breach of contract claims are identical to the issues regarding the tort and implied contract claims in the Amended Complaint. Whether or not the issues were identical was not an issue for purposes of striking the jury demand. Moreover, although the same facts may be a factor to consider, they do not necessarily mean that the issues between the different causes of action are identical.

## 2. The Issue of the Law of the Case May Not Be Raised on Appeal

DSS also argues that the "law of the case" doctrine mandates application of collateral estoppel. The Bankruptcy Court already rejected this argument through its Memorandum on Motion to Dismiss and Related Motions and Cross-Motions. This law of the case doctrine was also not part of the issues raised on appeal. Even if the court were to find that the DSS is not precluded from raising the doctrine, it does not apply in this case for many of the same reason discussed below that collateral estoppel does not apply; the issues are not identical and it is unclear as to which specific issues were actually considered and decided by the panel of arbitrators. *See United States v. Lummi Indian Tribe,* 235 F.3d 443, 452 (9th Cir.2000) (quoting *Liberty Mut. Ins. v. EEOC,* 691 F.2d 438, 441 (9th Cir.1982)); *United States v. Cote,* 51 F.3d 178 (9th Cir.1995) ("[T]he law of the case acts as a bar only when the issue in question was actually considered and decided by the first court.").

## C. The Arbitration Award Was Not Decided On The Merits Because No Evidence Was Presented Regarding The Claimants' Claims

The Arbitration Award was based upon the merits. The Betta Parties were not present and provided no evidence in support of their claims. Betta Products, Inc. is bankrupt entity and did not have the financial resources to proceed with an expensive arbitration where they had attempted to dismiss all their claims, nor did the Betta Products Litigation Trust have the resources to proceed. It simply made

no sense to proceed with an expensive arbitration hearing when the claims in the Amended Complaint, which provide a lesser burden on Plaintiffs and greater remedies, were also set for a hearing in the case. As a result, the Betta Parties communicated to DSS and the panel of arbitrators that they were withdrawing their claims from the Arbitration. The fact that DSS and the panel of arbitrators held a hearing without any evidence from the Plaintiffs does convert the one-sided opinion into a decision on the merits.

DSS also wrongfully contends that the Arbitration Awards was final and on the merits. The Bankruptcy Court has already held that the award of the Arbitration Panel is not final. Appellant's Appendix, Exhibit "H", p.3, ln.12-15. The Bankruptcy Court also removed any doubts regarding the intention of its ruling at the hearing October 9, 2006 by clarifying its order on October 20, 2006 ("2006 Order") through the November 5, 2007 order ("2007 Order"). Appellees' and Cross-Appellant's Appendix, Exhibit 10. Even if this Court were to find that the Bankruptcy Court did not have jurisdiction to clarify the 2006 Order, this Court can and should deem the 2006 Order corrected in accordance with the 2007 Order or, in the alternative, should remand the case to the Bankruptcy Court to allow it to correct the 2006 Order.

///

///

D.  **The Arbitration Panel's Findings Are Not Sufficiently Specific To Determine Whether The Panel Found That DSS Failed To Return Any Of Goods Belonging To Betta Or Wells Fargo**

The Arbitration Panel's findings appear in a single sentence in the 6 pages of Arbitration Award. The Arbitration Award states that:

> [T]he Panel is satisfied that there are is no credible evidence in the arbitration record sufficient to establish any of the breaches of contract alleged in Claimant's Specification of Claims and that nothing in the entire arbitration record creates any reason for the Panel to believe that, had Claimants elected to appear at the final hearing, they would have been able to establish any of such alleged breaches of contract by a preponderance of evidence.

The Panel's use of the phrase "breaches of contract" is not sufficiently specific to determine whether DSS failed to return any of the goods belonging to Betta Products, Inc. or Wells Fargo. This is a key issue with respect to the Betta Parties' claim in the Amended Complaint that DSS converted the goods. DSS argues that the Panel's foregoing language automatically constitutes a finding against Plaintiffs on any and every issue alleged in the Amended Complaint. However, it is also reasonable to believe that the Panel's finding is that there were no breaches of contract because the evidence did not support a finding that more than one half (1/2) of one percent (1%) of the Products received by DSS during any three month quarter during the Agreement term were lost, stolen and/or damaged. As discussed above, this is a burden of proof that is imposed by the warehouse agreement and is not part of the Betta Parties' claims in the Amended Complaint. Given the

7

Arbitration Panel's lack of specificity, it would be unfair to apply collateral estoppel under the circumstances.

### III. CONCLUSION

For the reasons stated in Cross-Appellant's Opening Brief and further supported herein, the Bankruptcy Court clearly erred when it found that elements of issue preclusion (other than a final judgment) were met. Accordingly, the Betta Parties respectfully request that this Court reverse the Bankruptcy Court's findings.

January 17, 2007

BRINKMAN PORTILLO, PC

_____
Laura J. Portillo
Attorneys Betta Products, Inc. and
Dana McCurnin, Trustee of the Betta
Products Litigation Trust

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of <u>Fed. R. App. P. 32(a)(7)(B)</u> because this brief was prepared using Microsoft Office Word 2003 processing software in 14 point Times New Roman font (11.6568.6568) and contains 1,919 words of text and 168 lines.

Dated:  January 17, 2007

BRINKMAN PORTILLO, PC

_____
Laura J. Portillo
Attorneys for Betta Products, Inc. and
Dana McCurnin, Trustee of the Betta
Products Litigation Trust

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

The undersigned certifies and declares as follows:

I am employed in the City of Westlake Village and County of Los Angeles, in the State of California. I am over the age of 18 and not a party to the within action. I am employed by Brinkman Portillo, P.C. whose business address is 4333 Park Terrace Drive, Suite 205, Westlake Village, California 91361.

On **January 17, 2008**, I served the following documents described as:

**CROSS-APPELLANTS' REPLY BRIEF**

on the interested parties in this action
[X] by placing [X] the original [ ] a true copy thereof enclosed in sealed envelopes addressed as follows:

| [X] **BY OVERNITE EXPRESS** | [X] **U.S. MAIL** |
|---|---|
| Mitchell Greenberg<br>Abbey, Weitzberg, Warren, & Emery<br>100 Stony Point Rd. #200<br>P.O.Box 1566<br>Santa Rosa, CA. 95401 | James A. Beitz<br>Hagerty Johnson & Beitz, PA<br>701 Fourth Avenue South, Ste 700<br>Minneapolis, MN 55415 |

[X] I deposited such envelope in a United States Postal Service drop box at Westlake Village, California. The envelope was mailed with postage thereon fully prepaid.

[X] I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with a United States Postal Service drop box on that same day with postage thereon fully prepaid at Westlake Village, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit of mailing in affidavit.

[X] (**Federal**) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **January 17, 2007**, at Westlake Village, California.

Kevin Ronk